UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION, et al.    :

                    :

             Plaintiffs,      :

      -against-             :

                    :

DEPARTMENT OF DEFENSE, et al.,    :

                    :

             Defendants.     :
-----------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/04

**OPINION AND ORDER**

04 Civ. 4151 (AKH)

        Ours is a government of laws, laws duly promulgated and laws duly observed. No one is above the law: not the executive, not the Congress, and not the judiciary. See e.g., Youngstown Sheet and Tube, et al. v. Sawyer, 343 U.S. 579 (1952). One of our laws is the Freedom of Information Act (FOIA). That law, no less than any other, must be duly observed.

        Plaintiffs complain that this law has not been observed. On October 7, 2003, over eleven months ago, plaintiffs duly filed a FOIA request seeking information regarding "(1) the treatment of Detainees; (2) the deaths of Detainees while in United States custody; and (3) the rendition of Detainees and other individuals to countries known to employ torture or illegal interrogation methods" since September 11, 2001. Pls' Brief at 4. Plaintiffs requested documents relating to these issues from the Department of Defense (DOD) and its components, the Department of the Army, the Department of the Navy, the Department of Air Force, and the Defense Intelligence Agency; from the Department of Justice (DOJ) and its components, the Civil Rights Division, the Criminal Division, the Federal Bureau of Investigation, the Office of Information and Privacy, and the Office of Intelligence Policy and Review; from the Department of State (DOS); and from the Central Intelligence Agency (CIA). On December 13, 2003, plaintiffs sent the same request to the Department of Homeland Security (DHS). On May 25, 2004, plaintiffs

submitted a second request, seeking updated information and referring to specific documents that had been described and quoted by the media, presumably after having been leaked, but that were not produced to plaintiffs and remained unavailable to the public. Expedited processing was granted by the agency components of DOJ in regard to plaintiffs' May 25 request, and denied by DOD and CIA.

As of today, eleven months later, with small exception, no documents have been produced by defendant; no documents have been identified; no exemptions have been claimed; and no objections have been stated.

Plaintiffs filed suit July 2, 2004 to obtain compliance. The parties came before me August 12, 2004 for argument on plaintiffs' preliminary injunction motion. At argument, plaintiffs withdrew their motion as to the Civil Rights Division of the DOJ and as to DHS; both agencies had responded fully to plaintiffs request. The government suggested that because all other defendant agencies were responding "as soon as practicable," the issue before me was moot and that the court lacked jurisdictional capacity to intervene. See Aug. 12, 2004 Tr. at 5-9. I held that jurisdiction was proper under 5 U.S.C. § 552(a)(6)(E)(iii) ("failure by an agency to respond in a timely manner to [an expedited] request shall be subject to judicial review") and § 552(a)(4)(B) ("the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld"), and I found that the government had failed to respond properly to plaintiffs' request. I ordered that plaintiffs serve a list of documents that had been identified in the media, or to Congress, or others by August 16; that defendants produce such documents, or a log identifying each and a specific claim of exemption by

August 23; and that the parties to agree a schedule by August 30, 2004 for prompt production, or claim of exemption, with respect to the balance of plaintiffs' FOIA demands.

Defendants made scant production, and the parties were unable to agree to a schedule. The parties appeared before me on September 10, 2004 for oral argument on how to proceed.

Defendants propose responding to plaintiffs' requests on a rolling basis, concluding sometime next year. Defendants argue that more timely production is not feasible as many responsive documents are classified and require line-by-line examinations to ensure protection and proper exemption status. According to the government, it may be unable to confirm or deny the existence of certain requested documents because of their security classifications. The government argues further that defendant agencies have insufficient resources to process more quickly the volume of requested documents, represented to be between 17,000 and 20,000 pages. Needless to say, plaintiffs, commenting on the long delays they already had experienced and the law's command for prompt disclosure, propose a more expeditious schedule, ending in early October, 2004.

FOIA requires the executive, in response to duly made demands, promptly to produce requested documents, or to provide justification why the documents may be exempt from production. 5 U.S.C. § 552 (2004). "Each agency, upon any request for records . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . .." 5 U.S.C. § 552(a)(6)(A)(i). Courts have, however, recognized the difficulties in processing all FOIA requests within 20 days, and have permitted the executive to

process requests on a first-in, first-out basis.  See Open America, et al. v. Watergate Special

Prosecution Force, et al., 547 F.2d 605, 616 (D.C. Cir. 1976).  In 1996, Congress amended FOIA

requiring agencies to provide for expedited processing of requests for records in certain cases.  5

U.S.C. § 552(a)(6)(E)(i).   While it would appear that expedited processing would necessarily

require compliance in fewer than 20 days, Congress provided that the executive was to "process as

soon as practicable" any expedited request.  5 U.S.C. § 552 (a)(6)(E)(iii).

Congress enacted FOIA to illuminate government activities.  The law was intended

to provide a means of accountability, to allow Americans to know what their government is doing.

Halpern v. FBI, 181 F.3d 279, 284-85 (2d Cir. 1999).  In enacting FOIA, Congress "emphasize[d] a

preference for the fullest possible agency disclosure of . . . information consistent with a

responsible balancing of competing concerns . . .."  Id. at 284.  One such competing concern is

national security.  See 5 U.S.C. §552 (b)(1) (exempting matters that are "established by an

Executive order to be kept secret in the interest of national defense or foreign policy and . . . are in

fact properly classified pursuant to such Executive order").  In amending FOIA, Congress evinced

an increasing concern over the timeliness of disclosure, recognizing that delay in complying with

FOIA requests may be "tantamount to denial."  H. Rep. No. 876, 93d Cong., 2d Sess., reprinted in

1974 U.S. Code Cong. & Admin. News, 6267, 6271.

It is the duty of the court to uphold FOIA by striking a proper balance between

plaintiffs' right to receive information on government activity in a timely manner and the

government's contention that national security concerns prevent timely disclosure or identification.

See Ferguson v. FBI, 722 F. Supp. 1137, 1140, 1145 (S.D.N.Y. 1989) (requiring production of

documents related to covert investigations of political activists within 85 days and logs of

4

exemptions (Vaughn indices)[1] 32 days thereafter); Ettlinger v. FBI, 596 F. Supp. 867, 878-79 (D. Mass. 1984) (ordering production of documents relating to the head of the New Hampshire communist party and a Vaughn index within sixty days); Natural Resources Defense Council v. Dept. of Energy, 191 F. Supp. 2d 41, 42 (D.D.C. 2002) (requiring production of documents relating to the Vice President's Energy Task Force within one month and a second wave within three weeks).

The government raises important issues of national security in regard to the documents plaintiffs have requested. Documents that have been classified as matters of national defense or foreign policy may be exempt from FOIA. 5 U.S.C. § 552 (b)(1). However, before it can be determined if documents requested by plaintiffs fall under such exemptions, the documents must first be identified, by some form of log, to enable a specific claim of exemption to be asserted and justified. As to documents the existence of which the government contends it may be unable to confirm or deny, procedures can be established to identify such documents in camera or to a special master with proper clearance. See In re United States Department of Defense, 848 F.2d 232, 235-39 (D.C. Cir. 1988) (discussing procedures available to district court judges in examining highly sensitive classified materials claimed to be exempt from FOIA). Merely raising national security concerns can not justify unlimited delay.

The information plaintiffs have requested are matters of significant public interest. Yet, the glacial pace at which defendant agencies have been responding to plaintiffs' requests shows an indifference to the commands of FOIA, and fails to afford accountability of government

---

[1] See Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973) (outlining a system of itemizing and indexing to support specific claims of exemptions as to particular portions of the document).

that the act requires. If the documents are more of an embarrassment than a secret, the public should know of our government's treatment of individuals captured and held abroad. "[H]istory and common sense teach us that an unchecked system of detention carries the potential to become a means for oppression and abuse . . .." Hamdi v. Rumsfeld, 124 S. Ct. 2633, 2647 (2004); see also United States v. Robel, 389 U.S. 258, 264 (1967) ("Implicit in the term 'national defense' is the notion of defending those values and ideals which set this Nation apart."). We are a nation that strives to value the dignity of all humanity.

Many of the documents in question have been produced to others, they are known to exist, and degrees of classification have been determined for many of them. Nearly one year has passed since the documents were first requested. To permit further delays in disclosure or providing justification for not disclosing would subvert the intent of FOIA. See Ettlinger v. FBI, 596 F. Supp. 867, 879 (D. Mass. 1984).

I order that by October 15, 2004 defendants must produce or identify all responsive documents. Identification of documents that are not produced shall include: author; addressee; date; and subject matter. Documents that cannot be identified to plaintiffs because of their classified status shall be identified in camera on a log produced to the court, providing the document's classification status and justification thereof. Defendants shall provide the relation of all documents produced or identified to plaintiffs' specific request. Also by October 15, 2004, defendants shall provide plaintiffs with a declaration, as specified in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), stating justification for non-production of documents itemized in plaintiffs' August 16, 2004 request.

This schedule provides a reasonable time for the government to respond to plaintiffs' requests. Many defendant agencies have indicated an ability to comply fully with plaintiffs' requests in far less time. Should the government find that it is unable, for good and specific reasons, to comply fully with the ordered schedule, ongoing production of responsive documents as earlier promised by the government will be taken as an indication of good faith, and will be considered in relation to any request for a further enlargement by the government.

The parties shall appear on October 25, 2004 for a status conference, at which a briefing schedule for partial summary judgment shall be set on documents responsive to plaintiffs' August 16, 2004 request but claimed to be exempt.

SO ORDERED.

Dated:     New York, New York
           September 15, 2004

                                    ALVIN K. HELLERSTEIN
                                    United States District Judge

7