UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES UNION,
CENTER FOR CONSTITUTIONAL RIGHTS,
PHYSICIANS FOR HUMAN RIGHTS,
VETERANS FOR COMMON SENSE, and
VETERANS FOR PEACE,

      Plaintiffs,

v.

DEPARTMENT OF DEFENSE, AND ITS
COMPONENTS DEPARTMENT OF ARMY,
DEPARMENT OF NAVY, DEPARTMENT OF
AIR FORCE, DEFENSE INTELLIGENCE
AGENCY; DEPARTMENT OF HOMELAND
SECURITY; DEPARMENT OF JUSTICE,
AND ITS COMPONENTS CIVIL RIGHTS
DIVISION, CRIMINAL DIVISION,
OFFICE OF INFORMATION AND PRIVACY,
OFFICE OF INTELLIGENCE POLICY AND
REVIEW, FEDERAL BUREAU OF
INVESTIGATION; DEPARTMENT OF STATE;
and CENTRAL INTELLIGENCE AGENCY,

      Defendants.

04 Civ. 4151 (AKH)

---

### DECLARATION OF MONA B. ALDERSON
### ASSISTANT INSPECTOR GENERAL FOR INVESTIGATIONS
### CENTRAL INTELLIGENCE AGENCY

I, MONA B. ALDERSON, hereby declare and say:

1. I am the Assistant Inspector General for Investigations of the Office of Inspector General (OIG) of the Central Intelligence Agency (CIA). As Assistant Inspector General for Investigations, I oversee the

Investigations Staff of OIG. I have held this position since July 2002 and have been employed by the CIA for over thirteen years.

2. The CIA Inspector General (IG) is appointed by the President, by and with the advice and consent of the Senate in accordance with Section 17 of the CIA Act of 1949, 50 U.S.C. § 403q. The IG reports directly to and is under the general supervision of the Director of Central Intelligence. The IG serves as head of OIG, whose mission is to initiate and conduct independently audits, inspections, and investigations relating to CIA programs and operations; promote economy, efficiency, and effectiveness in the administration of such programs and operations; and detect fraud and abuse in such programs and operations. The Investigations Staff is responsible for, among other things, investigating complaints or information from any person concerning the existence of any activity constituting a violation of law, rules, or regulations, or mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to the public health and safety.

3. Through the exercise of my official duties, I am familiar with this civil action. I make the following

statements based upon my personal knowledge and information made available to me in my official capacity.

4. The purpose of this declaration is to support CIA's motion for a stay of proceedings and for limited relief from the Court's 15 September 2004 Opinion and Order with regard to documents located in OIG that potentially may be responsive to Plaintiffs' 25 May 2004 Freedom of Information Act (FOIA) request. I have determined that communicating the specific subject matter of the OIG investigation of allegations of impropriety in Iraq[1]--before the investigation is complete--to the CIA components responsible for responding to Plaintiffs' FOIA request would interfere with the integrity of the investigation. This declaration supplements the 15 October 2004 declaration of Scott A. Koch, Information and Privacy Coordinator, CIA.

INTERFERENCE WITH THE INTEGRITY OF THE INVESTIGATION

Operational Files

5. By 11 May 2004, OIG commenced a criminal investigation of allegations of impropriety in Iraq. This

---

[1] Although the Iraq investigation is referred to in the singular, there may be several investigations that are related to or grow out of the general Iraq investigation. Moreover, OIG is also conducting other criminal investigations that are responsive to the FOIA request. In addition, there may be other OIG investigations the existence of which can neither be confirmed nor denied in accordance with FOIA exclusion (c)(1). 5 U.S.C. § 552(c)(1).

3

investigation is ongoing. As part of the investigation, OIG is inquiring into the conduct of CIA components and personnel.

6. As with all such broad investigations, the scope of the Iraq investigation will change over time as OIG gathers information. Sometimes, the scope of an investigation expands as new information points to additional programs, operations, or persons as subjects of inquiry. Other times, the scope of an investigation contracts as new information disproves allegations or eliminates subjects of inquiry. Occasionally, an initial investigation will give rise to one or more separate but related investigations. In short, an OIG investigation rarely starts and ends in the same place. Therefore, I cannot conclusively determine the specific subject matter of the Iraq investigation until the investigation is complete.

7. At best, I can only identify the specific subject matter of the ongoing Iraq investigation based upon its progress at any given point in time. To the extent that I am able to identify the specific subject matter of the Iraq investigation before it is complete, I have not communicated this information to the CIA components that are responsible for processing Plaintiffs' FOIA request--

the Information Management Staff (IMS), the Office of General Counsel (OGC), and the various directorates whose information is at issue, including the Directorate of Operations (DO). For this reason, they do not know the specific subject matter of the Iraq investigation, and therefore they are unlikely to be able to determine the extent to which certain CIA operational files may lose their exemption from search under FOIA. I have determined that I cannot disclose the specific subject matter of the ongoing Iraq investigation to the CIA components responsible for the FOIA request because doing so would interfere with the integrity of OIG's independent investigation for several reasons.

8. First, OIG is conducting a criminal investigation of allegations of impropriety in Iraq. OIG's investigation necessarily involves an examination of the conduct of CIA components and personnel, including DO personnel. However, the DO is among the components that must be consulted by IMS and OGC in determining what records systems to search, what FOIA exemptions to claim, and what information to release. I have determined that communicating the specific subject matter of the Iraq investigation--before it is complete--to the CIA components responsible for this FOIA request, including the DO, presents an unacceptable risk of

5

disclosing the focus of the OIG investigation to potential targets of the investigation.

9. For a similar reason, I have determined that it would be improper for IMS to survey other CIA components in order to determine what otherwise exempt operational files they have produced to OIG because such monitoring would also interfere with the integrity of the investigation.

10. Finally, I have determined that communicating the specific subject matter of the Iraq investigation--before it is complete--to the CIA components responsible for responding to this FOIA request presents an unacceptable risk. If documents relevant to the OIG investigation are removed from their Agency record systems for purposes of FOIA processing or otherwise before OIG has obtained them, this would interfere with the integrity of the ongoing investigation.

## OIG Files

11. OIG is conducting a criminal investigation of allegations of impropriety in Iraq. CIA documents responsive to Plaintiffs' FOIA request located in OIG files have been compiled by OIG for law enforcement purposes. I have determined that the release to Plaintiffs of documents from OIG files could reasonably be expected to interfere with the integrity of the ongoing OIG investigation by

publicly disclosing the focus, progress, and potential targets of the investigation.

## DIVERSION OF INVESTIGATIVE RESOURCES

12. In addition to the interference with the integrity of the ongoing investigation that reasonably could be expected to result from the release of documents from OIG files, I have determined that the review of documents from OIG files for responsiveness and FOIA exemptions reasonably could be expected to interfere with the investigation by diverting valuable investigative resources from the ongoing investigation.

13. Because the OIG investigation is an ongoing investigation of CIA components and personnel, the search of OIG files and the review of documents can only be conducted by OIG personnel. Moreover, the OIG personnel most familiar with the files and documents are the OIG investigators. However, any time spent on reviewing documents for the FOIA request would only divert valuable investigative resources and delay the completion of the investigation. Therefore, I have determined that the review of documents in OIG files for the FOIA request would interfere with the investigation by diverting valuable investigative resources from the ongoing investigation.

14. In addition, OIG cannot properly review the documents and identify the applicable FOIA exemptions without consulting with the other CIA components, which would interfere with the integrity of the ongoing investigation for the reasons stated in paragraphs 7-10. Based upon my experience with other OIG investigations of CIA programs and operations and the nature of this FOIA request, I expect that much of the information in OIG files likely will be exempt from release by FOIA exemptions b(1), b(2), b(3), b(5), b(6), and b(7), and that many documents will be denied in full on the basis of exemptions b(1) and b(3), including the <u>Glomar</u> doctrine. Therefore, until such time as OIG completes its investigation and its files can be reviewed for release under FOIA, CIA claims all of the above FOIA exemptions for information in OIG files.

* * * *

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of November, 2004.

*Mona B. Alderson*
Mona B. Alderson
Assistant Inspector General
  for Investigations
Central Intelligence Agency