UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, CENTER
FOR CONSTITUTIONAL RIGHTS, PHYSICIANS
FOR HUMAN RIGHTS, VETERANS FOR
COMMON SENSE AND VETERANS FOR           :  ECF CASE
PEACE,

            Plaintiffs,

                                               04 Civ. 4151 (AKH)

      v.

DEPARTMENT OF DEFENSE, AND ITS
COMPONENTS DEPARTMENT OF ARMY,
DEPARTMENT OF NAVY, DEPARTMENT OF
AIR FORCE, DEFENSE INTELLIGENCE
AGENCY; DEPARTMENT OF HOMELAND
SECURITY; DEPARTMENT OF JUSTICE, AND
ITS COMPONENTS CIVIL RIGHTS DIVISION,
CRIMINAL DIVISION, OFFICE OF
INFORMATION AND PRIVACY, OFFICE OF
INTELLIGENCE POLICY AND REVIEW,
FEDERAL BUREAU OF INVESTIGATION;
DEPARTMENT OF STATE; AND CENTRAL
INTELLIGENCE AGENCY,

            Defendants.
------------------------------------------------------------ x

## CENTRAL INTELLIGENCE AGENCY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OR, ALTERNATIVELY, MOTION FOR PARTIAL RELIEF

DAVID N. KELLEY
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street, 5th Floor
New York, N.Y. 10007
Tel: (212) 637-2737
Fax: (212) 637-2750

SEAN H. LANE (SL-4898)
PETER M. SKINNER (PS-9745)
    – Of Counsel –

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT .................................................................. 3

    A.    The Court Should Reconsider the February Order to the Extent It Holds
That the CIA Did Not Invoke the Act's Operational Files Exemption .......... 3

    B.    Alternatively, the Court Should Grant the CIA's Motion
for Partial Relief Based on New Evidence That It Designated
the Operational Files as Exempt ...................................... 6

    C.    Modification of the Court's February 2005 Order ......................... 9

CONCLUSION ............................................................... 10

Defendant Central Intelligence Agency ("CIA"), by its attorney, David N. Kelley, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for partial reconsideration of the Court's <u>Opinion and Order Denying Application by CIA for Stay of FOIA Obligation to Search and Review</u>, dated February 2, 2005 (the "February Order"), or, alternatively, in support of its motion for partial relief from the Court's September 15, 2004 Order. More specifically, the Government seeks relief regarding the Court's holding that the CIA has not properly invoked the operational files exemption pursuant to 50 U.S.C. § 431.

## PRELIMINARY STATEMENT

By motion dated November 10, 2004, the Government sought limited relief from this Court's order of September 15, 2004 with regard to the CIA's obligations to search and review operational files and CIA Office of Inspector General ("OIG") investigatory files. The CIA sought leave to search and review those files after the ongoing OIG investigation into improprieties in Iraq is completed. The CIA's motion only concerned Directorate of Operations ("DO") files that are the specific subject matter of the ongoing OIG investigation. The CIA's motion did not concern any other operational files that might contain information responsive to plaintiffs' requests, as those operational files have been designated under the Central Intelligence Agency Information Act (the "Act") as exempt from the Freedom of Information Act ("FOIA"), and no exception to the Act had been implicated with regard to those files.

In the February Order, the Court denied the Government's motion in all respects. As part of its decision, the Court held that "defendant CIA has failed to satisfy the statutory prerequisites for invoking the operational files exemption, and hence may not avoid the requirements imposed by FOIA, as defined in my Opinion and Order of September 15, 2004."

February Order at 2. The February Order thus requires the CIA to search <u>all</u> of its operational files for documents responsive to plaintiffs' FOIA requests, regardless of whether those files are the specific subject of the OIG's ongoing investigation into improprieties in Iraq.

The CIA respectfully submits that this holding was in error, as it overlooked evidence the CIA submitted that established that it had satisfied the statutory prerequisites for invoking the exemption. Indeed, plaintiffs did not even challenge the CIA's invocation of the operational files exemption. The CIA therefore seeks reconsideration of this portion of the Court's February Order.

Alternatively, the CIA moves for partial relief of its obligations under the September 15, 2004 Order to search and review operational files that are not the specific subject matter of the OIG's ongoing investigation into improprieties in Iraq. In support of this motion, the CIA has submitted new evidence further establishing that the Director of Central Intelligence ("DCI") has properly designated the operational files that would contain information responsive to plaintiffs' FOIA requests as exempt from FOIA. <u>See</u> Second Declaration of Marilyn A. Dorn, dated February 16, 2005 ("Second Dorn Declaration").

If the Court finds that the CIA has properly designated the operational files at issue here as exempt from FOIA, then the CIA seeks a modification of the February Order making clear that the Court is ordering the CIA to search for and review information from operational files that are the specific subject matter of the ongoing OIG investigation before that investigation is complete, <u>see</u> February Order at 10-20, but that the Court is not ordering the CIA to search for and review information from operational files that are not the specific subject matter of the OIG's investigation. <u>See</u> February Order at 6-8 (noting "general exemption for operational

2

files from FOIA search and review requirements").

## ARGUMENT

**A.    The Court Should Reconsider the February Order to the Extent It
Holds That the CIA Did Not Invoke the Act's Operational Files Exemption**

The Court should reconsider the February Order to the extent it holds that the CIA did not satisfy the statutory requirements for invoking the operational files exemption.

Local Civil Rule 6.3 establishes the mechanism for litigants in this district to seek reconsideration through motions "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. A motion for reconsideration or reargument is appropriate when the court has overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Greenwald v. Orb Communications, Inc., No. 00 Civ. 1939, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation marks and citation omitted)). Alternatively, a motion for reconsideration or reargument may be granted to "correct a clear error or prevent manifest injustice." Id. (quoting Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). "Local Rule 6.3 does not invite reargument of issues that have been considered fully by the court[, n]or does a motion under Rule 6.3 serve as a vehicle in which to advance arguments that the movant failed to make on the underlying motion." Mukaddam v. Permanent Mission of Saudi Arabia to the U.N., No. 99 Civ. 3354, 2001 WL 303734, at *1 (S.D.N.Y. March 27, 2001).

3

As a threshold matter, the Court erred because plaintiffs did not challenge the DCI's designation of operational files as exempt. Pursuant to the Act, judicial review is available when a FOIA requester "alleges that the Central Intelligence Agency has improperly withheld records because of failure to comply with any provision of this section." 50 U.S.C. § 431(g). Here, plaintiffs never alleged that the DCI failed to designate the operational files at issue as exempt, as required by 50 U.S.C. § 431(a). See Mem. of Law in Opp. to Def. CIA's Application for Limited Relief from the Sept. 15, 2004 Order, dated Nov. 29, 2004, at 3 (arguing instead that "[t]he CIA's otherwise exempt operational files are now subject to search and review for information concerning the subject matter of the [OIG's] investigation") (emphasis added). Moreover, when the Court raised concerns about the invocation of the operational files exemption at oral argument, plaintiffs refused to press the issue:

> To be honest with you, when we look at it, we felt the affidavits the government submitted got very close to doing that and if we raised that issue, you certainly would have gotten back, as Mr. Skinner has told you, some sort of affidavit that laid that out.

Transcript of Oral Argument, dated Dec. 20, 2004 ("Trans."), at 30:15-17. Therefore, a prerequisite for judicial review – the allegation of a failure to satisfy a portion of the Act – is not present in this case.

Moreover, the CIA did not have an opportunity to rebut any allegation that operational files were improperly exempted in this case. Section 431(f) of the Act provides that judicial review is available when a complainant alleges that the CIA has failed to comply with a portion of the Act, "except that –

4

> (4)(A) when a complainant alleges that requested records were improperly withheld because of improper exemption of operational files, the Central Intelligence Agency shall meet its burden under section 552(a)(4)(B) of Title 5 by demonstrating to the Court by sworn written submission that exempted operational files likely to contain responsive records currently perform the functions set forth in subsection (b) of this section . . . ."

50 U.S.C. § 431(f)(4)(A). When the Court, despite plaintiffs' refusal to press the issue, expressed concerns about the invocation of the exemption, the Government offered to address these concerns by submitting additional evidence that the operational files were properly designated as exempt:

> Your Honor, I think one thing we could do would be to alleviate whatever Your Honor's concerns are about whether there are operational files declared by the Director of Central Intelligence to be exempt. We maintain that there are, but we can get some type of evidence to you to satisfy that the[re] are.

Trans. at 22:24 – 23:4; see also Trans. at 44:21-23 ("if Your Honor wanted us to provide some declaration [as] we were discussing before, we would make every effort to do so"). Rather than inviting this additional evidence – evidence the CIA would have been permitted to submit under section 431(f)(4)(A) if plaintiffs had raised the issue – the Court ruled on the Government's motion based upon the record before it. See Trans. at 44:24-25 ("I'll deal with what is before me . . . I deny the motion for a stay"). The Court therefore ruled on an issue that was not raised without receiving the evidence that the Act permits. See 50 U.S.C. § 431(f).

Finally, the Court overlooked evidence presented in the CIA's moving papers establishing that the DCI had designated the operational files implicated by plaintiffs' FOIA requests as exempt under the Act. The CIA's Chief of its Public Information Programs Division stated:

5

> CIA denied the ACLU's request on the basis that responsive records, if they existed, would fall under the protection of the "operational files" exemption to FOIA, which provides that the Director of Central Intelligence (DCI) may exempt operational files of the CIA from the FOIA's search, review, publication and disclosure provisions.

Declaration of Scott A. Koch, dated October 15, 2004, ¶ 14; see also id., ¶ 15 ("Regarding those records likely to be found in CIA operational files, CIA again invoked the operational files exemption to FOIA and did not search its operational files."). Therefore, it was clear from the record before the Court that the CIA had invoked the operational files exemption for those files that it did not search in response to plaintiffs' FOIA requests. If plaintiffs were dissatisfied with this invocation of the operational files exemption, they could have challenged it. They did not.

The Government respectfully submits that, given this evidence and plaintiffs' refusal to press the issue before the Court, the Court erred in ruling that the CIA failed to properly invoke the operational files exemption in this case. Accordingly, the Court should reconsider the February Order and find, based on the evidence presented on the original motion, that the DCI has designated the operational files covered by plaintiffs' FOIA requests as exempt from FOIA under the Act.

**B.　Alternatively, the Court Should Grant the CIA's Motion for Partial Relief Based on New Evidence That It Designated the Operational Files as Exempt**

Alternatively, the CIA moves for partial relief of the Court's order that, in accordance with the September 15, 2004 Order, the CIA search and review operational files that are not the specific subject matter of the OIG's ongoing investigation into improprieties in Iraq. In support of this motion, the CIA has submitted new evidence further establishing that the DCI has properly designated the operational files that would contain information responsive to

6

plaintiffs' requests as exempt from FOIA. See Second Dorn Declaration.

Congress authorized the DCI to designate certain operational files as exempt from the search and review provisions of FOIA. 50 U.S.C. § 431(a).[1] Shortly after enactment of the Act in 1984, the DCI designated categories of operational files as exempt. See Notice of Operational Files Exemption, 59 Fed. Reg. 40,339 at 40,340 (Aug. 8, 1994) (noting that in 1984, the DCI designated categories of files as exempt operational files "pursuant to the criteria specified in the Act"); Second Dorn Decl., ¶ 4.

The DCI is required under the Act to review the files designated as exempt at least once every ten years. 50 U.S.C. § 431(g) ("Not less than once every ten years, the Director of Central Intelligence shall review the exemptions in force under subsection (a) of this section to determine whether such exemptions may be removed from any category of exempted files or portions thereof"). In 1995, the DCI completed the first decennial review of the 1985 designations and again designated categories of operational files as exempt under the Act. See Notice of Decennial Review of Operational Files Designations, 69 Fed. Reg. 76,449, at 76,449 (Dec. 21, 2004) ("The Agency completed its first decennial review exercise in March 1995"); Second Dorn Decl., ¶ 5. The "DCI's 1995 designations of exempt operational files are the

---

[1] Section 1071(a)(6)(A) of the Intelligence Reform and Terrorism Prevention Act of 2004 ("Intelligence Reform Act"), Pub. L. No. 108-458, 118 Stat. 3638, amends 50 U.S.C. § 431(a) to provide that "The Director of the Central Intelligence Agency, with the coordination of the Director of National Intelligence, may exempt operational files of the Central Intelligence Agency." Section 1097(a) of the Intelligence Reform Act provides that its amendments "shall take effect not later than the date of the enactment of this Act." The Intelligence Reform Act went into effect less than six months ago, on December 17, 2004, and its amendments are not yet effective. Second Dorn Decl. at 2 n.1.

7

designations of exemptions currently in force." Second Dorn Decl., ¶ 5.[2]

The Information Review Officer for the Directorate of Operations has conducted the following review with regard to plaintiff's FOIA requests:

> I have reviewed Plaintiffs' FOIA requests along with the DCI's 1995 designations of categories of operational files that are exempt from FOIA, and have determined that records responsive to the request would be located in the categories of DO operational files that the DCI has designated as exempt operational files. Therefore, I have determined that operational files located in these categories are exempt under FOIA from search and review for records responsive to Plaintiffs' request, until such time as an exception found in subsection (c) of the Act applies.

Second Dorn Decl., ¶ 7. Accordingly, the CIA has satisfied the statutory prerequisites for claiming the operational files exemption with regard to plaintiffs' FOIA requests.

Unlike the state secrets privilege, which is referenced in the Court's February 2005 Order (at 9 n.4), the operational files exemption is not an evidentiary privilege that is asserted on a case-by-case basis as it arises in litigation. See United States v. Reynolds, 345 U.S. 1, at 7-8 (1953) (explaining that state secrets privilege is an "evidentiary privilege" asserted "by the head of the department which has control over the matter" in litigation where evidence is sought from the government); Zuckerbraun v. General Dynamics Corp., 935 F.2d 544, 546 (2d Cir. 1991) ("The state secrets privilege is a common law evidentiary rule that allows the government to withhold information from discovery when disclosure would be inimical to

---

[2]    The CIA is in the process of conducting its second decennial review of the DCI's operational files designations. See 69 Fed. Reg. at 76449; Second Dorn Decl. at 3 n.3. The public comment period closed on January 20, 2005. Id. The CIA is in the process of reviewing the public comments and the operational files designations. Second Dorn Decl. at 3 n.3. Id. "Until the DCI completes his review and designates the categories of exempt operational files, the DCI's 1995 designations of exempt operational files are the designations of exemptions currently in force." Id.

8

national security"). Instead, the DCI periodically makes general designations that certain operational files are exempt from FOIA, and those files remain out of FOIA's reach unless and until the designations are changed. See 50 U.S.C. §§ 431(a) and (g). Therefore, the DCI does not "invoke" the operational files exemption on a case-by-case basis, as is required for the assertion of the state secret privilege. Second Dorn Decl., ¶ 6.

For these reasons, even if the Court were not persuaded by the evidence that the CIA presented in its original motion papers, it is clear from the Second Dorn Declaration that the DCI, pursuant to the Act, designated the operational files at issue as exempt from FOIA. The Court should therefore grant the CIA's motion for relief from the search and identification requirements of the September 15, 2004 Order for those operational files that have been designated as exempt, except insofar as the Court has ruled that certain operational files are no longer exempt because those files are the specific subject matter of an ongoing OIG investigation. See February Order at 10-20.

C.  **Modification of the Court's February 2005 Order**

In the event that the Court grants either the CIA's Motion for Partial Reconsideration or the CIA's Motion for Partial Relief, the CIA respectfully seeks modification of the February Order to clarify the CIA's obligations. If the Court were to grant either of the motions presented here, then the Court will necessarily find that the CIA has satisfied the statutory prerequisites for designating operational files as exempt from FOIA. Therefore, the CIA respectfully requests a modification of the February Order making clear that the Court is ordering the CIA to search for and review information from operational files that are the specific subject matter of the ongoing OIG investigation before that investigation is complete, but that the

9

Court is not ordering the CIA to search for and review information from operational files that are not the specific subject matter of the OIG's investigation.

## CONCLUSION

For the foregoing reasons, the Court should grant the CIA's motion for partial reconsideration or, alternatively, grant the CIA's motion for partial relief from the September 15, 2004 Order and should modify its February 2005 Order to reflect that the CIA has properly invoked the operational files exemption.

Dated: New York, New York
       February 16, 2005

>                        Respectfully submitted,
>
>                        DAVID N. KELLEY
>                        United States Attorney for the
>                        Southern District of New York
>                        Attorney for Defendants
>
> By:   /s/ Peter M. Skinner
>       SEAN H. LANE (SL-4898)
>       PETER M. SKINNER (PS-9745)
>       Assistant United States Attorneys
>       86 Chambers Street, 5th floor
>       New York, N.Y. 10007
>       Assistant United States Attorneys
>       Telephone: (212) 637-2737
>       Facsimile: (212) 637-2750