UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION, et al.,

                  Plaintiffs,

         -against-

DEPARTMENT OF DEFENSE, et al.,

                  Defendants.
-------------------------------------------------------------------x

**ORDER DENYING MOTION FOR STAY** 2/18/05

04 Civ. 4151 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant, the Central Intelligence Agency ("CIA"), moves for a stay while it considers whether or not to appeal from my Opinion and Order filed February 2, 2005 (the "February 2, 2005 Order"), and during any appeal it may decide to pursue. See Fed. R. Civ. P. 62(c). Defendant fails, however, to show that it is likely to suffer prejudice by complying with the February 2, 2005 Order, or that it is likely to succeed on the merits. Accordingly, its motion for a stay is denied.

      The February 2, 2005 Order is limited in its scope. It orders the CIA to search and review its operational files because the CIA did not satisfy the procedural prerequisites provided in the CIA Information Act, 50 U.S.C. § 431, most notably, the CIA Director did not issue the directive required by the statute. See id. § 431(a). Without such a directive, the CIA cannot claim the exemption from the obligation imposed by the Freedom of Information Act ("FOIA") to search and review for documents. To this day, defendant has failed to produce such a directive. Defendant's failure to meet such a straightforward procedural requirement, and use that as its ground for a renewed motion, contradicts its claim that it is likely to suffer prejudice.

1

The February 2, 2005 Order provides, alternatively, that if the CIA satisfies the procedural requirements of 50 U.S.C. § 431(a), its obligation to search and review will extend, not to operational files, but only to relevant documents that have already been identified and produced to, or otherwise collected by, the CIA's Office of Inspector General. See 50 U.S.C. § 431(c)(3). And even as to these documents, the February 2, 2005 Order is not an order for public release. Procedures for in camera review and the availability of all FOIA exemptions assure against any prejudice to the CIA.

The CIA's only other claim of prejudice is its assertion that operational personnel will have to evaluate the documents collected by the Inspector General, and that the integrity of the Inspector General's investigation will be compromised. As I observed in my February 2, 2005 Order, it is implausible that the CIA cannot assign appropriate and non-compromising persons to review collected documents for responsiveness to plaintiffs' FOIA requests and to instruct counsel whether or not to apply for exemptions and other protections. This is hardly a claim of prejudice.

Accordingly, defendant has failed to show a likelihood that it will be irreparably harmed absent a stay. Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). Defendant has also failed to show a likelihood that it will succeed on the merits, if it decides to pursue an appeal. Id.

Appellate Jurisdiction is Problematic

My Opinion and Order of September 15, 2004, American Civil Liberties Union v. Department of Defense, 339 F. Supp. 2d 501 (S.D.N.Y. 2004), ruled that the government could not ignore plaintiffs' demands under FOIA, then pending approximately eleven months, from October 7, 2003, renewed May 25, 2004, and provided a schedule for filing motions for

2

summary judgment to enable the parties to obtain rulings regarding whether or not the government had an obligation to produce the documents demanded, or whether or not the exemptions provided by FOIA would excuse such production. That Order also provided an <u>ex parte</u>, <u>in camera</u> procedure to respond to the government's sensitivity about having to disclose the very existence of certain documents. The CIA did not object to, and made no application to be exempted from, the September 15, 2004 Opinion and Order.

The September 15, 2004 Opinion and Order was procedural in nature. It did not order any documents to be released, and it made no determinations regarding FOIA's exemptions. All it did was to provide a procedure to lead to final orders.

On November 10, 2004, the CIA moved for a stay of the September 15, 2004 Opinion and Order. My February 2, 2005 Order denied the CIA's application. Thus, the CIA remains regulated by my September 15, 2004 procedural order.

The CIA should have no better right to appeal from my February 2, 2005 Order than it had to appeal from the underlying procedural order of September 15, 2004. If a procedural order is not appealable, as seems plain, then the denial of a stay of that order should not be appealable. The cases cited by defendant CIA in support of its asserted right to appeal all deal with stays that affect substantive rights, and are distinguishable. See <u>Mohammed</u>, 309 F.3d at 102 (applying stay criteria "[i]n the context of a stay of removal of an alien pending appeal of an adverse habeas decision"); <u>State of Maine v. U.S. Dept. of Interior</u>, 298 F.3d 60, 64-65 (1st Cir. 2002) (finding appellate jurisdiction over interlocutory order by district court in FOIA action that "the DOI immediately...disclose 197 documents to Maine, finding them not exempt under either the attorney-client or work-product privileges"); <u>Cuomo v. U.S. Nuclear Regulatory</u>

Com'n, 772 F.2d 972, 974 (D.C. Cir. 1985) (denying stay in case where petitioners sought "an emergency stay of a United States Nuclear Regulatory Commission Licensing Board decision," authorizing "the issuance of a license for low-power testing (up to five percent of rated power) at the Shoreham Nuclear Power Station"); Providence Journal Co. v. Federal Bureau of Investigation, 595 F.2d 889, 889 (1st Cir. 1979) (finding, in case where district court ordered FBI documents be released forthwith to plaintiff, that appellants, "showing that their appeals have potential merit," were "entitled to a stay pending appeal"); Center For National Security Studies v. U.S. Dept. of Justice, 217 F. Supp. 2d 58 (D.D.C. 2002) (finding stay appropriate where the district court had "ordered the Government to produce a list of the identities of all individuals detained in connection with the investigation of the September 11, 2001 terrorist attacks, and a list of the identities of their attorneys" in part because "disclosure of the names of the detainees and their lawyers would effectively moot any appeal"); United States v. American Soc. of Composers, Authors and Publishers, No. Civ. 13-95, 1991 WL 501864, *1-*2 (S.D.N.Y. Oct. 3, 1991) (ruling on motion for a stay pending appeal of judgment requiring ASCAP, within thirty days, "to quote fees for a through-to-the-viewer license and a per-program license to those applicants that have sought such forms of license" wherein "at least with respect to the per-program form of license, the determination of an appropriate fee demand is likely to involve some complexity in evaluation").

### The Government Has Not Shown a Likelihood of Success

The February 2, 2005 Order did not place "duplicative search and review obligations on the CIA" (Def.'s Br., at 4), as defendant asserts, and is not otherwise inconsistent with the CIA Information Act. If defendant prefers not to bring itself within the protections of the CIA

4

Information Act by filing the directive of the Director of the CIA, and making the simple showing, as required by the Act, all CIA operational files will have to be searched, but only because of that election by the CIA itself. If the CIA chooses to bring itself within the provisions of the CIA Information Act exempting its operational files from search and review, only its investigative files will have to be searched. There does not have to be duplication.

The CIA argues for appeal because the legal question is "novel and important," of "first impression," and "seldom construed." That this is so does not mean that an appeal should be automatic. The CIA utterly has failed to set out the reasoning that would suggest that it likely would succeed.

<u>The Government Has Not Shown That The Public Interest Would Be Served By An Immediate Appeal, Or That It Would Suffer Irreparable Injury</u>

The CIA argues that it will suffer "identifiable, concrete and irreparable harm," in that "the integrity of an ongoing OIG internal investigation" will be threatened by the February 2, 2005 Order (Def.'s Br., at 6). The entire basis of the argument reduces to a claimed unavailability of personnel to work with the records collected by the Inspector General. It is impossible to appreciate why the CIA is not able to assign persons to conduct the necessary search; or why such personnel issues might compromise the "integrity" of its investigation or the "efficient completion" thereof, or the confidentiality of its operational or investigative files; or why such personnel issues should be a matter of public interest or satisfy a judicial requirement of likely prejudice.

Defendant argues that plaintiffs will not be prejudiced by the delay of an appeal, even an expedited appeal, or the deliberative process within the CIA and other government agencies to

decide if an appeal should be pursued. Delay, however, is prejudicial, for FOIA requires prompt disclosure of non-exempt information relevant to the public interest. As I have held previously, "FOIA requires the executive, in response to duly made demands, promptly to produce requested documents, or to provide justification why the documents may be exempt from production." <u>American Civil Liberties Union</u>, 339 F. Supp. 2d at 503 (citing 5 U.S.C. § 552). Defendant's argument is without merit.

Conclusion

Defendant's arguments for a stay are legally insufficient, and its motion is denied. The parties shall proceed in accordance with my Opinion and Order of February 2, 2005.

SO ORDERED.

Dated: New York, New York
February 18, 2005

_____
ALVIN K. HELLERSTEIN
United States District Judge