UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION, et al.,   :
                                                                  :   **ORDER DENYING**
                              Plaintiffs,   :   **MOTION FOR RELIEF**
                                                                    :   **FROM JUDGMENT**
       -against-   :
                                                                      :
DEPARTMENT OF DEFENSE, et al.,   :   04 Civ. 4151 (AKH)
                                                                      :
                              Defendants.   :
------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs, citing official representations in the media in recent weeks, seek "partial relief" from my Opinion and Order, dated September 29, 2005, Granting in Part and Denying in Part Motions for Partial Summary Judgment, as supplemented by my Order, dated November 2, 2005, Denying Defendant's Motion for Partial Reconsideration. The "partial relief" requested by plaintiffs, pursuant to Rules 60(b)(2) and 60(b)(6) of the Federal Rules of Civil Procedure, is to relieve them of the order accepting defendant Central Intelligence Agency's (the "CIA") Glomar responses refusing to confirm or deny the existence of documents requested in Items 29 and 61 of plaintiffs' priority list of requested documents (the "August 16, 2004 List"). Instead, plaintiffs request that I order the CIA to produce the documents in question, or prove they are subject to an exemption.

       Part III of my Opinion and Order dated September 29, 2005 discusses the CIA's Glomar responses to three categories of document requests: Item 1, a memorandum from the Department of Justice to the CIA interpreting the Convention Against Torture; Item 29, a memorandum from the Department of Justice to the CIA specifying interrogation methods that the CIA may use against top Al-Queda members; and Item 61, a directive signed by President Bush granting the CIA the authority to set up detention facilities outside the United States and/or outlining

interrogation methods that may be used against Detainees.  I ordered the CIA to produce, or prove exemption, with regard to Item 1, and I upheld the CIA's Glomar responses to the latter two items, neither admitting nor denying that it had responsive documents.  <u>Am. Civil Liberties Union v. Dep't of Def.</u>, 389 F. Supp. 2d 547, 565, 566 (S.D.N.Y. 2005).

Defendant CIA moved for partial reconsideration of that Opinion and Order, to the extent that I ordered it to respond to Item 1.  In my Order dated November 2, 2005, I denied its motion for reconsideration, holding that I had not overlooked any material aspect of its initial argument supporting its Glomar response.  <u>Am. Civil Liberties Union v. Dep't of Def.</u>, No. 04-4151 (S.D.N.Y. Nov. 2, 2005).  Plaintiffs and defendant agreed, following that Order, that if plaintiffs did not appeal from my order accepting the CIA's Glomar response to Items 29 and 61, defendant CIA would not appeal my orders regarding Item 1.  Letter from Sean H. Lane, Assistant U.S. Att'y, to the Honorable Judge Alvin K. Hellerstein, U.S. Dist. Judge (Nov. 22, 2005).

Since my two Orders, the CIA publicly acknowledged that its agents do participate in the interrogation of Detainees.  <u>See</u> John Diamond, <u>CIA Chief:  Interrogation Methods Unique but Legal</u>, USA Today, Nov. 21, 2005 at A1 (quoting Porter Gross, Director of Central Intelligence); Douglas Jehl, <u>Classified Report Warned on C.I.A.'s Tactics in Interrogation</u>, N.Y. Times, Nov. 8, 2005.  Plaintiffs also cite news articles in which, they contend, documents sought in Items 29 and 61 are subjects of debate.  <u>See</u>, <u>e.g.</u>, Glenn Kessler, <u>Rice Attempts to Clarify Prisoner Policy</u>, Wash. Post, Dec. 8, 2005; Eric Schmitt, <u>Senate Votes Again for Ban on Abusing Prisoners</u>, N.Y. Times, Nov. 4, 2005.  Based upon this "newly discovered evidence," plaintiffs move for partial relief from my grant of defendant CIA's summary judgment motion regarding Items 29 and 61.

Upon motion by either party, Rule 60 allows a court, in its discretion, to relieve that party from "final judgment, order, or proceeding" for the following pertinent reasons: "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2), 60(b)(6). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986). To prevail on a Rule 60(b)(2) motion, the party must show that "'(1) newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative . . . of evidence already offered.'" Tufts v. Corp. of Lloyd's, 981 F. Supp. 808, 812 (S.D.N.Y. 1996) (quoting Mancuso v. Consol. Edison Co. of N.Y., Inc., 905 F. Supp. 1251, 1264 (S.D.N.Y.1995)). To prevail under the catch-all provision of a Rule 60(b)(6) motion, the party must show that the asserted grounds for relief are other than those recognized in clauses one through five of Rule 60, in addition to showing extraordinary circumstances justify relief. See, e.g., United States v. Erdoss, 440 F.2d 1221, 1222 (2d Cir. 1971).

It is with respect to the last two elements that plaintiffs' request for relief is insufficient under Rule 60(b)(2). With regard to element three, newly discovered evidence would not effect a change in my original ruling. For the reasons stated in my Opinion and Order dated September 29, 2005, evidence revealed in the news media is not sufficient to overcome a Glomar response. Similarly, with regard to element four, to the extent that the newly discovered evidence is sourced in the media, it is merely cumulative to evidence presented by plaintiffs in their

opposition to defendants' motion for partial summary judgment as to Items 29 and 61. The documents sought in Items 29 and 61 have been extensively discussed in the press, undoubtedly arising from numerous leaks of the documents. For these reasons, plaintiffs' motion for relief pursuant to Rule 60(b)(2) is denied. Because the asserted grounds for relief, "newly discovered evidence," are recognized in clause two of Rule 60, relief under clause 6 of Rule 60 is unavailable, Fed. R. Civ. P. 60(b)(6); Erdoss, 440 F.2d at 1222, and plaintiffs' motion for relief pursuant to Rule 60(b)(6) is also denied.

My Opinion and Order of September 29, 2005 extensively discussed the applicable case law regulating Glomar responses, largely deferring to the "very broad authority [given to the Director of Central Intelligence] to protect all sources of intelligence information from disclosure," and to decide, in his discretion, if disclosure "may lead to an unacceptable risk of compromising the Agency's intelligence-gathering process." CIA v. Sims, 471 U.S. 159, 168-69, 180 (1985). Such deference was to be extended even after the CIA's role was disclosed in the press, for "the line between what may be revealed and what must be concealed is itself capable of conveying information to foreign intelligence agencies," and a court "cannot simply assume, over the well-documented and specific affidavits of the CIA to the contrary, that revelation of seemingly innocent information . . . is required under the FOIA." Philippi v. CIA, 655 F.2d 1325, 1330 (D.C. Cir. 1981).

I noted in my Opinion that Glomar responses, if not closely regulated, can encourage over-classification of information, "frequently keeping secret that which the public already knows, or that which is more embarrassing than revelatory of intelligence sources or methods." ACLU, 389 F. Supp. 2d at 561. Indeed, an excessive reliance on secrecy tends to "compartmentalize knowledge," encourage "a dangerous tendency to withhold information from those outside the

4

insular group," "compromise the basics of a free and open democratic society," and damage even the goal of security itself, the very goal that a system of classifying secrets is intended to advance. Id. at 562.  Thus, one may criticize the deference extended by the courts as excessive. FOIA does impose an independent duty on judges to determine "de novo" if documents withheld by an agency are properly withheld under an exemption and, if necessary, to examine the withheld documents "in camera."  5 U.S.C. § 552(a)(4)(B).

The issues of this case, enlarged by the concerns expressed by the government in its Motion for Partial Reconsideration and by plaintiffs in their Motion for Relief from Judgment, merit review by the Court of Appeals.  I am bound by precedent; the Court of Appeals may more appropriately reconsider the issues of law and policy in question.  I therefore believe that both plaintiffs and defendant should regain their rights to appeal.  Potential appeals should be based on the more complete record as developed in my Order Denying Motion for Partial Reconsideration dated November 2, 2005, and this Order Denying Motion for Relief from Judgment.  Accordingly, I rule as follows:

1. Plaintiff's motion to be relieved of my Opinion and Order dated September 29, 2005, as supplemented by my Order dated November 2, 2005, is denied.

2. Because of the public interest involved in this matter, and in light of this Order, both plaintiffs and defendant shall have the right to appeal from all, or any part, of my Opinion and Order dated September 29, 2005, my Order dated November 2, 2005, and this Order, notwithstanding any agreement made between them to the contrary.

3. The time of each party to notice an appeal, otherwise set as sixty days after the judgment or order appealed from is entered by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, shall run an additional 30 days from this date, see Fed. R. App. P.

4(a)(4)(B)(ii), and shall be subject to all scheduling and stay orders heretofore entered by the Court of Appeals in this case.

Dated: New York, New York
December 19, 2005

ALVIN K. HELLERSTEIN
United States District Judge