## *VAUGHN* INDEX OF CLOSED OIG INVESTIGATION DOCUMENTS

**A. "OTHER" DOCUMENTS**:

**Document #1: b1,b2,b3,b5(dp)**

This four-page document consists of a one-page memorandum for the CIA's Inspector General from the Director of Central Intelligence ("DCI"), a one-page distribution slip, a one-page attachment, and a one-page routing slip dated June 21, 2004.  The memorandum and attachment convey comments and requests addressed to the Inspector General.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained

in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, as well as foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947, as amended, 50 U.S.C.A. § 403-3(c)(7) (West 2003) (hereinafter "Section 103(c)(7)").  Information about CIA official titles, internal organizational data, functions, names, employee numbers, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to the Central Intelligence Agency Act of 1949, as amended, codified at 50 U.S.C.A. § 403g (West Supp. 2004) (hereinafter "Section 6").

The document is also exempt pursuant to exemption (b)(5), because the document comprises an assessment and analysis of work performed by the Inspector General, as well as materials provided to the Inspector General for reciprocal consideration and incorporation into future work product.  It therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege.

Finally, the routing and distribution slips contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #3: b1,b2,b3,b5(ac, wp & dp)**

This eight-page document consists of a four-page memorandum for the National Security Advisor from the DCI, a one-page routing sheet, a one-page memorandum from CIA's General Counsel to the DCI with distribution slip, and is covered by a one-page routing slip dated June 17, 2004. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause

exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals matters in which the CIA has an intelligence interest, as well as foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The memorandum to the National Security Advisor contains analysis and recommendations for consideration from the DCI, and therefore reveals internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.  In addition, the memorandum from the CIA's General Counsel to

the DCI reveals legal analysis and opinion, as well as recommendations to take a particular action.  It is thus withheld pursuant to both the attorney-client communication and deliberative process privileges.  Finally, the memorandum was prepared by an attorney in contemplation of potential civil litigation and/or administrative or criminal proceedings, and is therefore withheld in full pursuant to the attorney work-product privilege.

Finally, the routing and distribution slips contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as they represent documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #5: b1,b2,b3,b5(ac, wp & dp)

This one hundred and twenty nine-page document consists of an eight-page memorandum with distribution slip from CIA's General Counsel to its Inspector General dated February 24, 2004; a one hundred and sixteen-page draft document entitled "Special Review" and drafted by the CIA's Office of Inspector General ("OIG"); and a one-page

memorandum for the record drafted by a CIA attorney and addressed through the CIA's General Counsel, with distribution slip and three-page attachment.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals specific CIA cryptonyms, the location of CIA stations, specific sources and methods, and specific foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

   The document is also exempt pursuant to exemption
(b)(5).  Both the memorandum from CIA's General Counsel to
the IG, and the line-in and line-out edits within the
Special Review contain portions of legal analysis,
opinions, and recommendations for consideration with regard
to the draft Special Review, and therefore also reveals
internal deliberations of government officials.  This
material is properly withheld pursuant to the attorney-
client communication and deliberative process privileges.
In addition, the memorandum and edits were prepared by the
General Counsel in contemplation of potential civil
litigation and/or administrative or criminal proceedings,
and are therefore also properly withheld in full pursuant
to the attorney work-product privilege.  In addition, the
Special Review itself is marked "draft" and, because the
document is a draft, it contains preliminary impressions,
analysis, and recommendations as to what the final product

should be.  It is therefore also properly withheld in full pursuant to the deliberative process privilege.  The memorandum for the record and attachment from a CIA attorney conveys legal analysis and opinion, and were prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings. They are therefore properly withheld in full pursuant to the attorney-client communications and attorney work-product privileges.

Finally, the distribution slip contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #7: b1,b2,b3,b5(ac & dp)**

This forty-three page document consists of a routing slip and seventeen-page memorandum dated January 13, 2004 that provides comments to the CIA's Inspector General ("IG") on its draft Special Review.  Attached to the memorandum are a two-page e-mail string and six cables from

the CIA's Directorate of Operations ("DO"), along with copies of folder tabs for the e-mails and cables.  The e-mails and cables are related to the memorandum containing comments on the IG's Special Review.  There is a one-page routing slip dated January 14, 2004, covering the document. The memorandum bears the classification of TOP SECRET, while the e-mail and cables bear the classification of TOP SECRET or SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals specific CIA cryptonyms, the location of CIA stations and bases, specific sources and methods, and specific foreign activities of the CIA.

Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The memorandum and related e-mail contain analysis and recommendations for consideration with regard to changes to the draft Special Review, and therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.  In addition, the two-page e-mail string consists of a discussion between a CIA attorney and CIA officers containing legal advice, analysis and conclusions, and is therefore also properly withheld in full pursuant to the attorney-client communication privilege.

Finally, the routing slips contained within the document are withheld in full pursuant to FOIA Exemption

(b)(2) and (b)(3), as it represents a document solely
created pursuant to internal CIA administrative practices
and consisting of administrative and organizational
information.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #9: b1,b3,b5(dp)**

This twenty one-page document consists entirely of
handwritten notes of an interview of a CIA officer, which
addressed a specific set of events.  The notes are dated
October 7, 2003 on the first page.  The document bears the
classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and

activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the location of CIA stations, specific methods, and specific foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes contain the impressions, analysis and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation, and for use in drafting an interview report.  They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #11: b1,b3,b5(dp)**

This eleven-page document consists of nine pages of handwritten notes of an interview of a CIA officer, which addressed a specific set of events.  It also contains a one-page typed outline of the interview, including specific topics of inquiry and the identity of the interviewee, and a one-page typed summary of information contained in three DO cables.  The notes are dated October 6, 2003 on the first page.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the location of CIA stations, specific methods, and specific

13

foreign activities of the CIA.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  These notes represent the impressions, analysis,
and conclusions of the interviewer and subject, for use and
consideration with regards to the conduct and resolution of
an investigation, and for use in drafting an interview
report.  They therefore reveal internal deliberations of
government officials, which are properly withheld in full
pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #13: b1,b3,b5(dp)**

This fifteen-page document consists entirely of
handwritten notes of an interview of a CIA officer, which
addressed a specific set of events.  The notes are dated
August 26, 2003 on the first page.  The document bears the
classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  The document reveals the
location of CIA stations, specific methods, and specific
foreign activities of the CIA.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation, and for use in drafting an interview report.  They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #15: b1,b3,b5(dp)**

This five-page document consists entirely of handwritten notes of an interview of a CIA officer, which addressed a specific set of events.  The notes are dated August 21, 2003 on the first page.  The document bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  The document reveals the
location of CIA stations, specific methods, and specific
foreign activities of the CIA.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)

17

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). These notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation, and for use in drafting an interview report. They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #17: b1,b2,b3,b5(ac, wp & dp)**

This five-page document consists of a one-page Memorandum for the Record prepared by the CIA's General Counsel, a one-page distribution sheet, and a three-page document containing bullet-points of legal analysis and conclusions. The document is dated July 31, 2003. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order

12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals matters in which the CIA has an intelligence interest, as well as foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The memorandum for the record and attached legal principles bullet-points both contain legal analysis and

opinion.  In addition, the document was prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings.  The document is thus withheld in full pursuant to the attorney-client communication and attorney work-product privileges. In addition, the Memorandum for the Record and attached bullet-points were prepared and incorporated for the purpose of providing advice and guidance with respect to a decision-making process, and is therefore also withheld pursuant to the deliberative process privilege.

Finally, the distribution sheet contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #19: b1,b3,b5(ac & wp)**

This nineteen-page document is a powerpoint presentation.  It is dated July 29, 2003.  The document bears the classification of TOP SECRET.

20

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals matters in which the CIA has an intelligence interest, as well as foreign activities of the CIA. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5). Page fifteen of the document contains legal analysis and opinion, and was prepared by CIA attorneys in contemplation of potential civil litigation and/or

administrative or criminal proceedings, and is thus properly withheld pursuant to the attorney-client communications and attorney work-product privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #21: b1,b3**

This five-page document is a summary of various cables from the CIA's Directorate of Operations ("DO"), the top of which is dated June 19, 2003, all related to a specific topic.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document

reveals specific CIA cryptonyms, the location of CIA stations and bases, the Identity of CIA officers, specific sources and methods, and specific foreign activities of the CIA. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #23: b1,b2,b3,b5(ac, wp & dp)**

This five-page document consists of a one-page memorandum prepared by the CIA's General Counsel to the CIA's IG, a one-page routing slip dated June 16, 2003, and the same three-page document containing bullet-points of legal analysis and conclusions as was contained in Document

#17, described above.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The attached legal principles bullet-points provide legal analysis and opinion, and were prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings, and are thus withheld in full pursuant to the attorney-client communication and the attorney work-product privileges.  In addition, the Memorandum for the Record and attached bullet-points were prepared and incorporated for the purpose of providing analysis and advice with respect to a decision-making process, and is therefore also withheld pursuant to the deliberative process privilege.

Finally, the routing slip contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #25: b1,b2,b3,b5(ac, wp & dp)**

This eight-page document is exactly the same as Document #23 described above; however, it also consists of an additional routing slip dated June 16, 2003, access list and distribution sheet. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). The attached legal principles bullet-points represent legal analysis and opinion, and were prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings, and is thus withheld pursuant to the attorney-client communication and attorney work-product privileges. In addition, the Memorandum for the Record and attached bullet-points were prepared and incorporated for the purpose of providing analysis and advice with respect to a decision-making process, and is therefore also withheld pursuant to the deliberative process privilege.

Finally, the routing slips and distribution sheet contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as they represent documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #27: b1,b3,b5(ac, wp & dp)**

This three-page document is a Memorandum for the
Record from CIA's Senior Deputy General Counsel dated April
10, 2003.  The document bears the classification of TOP
SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals intelligence sources,
matters in which the CIA has an intelligence interest, as
well as foreign activities of the CIA.  Disclosure would

reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5).  The Memorandum for the Record contains legal analysis and opinions, and was prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings.  It is therefore withheld in full pursuant to the attorney work-product and the attorney-client communication privilege.  In addition, the Memorandum memorializes internal deliberations of government officials regarding legal and policy positions, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #29: b1,b2,b3,b5(ac, wp & dp)**

This thirty seven-page document consists of a thirty six-page document created by a component of the CIA, and a one-page distribution slip dated April 7, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3). This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods,
as well as foreign activities of the United States
government, whose disclosure reasonably could be expected
to cause exceptionally grave damage to the national
security. In particular, the document tends to reveal
certain intelligence methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration. The document reveals intelligence methods,
matters in which the CIA has an intelligence interest, as
well as foreign activities of the CIA. Disclosure would
reveal information that is currently and properly
classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947. Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). Portions of the document contain legal analysis and opinion by CIA and other governmental attorneys, and were also prepared at the direction of CIA attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings. These portions of the document are therefore properly withheld pursuant to the attorney-client communications and attorney work-product privileges. In addition, the document contains internal pre-decisional deliberations, projections, and strategic discussions, which are properly withheld in full pursuant to the deliberative process privilege.

Finally, the routing slip contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #31: b1,b3**

  This five-page document consists of a four-page spreadsheet attached to a one-page e-mail between CIA personnel dated February 21, 2003.  The document bears the classification of TOP SECRET.

  This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, intelligence sources and methods, and foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

  The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #33: b1,b2,b3**

This eighteen-page document consists of a three-page memorandum to the CIA's Inspector General from the CIA's Director of Technical Service, a one-page distribution sheet, twelve pages of Attachments ("A" through "E") to the memorandum, and a one-page routing sheet dated February 14, 2003.  The memorandum and attachments are provided as a response to the IG's request for documents, and describe items that had been provided and actions that had been taken pursuant to the IG's request.  The memorandum bears the classification of SECRET, while the Attachments bear classifications of CONFIDENTIAL, SECRET, and TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause damage, serious damage, or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the identities of CIA officers and specific intelligence activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

Finally, the routing sheet and distribution slip contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as they represent documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #35: b1,b2,b3,b5(ac, wp & dp)

This eleven-page document consists of a four-page Memorandum for the Record (with the first page copied twice) prepared by the CIA's General Counsel and dated February 12, 2003, a one-page e-mail between CIA attorneys, a one-page memorandum from the Secretary of Defense to the DCI with a routing slip, another one-page e-mail between CIA attorneys, and the previously declassified and publicly released White House memorandum of February 7, 2002, regarding humane treatment of al-Qaeda and Taliban detainees. The Memorandum for the Record and letter with routing slip bear the classification of TOP SECRET. The e-mails bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5). This

document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause damage, serious damage, or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals matters in which the CIA has an intelligence interest, as well as foreign activities and specific intelligence methods of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). The Memorandum for the Record and e-mails between CIA attorneys contain legal guidance and opinions. In addition, they were prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings. They are thus withheld in full pursuant to the attorney-client and attorney work-product privileges. In addition, the Memorandum for the Record and e-mails reflect the deliberations with respect to a decision-making process, and are therefore also withheld pursuant to the deliberative process privilege.

Finally, the distribution slip contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #37: b1,b2,b3,b5(dp)**

This seventeen-page document consists of a four-page memorandum to the DCI from a senior DO officer with two attachments ("Reference A" and "Reference B") totaling

37

eight additional pages (Reference B is an incomplete
document), plus five pages of handwritten and typed cover
sheets, distribution and routing sheets and an access list,
with the top distribution sheet dated February 11, 2003.
The memorandum requests approvals of the attachments and,
along with the attachments, bears the classification of TOP
SECRET.  The remaining pages bear the classifications of
SECRET or TOP SECRET.

　　　This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This
document contains information that has been classified in
accordance with Sections 1.4(c) and (d) of Executive Order
12958, and is protected from disclosure by exemption (b)(1)
because it would tend to reveal intelligence activities,
sources and methods, as well as foreign relations and
foreign activities of the United States government, whose
disclosure reasonably could be expected to cause serious or
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence methods and activities, as explained in more
detail in paragraphs 35-90 of my fourth declaration.
Disclosure would reveal information that is currently and
properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5), because the document provides information and requests that a decision be made by the DCI based on that information.  It therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege.

Finally, the routing, cover, access, and distribution sheets contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as they represent documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #39: b1,b3,b5 (dp)**

This six-page draft document is an analysis and assessment report dated January 31, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  Because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #41: b1,b3**

This nine-page document is a two-page memorandum from a CIA attorney to the CIA's Office of General Counsel dated January 28, 2003, providing instructions on compliance with an IG request for documents related to an investigation, with three additional documents attached.  The two-page memorandum instructs OGC attorneys to provide the OIG directly with all relevant information, as defined in the memorandum, by a specific date, and provide copies to the attorney for recordkeeping purposes.  The instructions also address duplication issues, and require materials to be produced in their entirety and as they appear.  A point of contact is also provided.  The three attachments are

identified by an OGC attorney's handwritten note written on the first page of the memorandum, identifying the three documents as potentially responsive to the IG's request outlined in the memorandum.  These attachments are two pages, one page and four pages, respectively, and consist of outlines of issues.  The memorandum bears the classification of SECRET, while the attachments bear the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #43: b1,b3,b5(ac, wp & dp)**

This three-page document is a summary and record of action items following a meeting.  The document identifies changes to various draft documents to be made by OGC and to be re-circulated for review.  The document is dated January 27, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence methods and activities, as explained in more
detail in paragraphs 35-90 of my fourth declaration.  The
document reveals matters in which the CIA has an
intelligence interest, as well as foreign activities of the
CIA.  Disclosure would reveal information that is currently
and properly classified.

        The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

        The document is also exempt pursuant to exemption
(b)(5).  The document memorializes internal deliberations
of government officials regarding draft legal and policy

positions, which are properly withheld in full pursuant to
the deliberative process privilege.  In addition, the draft
language includes legal analysis and the opinions of
attorneys, and was prepared by attorneys in contemplation
of potential civil litigation and/or administrative or
criminal proceedings.  The document is therefore properly
withheld pursuant to the attorney-client communication and
attorney work-product privileges.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #45: b1,b3**

This twelve-page document, dated January 24, 2003, is
a reference document.  The document bears the
classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1) and (b)(3).  This document contains
information that has been classified in accordance with
Sections 1.4(c) and (d) of Executive Order 12958, and is
protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious

damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #47: b1,b3,b5(dp)**

This three-page document is a Memorandum for the Record forwarded in an e-mail dated January 14, 2003.  The document sets forth requirements and standards, and contains handwritten notes and commentary on the contents of the memorandum.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, whose disclosure reasonably could be expected to
cause exceptionally grave damage to the national security.
In particular, the document tends to reveal certain
intelligence methods and activities, as explained in more
detail in paragraphs 35-90 of my fourth declaration.
Disclosure would reveal information that is currently and
properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The document contains handwritten notes comprising

47

editorial comment and changes to the requirements and standards, which are properly withheld in full pursuant to the deliberative process privilege.  Indeed, the fact that the handwritten notes indicate revisions to the contents of the memorandum indicate that the memorandum itself is a draft and thereby properly withheld under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #49: b1,b2,b3,b5(ac)**

This eight-page document consists of a one-page routing sheet dated January 13, 2003, five pages that cannot be further described on the public record, and a two-page memorandum.  The routing sheet and memorandum bear the classification of SECRET, and the other pages bear the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and

foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The two-page memorandum is addressed to CIA legal staff and provides analysis and conclusions in response to a request from CIA legal staff.  It is therefore properly withheld pursuant to the attorney-client communication privilege.

Finally, the routing sheet contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #51: b1,b3,b5 (dp)**

This sixteen-page document is a memorandum from the Chief of a CIA component to the Director of another component.  The subject of the memorandum is identified as a proposal.  The document is identified as created in 2002, and it bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain

intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals items in which the CIA had an intelligence interest, the CIA's intelligence capabilities, and intelligence methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document is a pre-decisional proposal, which defines an issue, identifies options, and provides analysis of those options.  It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #53: b1,b3,b5 (dp)**

This sixteen-page document is an exact copy of Document #51, described above, with the addition of handwritten notes/edits on pages five and seven.  The document is identified as created in 2002, and it bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document would reveal items in which the CIA had an intelligence interest, the CIA's intelligence capabilities, and intelligence methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document, along with the handwritten note and edit, is a pre-decisional proposal, which defines an issue, identifies options, and provides analysis of those options. It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #55: b1,b3**

This twenty-seven page document is covered by an otherwise blank sheet of paper with a handwritten date of September, 2002, and one-sentence of writing, and cannot otherwise be further described on the public record.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains

information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.   In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.   Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #57: b1,b3,b5(dp)**

This two-page document is an unsigned Memorandum from the chief of a CIA component to the Department of Defense, dated December 30, 2002.  The Memorandum submits a request from the CIA for specific action and approval of the DoD. The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals intelligence methods and foreign activities of the CIA, as well as the name of a CIA officer. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The Memorandum is a pre-decisional request for
action and approval by one governmental agency to another,
and therefore represents deliberative process.  In
addition, the Memorandum itself is unsigned and it
therefore may not represent a finalized copy.  Thus, the
document is also properly withheld in full pursuant to the
deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

## Document #59: b1,b3,b5(dp)

This seven-page document is an analysis and assessment
report dated December 30, 2002.  The document bears the
classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods whose disclosure reasonably could be expected to

cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The purpose of the document is to provide senior CIA policymakers with an analysis of an issue and recommendations for particular actions.  It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #61: b1,b2,b3,b5(ac, wp & dp)**

This four-page document consists of a three-page Memorandum and one-page distribution sheet from the CIA's General Counsel to the DCI, and is covered by a one-page routing sheet dated December 23, 2002.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals matters in which the CIA has an intelligence interest, as well as the identities of CIA personnel and foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The Memorandum memorializes internal deliberations and makes specific recommendations regarding legal and policy positions to be decided by the DCI, and is therefore properly withheld in full pursuant to the deliberative process privilege.  In addition, portions of the Memorandum contain legal advice and analysis provided to the DCI by his General Counsel, and the Memorandum was prepared by an attorney in contemplation of potential civil litigation and/or administrative or criminal proceedings.  It is therefore withheld in full pursuant to the attorney work-product and attorney-client communication privileges.

Finally, the routing and distribution slips contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents documents

solely created pursuant to internal CIA administrative

practices and consisting of administrative and

organizational information.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #63: b1,b3**

This two-page document, dated November 20, 2002, is a

memorandum.  The document bears the classification of TOP

SECRET.

This document is withheld in its entirety based on

FOIA exemptions (b)(1) and (b)(3).  This document contains

information that has been classified in accordance with

Sections 1.4(c) and (d) of Executive Order 12958, and is

protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and

methods, as well as foreign relations and foreign

activities of the United States government, whose

disclosure reasonably could be expected to cause

exceptionally grave damage to the national security.  In

particular, the document tends to reveal certain

intelligence methods and activities, as explained in more

detail in paragraphs 35-90 of my fourth declaration.  The

document reveals the locations of CIA stations, the

identities of CIA personnel, and CIA cryptonyms.
Disclosure would reveal information that is currently and
properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #65: b1,b3,b5(dp)**

This thirty eight-page draft document is a report that
outlines general concepts and provides proposals for
consideration.  The document is dated November 2, 2002.
The document bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and

is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources,
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  Disclosure
would reveal information that is currently and properly
classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The document provides analysis and recommendations
for consideration, and therefore reveals internal
deliberations of government officials, which are properly

withheld in full pursuant to the deliberative process privilege.  In addition, because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore also properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #67: b1,b3,b5(ac & dp)**

This five-page document is a memorandum from a CIA officer to a CIA attorney, requesting a legal opinion.  The document is dated October 15, 2002.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more

detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document provides pre-decisional analysis and recommendations for consideration, and therefore reveals internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.  In addition, the document is addressed to CIA legal staff and requests a legal opinion.  It is therefore properly withheld pursuant to the attorney-client communication privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #69: b1,b2,b3,b5(dp)**

This three-page document is a two-page memorandum from the CIA's Executive Director to the Director and Deputy Director of the CIA, plus a one-page distribution sheet, dated September 10, 2002.  The Memorandum provides an assessment, analysis, and recommendations for action to the recipients, with additional handwritten questions/recommendations in the page margins.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The memorandum and handwritten response contain pre-decisional analysis and recommendation, and therefore represents deliberative process.  Thus, the memorandum is also properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #71: b1,b3,b5(ac, wp & dp)**

This seven-page draft document consists of a six-page assessment report, with a one-page fax cover sheet from a CIA attorney to DoJ attorneys.  The fax cover sheet is dated July 24, 2002 and has a two-sentence message, which states the fact that the assessment report is attached and provides instructions to call the CIA attorney.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, whose disclosure reasonably could be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). Because the assessment report is a draft, it

contains preliminary impressions, analysis, and recommendations as to what the final product should be. It is therefore properly withheld in full pursuant to the deliberative process privilege. In addition, the document was provided to DoJ attorneys by a CIA attorney for the purpose of obtaining legal advice and opinion, and the document was prepared under the direction of CIA attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings. It is therefore also properly withheld in full pursuant to the attorney-client communications and attorney work-product privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #73: b1,b3**

This one-page document is a handwritten list of bullet-pointed items, with a sentence at the bottom alluding to a letter yet to be received or drafted by the writer. The document also has a name and telephone number written on it. The document is dated by hand at July 24, 2002, at 4:45 pm. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3). This document contains

information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**<u>Document #75: b1,b3</u>**

This two-page document is a memorandum from one CIA officer addressed to another.  The memorandum provides information and assessment, and is dated May 15, 2002.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #77: b1,b2,b3,b5(ac, wp & dp)**

This four-page document consists of a three-page
Memorandum for the Record prepared by two CIA attorneys and
dated April 16, 2002, along with a one-page distribution
sheet.  The document bears the classification of TOP
SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This
document contains information that has been classified in
accordance with Sections 1.4(c) and (d) of Executive Order
12958, and is protected from disclosure by exemption (b)(1)
because it would tend to reveal intelligence activities and
methods whose disclosure reasonably could be expected to
cause exceptionally grave damage to the national security.
In particular, the document tends to reveal certain
intelligence methods and activities, as explained in more

detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The Memorandum for the Record memorializes legal analysis and opinions, and was prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings.  It is therefore withheld in full pursuant to the attorney work-product and the attorney-client communication privilege.  In addition, the Memorandum for the Record reflects deliberations with regards to a proposed plan, and is therefore also withheld pursuant to the deliberative process privilege.

Finally, the distribution slip contained within the document is withheld in full pursuant to FOIA Exemption

(b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #79: b1,b3,b5(dp)

This four-page document consists entirely of a handwritten draft outline and notes prepared by a CIA officer, which sets forth analysis, options, and strategy. The notes also contain the names and pseudonyms of other CIA officers.  The notes are dated April 3, 2002 on the first page.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain

intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes represent a draft outline containing the impressions, analysis, and conclusions of the drafter, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #81: b1,b3,b5(dp)**

This four-page document consists entirely of a typed draft outline and plan, with handwritten notes and edits,

prepared by a CIA officer and setting forth analysis, options, and strategy.  The document is dated March 16, 2002.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  Because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #83: b1,b3,b5(dp)**

This one-page draft document is an outline of discussion points.  The document is dated October 25, 2001.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.

Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5). Because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be. In addition, the discussion points contain recommendations, analysis and options related to an outstanding issue. It is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #85: b1,b3,b5(dp)**

This eight-page draft document consists of a seven-page draft outline, along with one additional page which contains copies of two "post-it" notes that were attached with handwriting to page one of the draft outline. The document is undated. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). Because the document is a draft, it contains

preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #87: b1,b3,b5(dp)**

This twenty-two page document consists entirely of a typed draft outline and plan.  The document is undated. The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  Because the document is a draft, it contains
preliminary impressions, analysis, and recommendations as
to what the final product should be.  It is therefore
properly withheld in full pursuant to the deliberative
process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #89: b1,b3**

This one-page document is a proposal.  The document
bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1) and (b)(3).  This document contains
information that has been classified in accordance with

Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #91: b1,b3**

This three-page undated document consists of a two-page spreadsheet, with an additional page containing a copy of a "post-it" note that was attached to page one of the spreadsheet.  The spreadsheet also contains handwritten

notes and edits in the margins.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  For example, the document reveals specific CIA cryptonyms, the location of CIA stations and bases, specific sources and methods, and specific foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #93: b1,b3**

This one-page undated document is a checklist form. The form has been filled in with handwritten information. The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Specifically, the document reveals the names of CIA officers, and particular

intelligence methods and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #95: b1,b3,b5(ac)

This one-page undated document consists entirely of handwritten notes of a CIA attorney, which describe and analyze a set of items.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and

is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

     The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

     The document is also exempt pursuant to exemption (b)(5).  These notes represent the impressions, analysis, and legal conclusions of a CIA attorney, recorded for the purpose of providing legal analysis and opinion.  The document is therefore properly withheld in full pursuant to the attorney-client communication privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #97: b1,b3,b5(ac)

This two-page undated document consists entirely of handwritten notes of a CIA attorney, which describe and analyze a set of items.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5). These notes represent the impressions, analysis, and conclusions of a CIA attorney, recorded for the purpose of providing legal analysis and opinion. The document is therefore properly withheld in full pursuant to the attorney-client communication privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #99: b1,b3,b5(dp)

This eight-page undated document is an executive summary. The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain

intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals intelligence methods, activities, and interests, as well as CIA cryptonyms. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). The document contains deliberative analysis and pre-decisional recommendations and is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #101: b1,b3,b5(dp)**

This three-page undated draft document consists
entirely of a general outline, with paragraphs followed by
bullet-points.  The document is undated.  The document
bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods
whose disclosure reasonably could be expected to cause
serious damage to the national security.  In particular,
the document tends to reveal certain intelligence methods
and activities, as explained in more detail in paragraphs
35-90 of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  Because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #103: b1,b3

This one-page undated document is a checklist form similar to Document #93, described above, except it is blank.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods

and activities, as explained in more detail in paragraphs
35-90 of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #105: b1,b3,b5(ac, wp & dp)**

This seven-page undated document is comprised of three
two-page drafts of the same section of a legal analysis at
different points during the drafting process, and with some
handwritten comments and proposed edits in the margins,
followed by a one-page e-mail between CIA attorneys
discussing legal questions related to the drafts.  The
draft analysis bears the classification of TOP SECRET,
while the e-mail bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and

methods whose disclosure reasonably could be expected to cause serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals issues in which the CIA has an intelligence interest.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  Because the three analyses are drafts, they contain preliminary impressions, analysis, and recommendations as to what the final product should be. They are therefore properly withheld pursuant to the deliberative process privilege.  In addition, the one-page e-mail contains a discussion intended to facilitate the

potential resolution of an undecided issue, and is therefore also protected by the deliberative process privilege.  Finally, the draft legal analyses and substantive content of the e-mail contain legal analysis and opinion, and was prepared by attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings, and are therefore properly withheld pursuant to the attorney-client communication privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #107: b1,b2,b3,b5(dp)**

This seven-page undated document consists of a five-page memorandum to a senior CIA official from a DO officer, followed by a one-page distribution sheet and a one-page addendum to the memorandum.  The memorandum provides a report of information and a recommendation, and requests specific action.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1)

because it would tend to reveal intelligence activities,
sources and methods, as well as foreign relations and
foreign activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5), because the document provides assessment
information and requests that a decision be made by a
senior CIA official based on that information.  It
therefore reveals internal deliberations of government

officials, which are properly withheld under the deliberative process privilege.

Finally, the distribution sheet contained within the document are withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as they represent documents solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #109: b1,b3,b5(dp)**

This five-page undated document is a draft outline with text.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In

particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5), because the document is a draft, as evidenced by the fact that it is undated, unsigned and contains alternative language in brackets within various parts of the text, it contains preliminary impressions, analysis, and recommendations as to what the final product should be. The document is therefore properly withheld in full under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #111: b1,b2,b3,b5(dp)**

This four-page undated document consists of a two-page
assessment and recommendations report, followed by a one-
page checklist.  The fourth page is a copy of a one-
sentence handwritten cover note from one member of the
CIA's OIG staff to another, identifying the source of the
document and the date it was received.  The document bears
the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This
document contains information that has been classified in
accordance with Sections 1.4(c) and (d) of Executive Order
12958, and is protected from disclosure by exemption (b)(1)
because it would tend to reveal intelligence activities,
sources and methods, as well as foreign relations and
foreign activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5), because the document provides assessment information and recommends that a decision be made by CIA officials based on that information.  It therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege.

Finally, the checklist contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it is a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #113: b1,b3**

This five-page undated document is an addendum to a previous review.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals intelligence methods and activities, the location of CIA stations and/or bases, and CIA cryptonyms.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA

official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions,

and titles or other organizational identifiers of CIA

organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency

Act of 1949.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #115: b1,b3,b5(dp)**

This nine-page undated draft document consists of

excerpts of CIA cables, some edited and some unedited, with

pages three through five and six through nine being

duplicate copies of each other.  The document bears the

classification of SECRET.

This document is withheld in its entirety based on

FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document

contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and

is protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and

methods, as well as foreign relations and foreign

activities of the United States government, whose

disclosure reasonably could be expected to cause serious

damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document is on its face an unfinished (*e.g.*, unformatted and disjointed) compilation of non-consecutive excerpts from CIA cables, and is therefore a draft document containing preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #117: b1,b3,b5(dp)**

This twenty-three page undated draft document is the same as Document #65 described above, at a different time during the drafting process.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The document provides analysis and recommendations
for consideration, and therefore reveals internal
deliberations of government officials, which are properly
withheld in full pursuant to the deliberative process
privilege.  Because the document is a draft, it contains
preliminary impressions, analysis, and recommendations as
to what the final product should be.  It is therefore also
properly withheld in full pursuant to the deliberative
process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #119: b1,b3,b5(dp)**

This forty-two page undated document is a compilation
of two sub-documents.  The first sub-document is a three-
page checklist, while the second draft document is the same

as Document #117 described above, at a different time
during the drafting process.  The document bears the
classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods,
as well as foreign relations and foreign activities of the
United States government, whose disclosure reasonably could
be expected to cause serious damage to the national
security.  In particular, the document tends to reveal
certain intelligence sources, methods and activities, as
explained in more detail in paragraphs 35-90 of my fourth
declaration.  Disclosure would reveal information that is
currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  Pages four through forty-two of the document
provides analysis and recommendations for consideration,
and therefore reveals internal deliberations of government
officials, which are properly withheld in full pursuant to
the deliberative process privilege.  Those pages are also
marked "draft" and therefore contain preliminary
impressions, analysis, and recommendations as to what the
final product should be.  They are therefore also properly
withheld in full pursuant to the deliberative process
privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #121: b1,b3,b5 (dp)**

This seven-page undated document is a "powerpoint"
presentation that identifies a problem, provides a summary
of information, and proposes recommendations and actions.
The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  Disclosure would reveal information that is
currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The document provides analysis and recommendations
for consideration, and therefore reveals internal

deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #123: b1,b3**

This five-page undated document consists of an outline, schedule and analysis of an issue.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #125: b1,b3,b5(dp)**

This six-page undated document is an outline interspersed with handwritten notes and marks within the margins.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular,

the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The handwritten notes and marks within the margins represent analysis and recommendations, and are therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #127: b1,b3**

This three-page undated document is a background paper prepared for the DCI.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the location of a CIA station, intelligence methods and foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA

official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #129: b1,b3,b5(ac, wp & dp)**

This three-page undated document is a memorandum from
the Deputy Director of the CIA to other senior CIA
officials, including the CIA's General Counsel.  The
document bears the classification of TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods whose disclosure reasonably could be expected to
cause exceptionally grave damage to the national security.
In particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained

in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals items in which the CIA had an intelligence interest, the CIA's intelligence capabilities, an intelligence source, and intelligence methods and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document describes a decision-making process by describing the issue, presenting the considerations that were used by the decision-makers and taken into account as part of the process, and finally, memorializing the decision.  It is therefore properly withheld in full pursuant to the deliberative process privilege.  In addition, portions of the document contain legal advice and opinions received by CIA attorneys and summarized by the

Deputy Director, and was prepared by attorneys or by the direction of attorneys in contemplation of potential civil litigation and/or administrative or criminal proceedings and are therefore also properly withheld pursuant to the attorney-client communications and attorney work-product privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #131: b1,b3**

This ten-page undated document is a report.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  The document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained

in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of a CIA station, intelligence sources, methods, and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #133: b1,b3**

This three-page undated document consists of a pictoral chart on one page, a flow chart on one page, and one page of notes related to the pictoral chart.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains

information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals an intelligence source and intelligence methods.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #135: b1,b3,b5(dp)**

This nine-page undated document is a "powerpoint" presentation setting forth options with regards to a specific issue.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals the locations of CIA stations, an intelligence source, and intelligence methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

116

pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The document is a pre-decisional, deliberative
document, insofar as it presents and analyzes a series of
options with regards to a specific issue.  It is therefore
properly withheld in full pursuant to the deliberative
process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #137: b1,b3,b5(ac & dp)**

This sixty-six page undated document is identified as
"notepad no. 2" and consists solely of handwritten notes of
a CIA attorney.  The document bears the classification of
TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose

disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA personnel, CIA cryptonyms, and the location of CIA stations.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes were taken by a CIA attorney during the course of his normal duties and therefore contain legal advice and opinion, or impressions, analysis, and facts recorded in the course of rendering legal advice and opinion, and are therefore properly withheld pursuant to

the attorney-client communication privilege.  In addition, portions of these notes represent draft impressions, opinions and recommendations, and would thus reveal internal deliberations of government officials.  These portions of the notes are properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #139: b1,b3,b5(dp)**

This fourteen-page undated document consists entirely of handwritten notes of an interview of a CIA officer, which addressed a specific set of events.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the

document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the identity of CIA personnel, CIA cryptonyms, intelligence methods, and specific foreign activities of the CIA. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation.  They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #141: b1,b3,b5(dp)**

This fourteen-page undated document consists of thirteen pages of handwritten notes of an interview of a CIA officer, which addressed a specific set of events. It also contains a one-page typed rough outline of the interview, including specific topics of inquiry and the identity of the interviewee. The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals the

identity of a CIA officer, specific methods, and specific foreign activities of the CIA. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). These notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation. They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #143: b1,b2,b3**

This one-page undated document is an OIG investigation file cover sheet.  The information fields within the form has been filled in with handwritten information, and include the title of the case, date opened and closed, file number, and the name of the investigator.  A note indicates that this is file one of two, and that the file is of interview notes.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA

official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions,

and titles or other organizational identifiers of CIA

organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency

Act of 1949.

Finally, portions of the document are withheld

pursuant to FOIA Exemption (b)(2) and (b)(3), as it

contains information solely created pursuant to internal

CIA administrative practices and consisting of

administrative and organizational information.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #145: b1,b3,b5(dp)**

This nine-page undated document consists entirely of

handwritten notes of an interview of a CIA officer, which

addressed a specific set of events.  The document bears the

classification of SECRET.

This document is withheld in its entirety based on

FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document

contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and

is protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the identity of CIA personnel, CIA cryptonyms, intelligence methods, and specific foreign activities of the CIA. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and

consideration with regards to the conduct and resolution of an investigation.  They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #147: b1,b3,b5(dp)**

This one-page undated document consists of a one-page typed outline and prep sheet for an interview, including specific topics of inquiry and the identity of the interviewee, along with handwritten notes in the margins. The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the

document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  This outline and notes represent the impressions, analysis, and conclusions of the interviewer and subject, for use and consideration with regards to the conduct and resolution of an investigation.  They therefore reveal internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #149: b1,b2,b3**

This one-page undated document is an OIG investigation file cover sheet, exactly the same as Document #143 described above, except for the fact that it is identified as file two of two.  The information fields within the form has been filled in with handwritten information, and include the title of the case, date opened and closed, file number, and the name of the investigator.  The description of the case is left blank, but a note indicates that this is file one of two, and that the file is of interview notes.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

Finally, portions of the document are withheld pursuant to FOIA Exemption (b)(2) and (b)(3), as it contains information solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #151: b1,b3,b5(dp)**

This eight-page undated draft document consists of an outline and discussion of an issue.  The document is also interspersed with handwritten editorial commentary and proposed additions/changes throughout the document.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5).  The handwritten notes contained within the document provide editorial comment and proposed changes to the text.  Because the document is a draft, it contains preliminary impressions, analysis, and recommendations as to what the final product should be.  It is therefore draft material properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #153: b1,b3,b5(dp)**

This four-page undated document consists of a one page handwritten cover note from one CIA employee to another, followed by a three-page analysis of media reporting and other public-source material related to a particular issue, with handwritten commentary provided in the margins.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The contents of this document represent the impressions, conclusions and subjective judgments of the author of the analysis, and submitted to another CIA officer for consideration in planning a strategy.  This is shown by the text of the cover note itself, which indicates that the author focused on specific aspects of the general issue over others, and had removed some material that otherwise would have been logical to include for specific reasons.  The document therefore reveals internal deliberations of government officials, which are properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #155: b1,b3**

This nine-page undated document is a discussion and explanation of an issue.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #157: b1,b3**

This three-page undated document is an identical copy of the checklist contained and described in Document #119 above.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #159: b1,b3**

This twelve-page undated document consists entirely of handwritten notes of a CIA officer.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA

135

organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #161: b1,b3,b5(ac, wp & dp)**

This two-page undated document consists entirely of handwritten notes of the CIA's General Counsel.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  These notes represent the personal impressions, editorial choices, conclusions and analysis of the author. They therefore reveal internal deliberations, which are properly withheld in full pursuant to the deliberative process privilege.  In addition, the document consists of legal analysis and opinion on matters for which he is advising the CIA, and was prepared by him in contemplation of potential civil litigation and/or administrative or criminal proceedings.  It is therefore also properly withheld in full pursuant to the attorney-client communications and attorney work-product privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #163: b1,b3**

This three-page undated document is a discussion and explanation of an issue.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #165: b1,b3**

This three-page undated document consists entirely of handwritten notes of a CIA officer.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

139

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #167: b1,b3**

This four-page undated document is a discussion and explanation of an issue.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #169: b1,b3,b5(dp)**

This twenty-nine page draft undated document consists entirely of a typed draft outline and plan identical to Document #87, described above, except that there are extra pages copied to capture "post-it" notes that were present in the original.  The document is undated.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA

official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions,

and titles or other organizational identifiers of CIA

organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency

Act of 1949.

The document is also exempt pursuant to exemption

(b)(5).  The document is identical to Document #87, which

is marked draft.  Because the document is a draft, it

contains preliminary impressions, analysis, and

recommendations as to what the final product should be.

And, along with the editorial/commentary contained in the

handwritten "post-it" notes, is therefore properly withheld

in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #171: b1,b3**

This three-page undated document consists entirely of

handwritten notes of a CIA officer.  The document bears the

classification of SECRET.

This document is withheld in its entirety based on

FOIA exemptions (b)(1) and (b)(3).  This document contains

information that has been classified in accordance with

142

Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #173: b1,b3

This three-page undated document is an outline and description, and is interspersed with handwritten notes,

marks and commentary within the margins.  The document
bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods
whose disclosure reasonably could be expected to cause
serious damage to the national security.  In particular,
the document tends to reveal certain intelligence methods
and activities, as explained in more detail in paragraphs
35-90 of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #175: b1,b3,b5(dp)**

This three-page undated document is an outline and
description, and is interspersed with handwritten notes,

marks and commentary within the margins.  The document
bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods
whose disclosure reasonably could be expected to cause
serious damage to the national security.  In particular,
the document tends to reveal certain intelligence methods
and activities, as explained in more detail in paragraphs
35-90 of my fourth declaration.  Disclosure would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

The document is also exempt pursuant to exemption
(b)(5).  The handwritten notes and marks within the margins
represent deliberation and analysis, and are therefore also
properly withheld in full pursuant to the deliberative
process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #177: b1,b3,b5(ac)**

This one-page undated document was drafted by an attorney is a legal analysis and opinion in the form of a handwritten, graphic flow chart.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5).  The document was drafted by a CIA attorney and provides legal advice in the form of a flow chart.  It is

therefore properly withheld pursuant to the attorney-client privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #179: b1,b3,b5(ac & dp)**

This one-page undated handwritten document is an earlier draft of the flow chart described in Document #177 above.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document is also exempt pursuant to exemption (b)(5).  The document was drafted by a CIA attorney and provides legal advice in the form of a flow chart.  It is therefore properly withheld pursuant to the attorney-client communication privilege.  In addition, because the document is a draft it contains preliminary impressions, analysis, and recommendations as to what the final product should be. It is therefore also properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #181: b1,b3**

This three-page undated document is a handwritten list of items and descriptions.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals intelligence methods and activities, the location of CIA stations and/or bases, and CIA cryptonyms.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #183: b1,b3,b5(dp)**

This sixteen-page undated document is a photocopy of notebook pages with handwritten entries with regard to an issue.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals intelligence methods and activities, the location of CIA stations and/or bases, the names of CIA officers, and CIA cryptonyms.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document contains draft preliminary impressions, analysis, and recommendations as to what specific decisions and actions should be taken.  It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #185: b1,b3**

This six-page undated document consists of a five-page spreadsheet similar to that described in Document #91 above, with an additional blank cover page.  The document bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1) and (b)(3).  This document contains
information that has been classified in accordance with
Sections 1.4(c) and (d) of Executive Order 12958, and is
protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources,
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  For example,
the document reveals specific CIA cryptonyms, the location
of CIA stations and bases, specific sources and methods,
and specific foreign activities of the CIA.  Disclosure
would reveal information that is currently and properly
classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA

organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #187: b1,b3,b5(dp)**

This three-page undated document is a two-page report,
with a one-page cover page identifying the subject of the
report.  The document bears the classification of TOP
SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence methods and activities, as explained in more
detail in paragraphs 35-90 of my fourth declaration.  The

document reveals matters in which the CIA has an intelligence interest, intelligence methods, as well as foreign activities of the CIA.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document contains preliminary impressions, analysis, and recommendations for various decisions and actions to be taken.  It is therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #189: b1,b3**

This seventeen-page document cannot be further described on the public record.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

There is no meaningful, reasonably segregable portion of the document that can be released.

**B. INTERVIEW REPORTS:**

**Document #3: b1,b3**

This three-page document is a memorandum for the record documenting an interview of an independent contractor employed by the CIA.  It is dated December 6, 2002.  The document bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, CIA cryptonyms, the location of a CIA station, and intelligence methods and activities.  Disclosure would reveal information that is currently and properly classified.

156

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #13: b1,b3,b5(dp)**

This five-page document is an interview report documenting the interview of a CIA officer.  It is dated February 10, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign

activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals the names of CIA
officers, CIA cryptonyms, and intelligence sources, methods
and activities.  Disclosure would reveal information that
is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
filing information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The interviewee both recounted his past
impressions, assessments, recommendations, and other
analysis with respect to deliberations within the Agency,
as well as provided new assessments and recommendations to

the interviewer.  Those portions of the interview report
are therefore properly withheld pursuant to the
deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #23: b1,b3**

This six-page document is an interview report
documenting the interview of a CIA officer.  It is dated
March 3, 2003.  The document bears the classification of
TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1) and (b)(3).  This document contains
information that has been classified in accordance with
Sections 1.4(c) and (d) of Executive Order 12958, and is
protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth

declaration.  The document reveals the names of CIA officers, the location of a CIA station, CIA cryptonyms, and intelligence sources, methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #33: b1,b3,b5(dp)**

This four-page document is an interview report documenting the interview of a CIA officer.  It is dated March 17, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document

contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, the location of a CIA station, CIA cryptonyms, and intelligence sources, methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components

is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee both recounted his past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #43: b1,b3,b5(dp)

This five-page document is an interview report documenting the interview of a CIA officer.  It is dated April 5, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and

methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, the location of a CIA station, CIA cryptonyms, and intelligence sources, methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee both recounted her past impressions, assessments, recommendations, and other

analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #53: b1,b3,b5(dp)**

This fifteen-page document consists of an eleven-page interview report documenting the interview of a CIA officer, followed by a two-page typed addendum, and a two-page handwritten acknowledgement form.  The addendum contains comments/changes to the original interview report from the interviewee.  The acknowledgment form was also signed by the interviewee, and it contains the handwritten comments/changes from the interviewee that were formalized in the addendum.  The interview report is dated May 8, 2003.  The interview report bears the classification of TOP SECRET; the addendum and acknowledgment form bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, the location of a CIA station, CIA cryptonyms, and intelligence sources, methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption
(b)(5).  The interviewee both recounted her past
impressions, assessments, recommendations, and other
analysis with respect to deliberations within the Agency,
as well as provided new assessments and recommendations to
the interviewer.  Those portions of the interview report
are therefore properly withheld pursuant to the
deliberative process privilege.  In addition, the addendum
and acknowledgment to the interview report contain
comments, edits and changes to the report, and are
therefore also properly withheld in full pursuant to the
deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #63: b1,b3,b5(dp)**

This four-page document is an interview report
documenting the interview of a CIA officer.  It is dated
May 27, 2003.  The document bears the classification of TOP
SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and

is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, the location of CIA stations, CIA cryptonyms, and intelligence sources, methods and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee recounts her past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #73: b1,b3,b5(dp)

This three-page document is a memorandum for the record documenting an interview of two CIA officers.  It is dated June 5, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose

disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals the names of CIA officers, CIA cryptonyms, the location of a CIA station, and intelligence sources, methods and activities. Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5). The interviewees both recounted their past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to

the interviewer.  Those portions of the interview report
are therefore properly withheld pursuant to the
deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

### Document #83: b1,b3,b5(dp)

This five-page document is a memorandum for the record
documenting an interview of a CIA officer.  It is dated
July 17, 2003.  The document bears the classification of
TOP SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth

declaration.  The document reveals the names of CIA officers, CIA cryptonyms, and intelligence sources, methods and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee both recounted her past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #93: b1,b3,b5(dp)**

This four-page document is an interview report documenting the interview of a senior CIA official.  It is dated August 16, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals the names of CIA officers, CIA cryptonyms, and intelligence sources, methods and activities.  Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee both recounted his past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #103: b1,b2,b3,b5(ac, wp & dp)**

This twenty-five page document consists of an eight-page interview report documenting the interview of the CIA's General Counsel, followed by a one-page typed addendum.  Attached to the addendum is a one-page acknowledgement form with an attached one-page cover letter

with a one-page distribution sheet, one blank sheet with
the handwritten word "attachment" written on it, and twelve
pages of typed comments/edits to the interview report by
the interviewee.  The interview report is dated September
5, 2003.  The interview report, addendum and attached cover
letter and comments bear the classification of TOP SECRET;
the acknowledgment form bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), (b)(3) and (b)(5).  This
document contains information that has been classified in
accordance with Sections 1.4(c) and (d) of Executive Order
12958, and is protected from disclosure by exemption (b)(1)
because it would tend to reveal intelligence activities,
sources and methods, as well as foreign relations and
foreign activities of the United States government, whose
disclosure reasonably could be expected to cause serious or
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals the names of CIA
officers, the locations of CIA stations, CIA cryptonyms,
and intelligence sources, methods and activities.

Disclosure would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The interviewee both recounted his past impressions, assessments, recommendations, and other analysis with respect to deliberations within the Agency, as well as provided new assessments and recommendations to the interviewer.  Those portions of the interview report are therefore properly withheld pursuant to the deliberative process privilege.  In addition, the addendum and acknowledgment to the interview report contain comments, edits and changes to the report, and are therefore also properly withheld in full pursuant to the deliberative process privilege.  Finally, the interview report, acknowledgment, memorandum and attachment contain

communications with the General Counsel and legal analysis, opinions, and advice prepared by the General Counsel in contemplation of potential civil litigation and/or administrative or criminal proceedings.  They are therefore withheld in full pursuant to the attorney work-product doctrine and the attorney-client communications privilege.

Finally, the distribution sheet contained within the document is withheld in full pursuant to FOIA Exemption (b)(2) and (b)(3), as it represents a document solely created pursuant to internal CIA administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #113: b1,b3**

This two-page document is a memorandum for the record documenting an interview of a CIA officer.  It is dated October 21, 2003.  The document bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is

protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals the names of CIA
officers, the location of a CIA station, CIA cryptonyms,
and intelligence sources, methods and activities.
Disclosure would reveal information that is currently and
properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
filing information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**C. CABLES:**

**Document #3: b1,b2,b3**

This two-page document is a DO cable, dated July 31, 2003.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal distribution information such as filing identifiers, routing codes, handling instructions, origination markings, and other internal administrative information (hereinafter "internal administrative distribution information"), which is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #33: b1,b2,b3**

This one-page document is a DO cable, dated March 20, 2003.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document

contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods
whose disclosure reasonably could be expected to cause
serious damage to the national security.  In particular,
the document tends to reveal certain intelligence sources,
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  The document
reveals CIA cryptonyms, as well as specific sources and
methods of the CIA.  Disclosure of this information would
reveal information that is currently and properly
classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

The document also contains internal administrative
distribution information that is protected from disclosure
by exemption (b)(2).

Information about CIA official titles, internal
organizational data, names, employee numbers, employee
telephone numbers, functions, filing
information/instructions, and titles or other
organizational identifiers of CIA organizational components

is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #63: b1,b2,b3**

This three-page document is a DO cable, dated March 5,
2003.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities and methods,
as well as foreign relations and foreign activities of the
United States government, whose disclosure reasonably could
be expected to cause serious damage to the national
security.  In particular, the document tends to reveal
certain intelligence methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals CIA cryptonyms, the
location of CIA stations, the name of a CIA officer,
specific methods, intelligence interests, and foreign
activities of the CIA.  Disclosure of this information

would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #93: b1,b2,b3**

This two-page document is a DO cable forwarded in e-mail form and dated February 2, 2003.  The cable bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document

contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the names of CIA officers, the location of CIA stations, specific methods, and foreign activities of the CIA. Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing

information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #123: b1,b2,b3**

This two-page document is a DO cable, dated January
16, 2003.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  The document reveals CIA
cryptonyms, the location of CIA stations, specific sources

and methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #153: b1,b2,b3,b5(dp)**

This four-page document is a DO cable forwarded in e-mail form and dated January 15, 2003.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the name of a CIA officer, and specific methods and foreign activities of the CIA. Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing

information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document provides an assessment and set of recommendations from a CIA officer in the field to officials at CIA headquarters, who need to make decisions based on that information.  It therefore reveals pre-decisional deliberations of government officials, which are properly withheld under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #183: b1,b2,b3**

This five-page document is a DO cable, dated November 21, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and methods, as well as foreign relations and foreign activities of the

United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, the name of a CIA officer, sources, methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #213: b1,b2,b3**

This one-page document is a DO cable, dated November 9, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, the name of a CIA officer, specific sources, methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #243: b1,b2,b3**

This four-page document is a DO cable, dated November 1, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it

would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, the name of a CIA officer, specific sources, methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components

is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #273: b1,b2,b3**

This three-page document is a DO cable, dated October
15, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence methods and
activities, as explained in more detail in paragraphs 35-90
of my fourth declaration.  The document reveals CIA
cryptonyms, the location of CIA stations, the name of a CIA
officer, specific sources, methods, intelligence interests,
and foreign activities of the CIA.  Disclosure of this

information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #303: b1,b2,b3**

This six-page document is a DO cable, dated August 24, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources,
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  The document
reveals CIA cryptonyms, the location of CIA stations, the
name of a CIA officer, specific sources, methods,
intelligence interests, and foreign activities of the CIA.
Disclosure of this information would reveal information
that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

The document also contains internal administrative
distribution information that is protected from disclosure
by exemption (b)(2).

Information about CIA official titles, internal
organizational data, names, employee numbers, employee
telephone numbers, functions, filing

information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #333: b1,b2,b3**

This two-page document is a DO cable, dated August 12,
2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  The document
reveals CIA cryptonyms, the location of CIA stations,

specific sources, methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #363: b1,b2,b3**

This two-page document is a DO cable, dated July 26, 2002.  The cable bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration. The document reveals CIA cryptonyms, the location of CIA stations, the names of CIA officers, specific sources, methods, intelligence interests, and foreign activities of the CIA. Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #393: b1,b2,b3**

This four-page document is a DO cable, dated April 11, 2002. The cable bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3). This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain

intelligence methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific sources, methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**D. E-MAILS:**

**Document #7: b1,b3,b5(ac & dp)**

This document consists of a two-page e-mail string between CIA attorneys and officers, along with a two-page attachment of draft talking points for the DCI for use in discussions with other senior governmental officials.  The purpose of the e-mail string was to forward the attachment to multiple recipients and substantively discuss the form and content of the draft attachment.  The e-mail is dated July 25, 2003.  This e-mail string and attachment both bear the classification of TOP SECRET.

The document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  The document contains information that has been classified in accordance with Sections 1.4(b), (c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal foreign government information, intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause both serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources,

methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The document contains legal advice and analysis provided to the CIA officials by the General Counsel, and are therefore withheld in full pursuant to the attorney-client communications privilege.  In addition, the substantive e-mail text and attached draft talking points represent a draft document and a pre-decisional, deliberative discussion regarding that draft document.  The document is therefore properly withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #55: b1,b3**

This document consists of a one-page e-mail message between CIA Officers.  The e-mail is dated March 20, 2003. This e-mail bears the classification of TOP SECRET.

The document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  The document contains information that has been classified in accordance with Sections 1.4(b), (c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods whose disclosure reasonably could be expected to cause both serious or exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA

official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
and titles or other organizational identifiers of CIA
organizational components is also withheld under (b)(3)
pursuant to Section 6 of the Central Intelligence Agency
Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #102: b1,b2,b3,b5(dp)**

This nine-page document consists of a two-page e-mail
message forwarding a seven-page DO operational cable.  The
cable consists of analysis and recommendations.  The e-mail
is dated February 24, 2003.  The e-mail and cable each bear
the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), (b)(3) and (b)(5).  This
document contains information that has been classified in
accordance with Sections 1.4(c) and (d) of Executive Order
12958, and is protected from disclosure by exemption (b)(1)
because it would tend to reveal intelligence activities,
sources and methods, as well as foreign relations and
foreign activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the

document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific sources and methods, and specific foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The analysis and recommendations contained within the cable represent and would reveal agency deliberative

process, and are therefore properly withheld in full

pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #149: b1,b2,b3,b5(ac & dp)**

This sixteen-page document consists of a blank cover

sheet and a fifteen-page e-mail string between CIA

attorneys to other attorneys and CIA officers.  The e-mail

string contains legal and operational discussion, and

forwards three finished DO operational cables and one draft

cable.  The e-mail is dated January 30, 2003.  The e-mail

and cables each bear the classification of SECRET.

This document is withheld in its entirety based on

FOIA exemptions (b)(1), (b)(2), (b)(3) and (b)(5).  This

document contains information that has been classified in

accordance with Sections 1.4(c) and (d) of Executive Order

12958, and is protected from disclosure by exemption (b)(1)

because it would tend to reveal intelligence activities,

sources and methods, as well as foreign relations and

foreign activities of the United States government, whose

disclosure reasonably could be expected to cause serious

damage to the national security.  In particular, the

document tends to reveal certain intelligence sources,

methods and activities, as explained in more detail in

paragraphs 35-90 of my fourth declaration.  The document

reveals CIA cryptonyms, the location of CIA stations,

specific sources and methods, intelligence interests, and

foreign activities of the CIA.  Disclosure of this

information would reveal information that is currently and

properly classified.

The document is similarly exempt from disclosure by

exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.

The document also contains internal administrative

distribution information that is protected from disclosure

by exemption (b)(2).

Information about CIA official titles, internal

organizational data, names, employee numbers, employee

telephone numbers, functions, filing

information/instructions, and titles or other

organizational identifiers of CIA organizational components

is also withheld under (b)(3) pursuant to Section 6 of the

Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption

(b)(5).  The draft cable contains pre-decisional

deliberations and would reveal agency deliberative process.

In addition, portions of the e-mail string contain legal

advice and opinion of CIA attorneys, and are therefore

protected under the attorney-client privilege.  This material is properly withheld in full pursuant to the deliberative process and attorney-client communications privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #196: b1,b3**

This document consists of a two-page e-mail string between CIA officers, along with a two-page attachment. The purpose of the e-mail string was to forward the attachment to multiple recipients and ensure that the information contained in the attachment was included in a report to the DCI.  The attachment itself is a report.  The e-mail is dated January 22, 2003.  This e-mail string and attachment both bear the classification of TOP SECRET.

The document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  The document contains information that has been classified in accordance with Sections 1.4(b), (c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal foreign government information, intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be

expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document would reveal the location of CIA stations, intelligence sources and methods, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #246: b1,b3**

This document consists of a two-page e-mail message between CIA Officers.  This e-mail is dated January 13,

2003.  This e-mail string bears the classification of TOP SECRET.

The document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  The document contains information that has been classified in accordance with Sections 1.4(b), (c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3)

pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

## Document #296: b1,b3

This document consists of a four-page e-mail message between CIA officers and senior officials.  This e-mail is dated January 2, 2003.  This e-mail string bears the classification of SECRET.

The document is withheld in its entirety based on FOIA exemptions (b)(1) and (b)(3).  The document contains information that has been classified in accordance with Sections 1.4(b), (c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  Disclosure of

this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #345: b1,b2,b3,b5(ac & dp)**

This six-page document consists of a one-page e-mail from one CIA attorney to other CIA attorneys, which forwards two attached DO cables.  Specific passages within the cable have been highlighted.  The e-mail is dated December 10, 2002.  The e-mail and cables each bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3) and (b)(5).  This document contains information that has been classified in

accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific sources and methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing

information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption
(b)(5). The cables contain a request for legal advice and
opinion of CIA attorneys and response, and are therefore
properly withheld in full under the attorney-client
privilege. In addition, the highlighted cables and their
content represent and would reveal agency deliberative
process, and are therefore properly withheld in full
pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #394: b1,b2,b3**

This two-page document consists of a one-page e-mail
from one CIA officer to another, which forwards one
attached DO cable. The e-mail is dated November 12, 2002.
The e-mail and cables each bear the classification of
SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(2), and (b)(3). This document
contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources,
methods and activities, as explained in more detail in
paragraphs 35-90 of my fourth declaration.  The document
reveals CIA cryptonyms, the location of CIA stations,
specific sources and methods, intelligence interests, and
foreign activities of the CIA.  Disclosure of this
information would reveal information that is currently and
properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.

The document also contains internal administrative
distribution information that is protected from disclosure
by exemption (b)(2).

Information about CIA official titles, internal
organizational data, names, employee numbers, employee
telephone numbers, functions, filing

information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion
of the document that can be released.

**Document #444: b1,b3,b5(ac & dp)**

This three-page document consists of an e-mail string
between CIA attorneys.  The e-mail string contains legal
and operational discussion, and contains a list of action
items.  The e-mail is dated October 10, 2002.  The e-mail
bears the classification of SECRET.

This document is withheld in its entirety based on
FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document
contains information that has been classified in accordance
with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause serious
damage to the national security.  In particular, the
document tends to reveal certain intelligence sources,

methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals specific sources and methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The discussion represents and would reveal agency deliberative process.  In addition, portions of the e-mail contain legal advice and opinion of CIA attorneys, and are therefore protected under the attorney-client privilege. This material is properly withheld in full pursuant to the deliberative process and attorney-client communications privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #492: b1,b2,b3,b5(ac & dp)**

This five-page document consists of a one-page e-mail string from a CIA officer to a CIA attorney, and forwards one draft DO cable.  The e-mail is dated August 26, 2002. The e-mail and cables each bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific sources and methods, intelligence interests, and

foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The e-mail and forwarded draft cable requests legal advice and opinion of CIA attorneys, and is therefore properly withheld in full under the attorney-client privilege.  In addition, the draft cable contains pre-decisional deliberations and would reveal agency deliberative process.  This material is properly withheld in full pursuant to the deliberative process privilege.

218

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #541: b1,b2,b3**

This twelve-page document consists of a two-page e-mail string between CIA officers, and forwards one DO cable.  The e-mail is dated July 29, 2002.  The e-mail and cables each bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, the location of CIA stations, specific sources and methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this

information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

The document also contains internal administrative distribution information that is protected from disclosure by exemption (b)(2).

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #591: b1,b3,b5(ac)**

This two-page document consists of an e-mail string between CIA attorneys.  The e-mail is dated July 10, 2002.  The e-mail bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance

with Sections 1.4(c) and (d) of Executive Order 12958, and
is protected from disclosure by exemption (b)(1) because it
would tend to reveal intelligence activities, sources and
methods, as well as foreign relations and foreign
activities of the United States government, whose
disclosure reasonably could be expected to cause
exceptionally grave damage to the national security.  In
particular, the document tends to reveal certain
intelligence sources, methods and activities, as explained
in more detail in paragraphs 35-90 of my fourth
declaration.  The document reveals specific sources and
methods, intelligence interests, and foreign activities of
the CIA.  Disclosure of this information would reveal
information that is currently and properly classified.

The document is similarly exempt from disclosure by
exemption (b)(3) pursuant to Section 103(c)(7) of the
National Security Act of 1947.  Information about CIA
official titles, internal organizational data, names,
employee numbers, employee telephone numbers, functions,
filing information/instructions, and titles or other
organizational identifiers of CIA organizational components
is also withheld under (b)(3) pursuant to Section 6 of the
Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The text of the e-mail string contains legal advice, analysis and opinion of CIA attorneys, and is therefore protected under the attorney-client privilege. This material is properly withheld in full pursuant to the attorney-client privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #640: b1,b3,b5(ac & dp)**

This two-page document consists of an e-mail string between a CIA attorney and CIA officers.  The e-mail is dated May 1, 2002.  The e-mail bears the classification of TOP SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3) and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause exceptionally grave damage to the national security.   In

particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, specific sources and methods, intelligence interests, and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.

Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The text of the e-mail describes an issue and requests a meeting between various CIA components to gather input before a recommendation is made.  This discussion contains pre-decisional deliberations and would reveal agency deliberative process.  This material is properly

withheld in full pursuant to the deliberative process privilege.  In addition, part of the e-mail communication is made in conjunction with a request for legal advice and opinion, and is therefore properly withheld pursuant to the attorney-client communications privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Document #690: b1,b2,b3**

This two-page document consists of a one-page e-mail from a CIA attorney to a CIA officer and forwarding a DO cable.  The e-mail is dated April 5, 2002.  The e-mail and cable each bear the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), and (b)(3).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in

paragraphs 35-90 of my fourth declaration.  The document

reveals CIA cryptonyms, the location of CIA stations,

specific sources and methods, intelligence interests, and

foreign activities of the CIA.  Disclosure of this

information would reveal information that is currently and

properly classified.

The document is similarly exempt from disclosure by

exemption (b)(3) pursuant to Section 103(c)(7) of the

National Security Act of 1947.

The document also contains internal administrative

distribution information that is protected from disclosure

by exemption (b)(2).

Information about CIA official titles, internal

organizational data, names, employee numbers, employee

telephone numbers, functions, filing

information/instructions, and titles or other

organizational identifiers of CIA organizational components

is also withheld under (b)(3) pursuant to Section 6 of the

Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion

of the document that can be released.

**Document #738: b1,b3,b5(ac & dp)**

This two-page document consists of an e-mail message

sent by a CIA attorney to that same attorney.  The text of

the e-mail contains draft language prepared by that attorney.  The e-mail is dated October 15, 2001.  The e-mail bears the classification of SECRET.

This document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(3), and (b)(5).  This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign relations and foreign activities of the United States government, whose disclosure reasonably could be expected to cause serious damage to the national security.  In particular, the document tends to reveal certain intelligence sources, methods and activities, as explained in more detail in paragraphs 35-90 of my fourth declaration.  The document reveals CIA cryptonyms, as well as specific methods and foreign activities of the CIA.  Disclosure of this information would reveal information that is currently and properly classified.

The document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 103(c)(7) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names,

employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt pursuant to exemption (b)(5).  The text of the e-mail string represents draft legal advice of a CIA attorney, and is therefore protected under the deliberative process and attorney-client communication privileges.  This material is properly withheld in full pursuant to the deliberative process and attorney-client communication privileges.

There is no meaningful, reasonably segregable portion of the document that can be released.