UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, et al. :
:
                           Plaintiffs, : **ORDER REGULATING CIA**
   -against- : **& DOD DOCUMENT**
: **PRODUCTION**
DEPARTMENT OF DEFENSE, et al. :
:
                          Defendants. : 04 Civ. 4151 (AKH)
:
:
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The long-pending FOIA requests of plaintiffs, and the government's Vaughn responses with regard to CIA and DoD documents were argued January 16-17, 2008. I held that further proceedings were necessary to enable me to evaluate whether and to what extent the documents claimed by the government to be exempt were properly exempted from production, entirely and as to any segregable portions thereof. Because of the confidential and sensitive nature of the documents that were involved, the court and the parties recognized that the court's inspections of the documents incident to the rulings to be made would have to be conducted ex parte and in camera. In light of further demands by the government demanding additional strictures to govern in camera inspections, I recommended a set of procedures. (Letter of court to counsel, dated Feb. 6, 2008). The government accepted. (Government Letter, dated Feb. 15, 2008).

        Meanwhile, because of public testimony and statements made by CIA Director Michael Hayden and other public disclosures, much of what the government had sought to exempt had been disclosed. The government requested 45 days, until March

1

31, 2008, to review its positions. The government represented that this time was necessary because of the labor intensive nature of the review process, the layers of consultation and review necessary to clear a document for disclosure, the limited number of people qualified to conduct such reviews, and the potentially severe consequences of mistakes that could compromise public security and the safety of government agents. The court was asked to set a date after March 31, 2008 for its in camera review of the CIA documents.

No adjournment was requested with respect to the DoD documents.

Plaintiffs object to the delay resulting from a 45-day adjournment, and ask me to impose a deadline of March 5, 2008 to accommodate the CIA's request for time to conduct re-reviews. Plaintiffs accuse the CIA of purposefully neglecting its obligation to conduct timely reviews of documents as to which specific exemptions have been claimed. Plaintiffs contend that reviews should have been conducted before the documents were identified under claims of exemption.

Plaintiffs have also amplified their requests. Based on recent reports in the press that the CIA possesses "audiotapes, videotapes and transcripts that show or relate to the interrogations of certain prisoners in CIA custody," plaintiffs ask that these records be produced for in camera review. Plaintiffs' requests are detailed versions of its long-standing requests, filed on October 7, 2003 and May 25, 2004, for documents concerning the "treatment of Detainees in United States custody," the "death of Detainees in United States custody," and the "rendition of Detainees and other individuals" to countries known to employ torture. The two requests were substantively identical. See ACLU v DoD, 339 F.Supp.2d at 502. Furthermore, on August 16, 2004, plaintiffs

created a "priority list," which consisted of a subset of previous demands that plaintiffs most wished to be produced, and focused on specifically identified records, such as records "provided by defendant agencies to Congress," or items "discussed or identified in the media." ACLU v. DoD, 389 F.Supp.2d at 550. This priority list was based in part on the fact that the government would be able to more easily produce such publicly referenced records. Id. Therefore, the government's objection that the requests were not specifically mentioned in plaintiffs' third cross-motions for summary judgment is not meritorious in light of the nature of plaintiffs' requests and the government's failure to list these items in its Vaughn Declarations, or account for them when it disclosed that tapes and transcripts had been lost or destroyed.

In accordance with these considerations, I hereby order:

1. The DoD documents selected for sampling in camera shall be produced in my chambers, Rm 1050, United States District Court for the Southern District of New York, 500 Pearl Street, on March 17, 2008, at 11 a.m.

2. The CIA shall have until March 31, 2008 for the following: (a) to complete its re-review of its documents identified in its Vaughn Declaration; (b) to report regarding its willingness to produce documents, or maintain its assertions of claims of exemption and, further (c) to report by said date regarding its willingness to produce tapes and transcripts relating to interrogations of prisoners or, alternatively, to claim exemption by a revised Vaughn Declaration regarding same. All documents that the CIA is willing to produce, including the OLC documents that I ordered be produced for in camera review, shall be produced

within 10 days. With regard to any claimed exemptions, the Court will schedule a hearing to address same, also to be held within 10 days.

SO ORDERED.

Dated: February 28, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge