UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, et al.,

        Plaintiffs,                      ELECTRONICALLY FILED

       v.                               04 Civ. 4151 (AKH)

DEPARTMENT OF DEFENSE, et al.,

        Defendants.
------------------------------------------------------------ x

## DECLARATION OF JOHN H. DURHAM

I, John H. Durham, declare as follows:

1.     I am Counsel to the United States Attorney for the District of Connecticut. I have been employed as a federal prosecutor since December 20, 1982, when I became a Trial Attorney for the New Haven Field Office of the Boston Strike Force on Organized Crime. I served as the Strike Force Chief in the District of Connecticut until September 1989. In September 1989, I became Chief of the Criminal Division for the United States Attorney's Office for the District of Connecticut and served in that position until March 1994, when I became the Deputy United States Attorney for the Office.[1] I became Counsel to the United States Attorney in March 2008. At various times, I have also served as the Interim United States Attorney for the District of Connecticut, Special Attorney in the District of Massachusetts investigating and prosecuting corruption involving law enforcement agencies in Massachusetts, and Special Attorney in the Southern District of New York investigating allegations of corruption within a federal law enforcement agency. On January 2, 2008, Attorney General Michael Mukasey appointed me to serve as Acting United States Attorney for the Eastern District of Virginia in connection with a

---

[1] In the District of Connecticut, the Deputy United States Attorney is the position commonly known in other districts as the First Assistant United States Attorney.

federal criminal investigation into the destruction of certain videotaped interrogations of detainees by the Central Intelligence Agency ("CIA" or "the Agency"). In my capacity as Acting United States Attorney for the Eastern District of Virginia, I am responsible for supervising the investigative efforts of a team of lawyers and Special Agents of the Federal Bureau of Investigation conducting the investigation into the CIA tapes matter.

2. This declaration is submitted in response to the Court's inquiry as to whether adjudication of the pending civil contempt proceeding against the CIA in *ACLU v. Department of Defense, et al.*, 04 Civ. 4151 (AKH), would interfere with the criminal investigation. For the reasons set forth herein, I believe that adjudication of the contempt proceeding would be detrimental to the ongoing criminal investigation, and therefore, I respectfully request that the proceeding be stayed until such time as the criminal investigative process is complete, a process that I estimate – based upon presently available information – will take at least six more months.

3. This declaration is also submitted in response to requests for information from the Court in the above-captioned civil action, and more specifically, to explain why the proposed disclosure of information contained in paragraph 77 of the CIA Office of Inspector General's May 7, 2004 Special Review Report (the "Special Review Report") would be detrimental to the ongoing criminal investigation into the destruction of the videotapes.

4. The statements made in this declaration are based on my personal knowledge of the facts and information obtained and reviewed in the course of my official duties.

5. In connection with the ongoing federal criminal investigation into the destruction of videotapes by the CIA, the following background information is of note:

    a) On December 6, 2007, Michael V. Hayden, Director of the CIA,

announced that during the initial stage of the Agency's terrorist detention program, it videotaped interrogations, and in 2005 it destroyed the tapes. Further, Director Hayden stated that the program itself began with the capture of a detainee named Abu Zubaydah in March of 2002, and the decision to videotape interrogations was made by the Agency on its own. Director Hayden further stated that the videotaping of interrogations stopped in 2002. Director Hayden also advised that the decision to destroy the tapes was made only after "they were no longer of intelligence value and not relevant to any internal, legislative, or judicial inquiries – including the trial of Zacarias Moussaoui."

    b)  Shortly after the destruction of the videotaped interrogations was made public, Attorney General Mukasey directed that a preliminary inquiry be conducted by the National Security Division of the Department of Justice regarding the destruction of the videotapes.

    c)  On January 2, 2008, the Attorney General announced that the preliminary inquiry had been concluded and that there was a basis for initiating a full criminal investigation into the destruction of the tapes. Further, on that same date, as noted above, I was appointed to serve as the Acting United States Attorney for the Eastern District of Virginia to supervise that criminal investigation. Also, as noted, the Federal Bureau of Investigation was designated as the federal law enforcement agency that would conduct the investigation.

    d)  Beginning on January 2, 2008, and continuing to the present, a fully-staffed team of prosecutors and agents has been assembled and has been actively gathering information and evidence relating to the destruction of the videotapes in issue.

    6.  The questions under active review in this investigation include, *inter alia*, whether

any federal criminal offenses were committed in connection with the destruction of the above-referenced videotapes. More specifically, the investigation team is actively reviewing whether any person or persons obstructed justice, made false statements, or acted in contempt of court or Congress in connection with the destruction of the videotapes. With respect to potential obstruction of justice offenses, we are investigating whether the destruction of the videotapes violated any order issued by any federal judicial officer, including any order of this Court entered in the above-referenced proceeding, and, if so, what the person or persons' knowledge, motive, and/or intent was in destroying the tapes or causing their destruction.[2]

7.  The criminal investigation has involved, and will continue to involve, the interview of potential witnesses as well as the eliciting of witness testimony in the grand jury. Obtaining witnesses' truthful and unaffected recollection of the events surrounding the tapes' destruction is critical to maintain the integrity of the criminal investigation. Because the instant civil contempt proceeding involves many of the same facts and implicates many of the same individuals who are potential witnesses in the criminal investigation, there is considerable risk that those witnesses' recollections as to key events may be changed – either intentionally or unintentionally – if the contempt proceeding is being actively litigated simultaneously with the criminal investigation. For example, the public disclosure of any documents (or information contained within those documents) in connection with the contempt proceeding concerning the destruction of the videotapes – through leaks, inadvertent discussions, or otherwise – could

---

[2] Although the criminal investigation will be evaluating whether obligations or anticipated obligations in pending civil and/or criminal proceedings (which include the above-referenced civil FOIA litigation) provided a motive to destroy the videotapes, our investigation will not address the issue of whether the tapes' destruction constitutes contempt of any orders issued by this Court.

expose potential witnesses to information to which they may otherwise not have been privy and may lead those individuals to change what they say to the criminal investigators in order to conform their statements to the publicly-disclosed information.[3]

8. Similarly, the proposed disclosure of information contained in paragraph 77 of the Special Review Report would also be detrimental to the ongoing criminal investigation. Based upon presently available information, I understand that some of the potential witnesses in this investigation may be unaware of the information contained in that paragraph. There is considerable risk that public disclosure of this information may thus lead those witnesses to change what they say to the criminal investigators in order to conform their statements to the disclosed information. To this end, our team has made requests for potential witnesses not to review documents, including the Special Review Report, in advance of interviews with our investigators. Moreover, at the conclusion of interviews, our investigators have, as a matter of course, requested that witnesses not discuss with other potential witnesses the subject matter of the interviews which, with respect to some witnesses, include the information contained in paragraph 77 of the Special Review Report.

9. The criminal investigation that I am supervising in my role as Acting United States Attorney for the Eastern District of Virginia is unique in my experience as an Assistant United States Attorney. The destruction of the videotaped interrogations has brought about legitimate concern on the part of various federal judges, as well as significant Congressional interest. For example, as has been publicly reported, United States District Judge Henry H.

---

[3] To be clear, the criminal investigators have, to date, interviewed some of the potential witnesses. Nevertheless, the risks discussed in this paragraph still apply to those witnesses who have not yet been interviewed, as well as to those witnesses whom the criminal investigators may need to re-interview at a later juncture and/or subpoena to the grand jury.

Kennedy has been asked to investigate the matter by the petitioners in *Mahmoad Abdah, et al. v. Bush, et al.,* Civil No. 04-1254 (HHK) (D.D.C). Moreover, the House Permanent Select Committee on Intelligence, the Senate Select Committee on Intelligence, and the Judiciary Committees in both Houses of Congress have initiated their own investigations into the destruction of the videotapes. Beyond these specific expressions of concern, there is a compelling national interest in ensuring that this criminal investigation is conducted in a manner that will engender public trust in its outcome.

10. It is my belief that simultaneous adjudication of the pending contempt proceeding, as well as the proposed disclosure of information contained in paragraph 77 of the Special Review Report, will interfere with our ability to conduct a complete, thorough, and untainted federal criminal investigation into the destruction of videotaped interrogations. Such interference could in turn jeopardize the successful prosecution of any criminal case brought against any individuals who were found to have violated federal law in connection with the destruction of these tapes.

11. My concerns about the integrity of the instant criminal investigation, together with the highly classified nature of much of the information in this investigation, make me reluctant to provide further details concerning how this criminal investigation is being conducted and the impact on any potential prosecutions if the contempt proceeding and disclosure of the above-referenced information in the Special Review Report must go forward at this time. Nonetheless, should the Court require further information concerning whether to grant a stay in these matters, such information could be disclosed *ex parte* and *in camera*.

12. Because of the foregoing concerns, I request that the contempt proceeding in this action be stayed and disclosure of the referenced information in the Special Review Report be delayed until such time as the criminal investigative process is complete, a process that I estimate – based upon presently available information – will take at least six more months. If indictments and criminal prosecutions were to result from the investigation, I would request that the contempt proceeding be stayed and requested disclosures be delayed until the conclusion of the criminal proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2008.

JOHN H. DURHAM