UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION, et al. :
:
                              Plaintiffs, : **ORDER REGULATING**
-against- : **PROCEEDINGS**
:
DEPARTMENT OF DEFENSE, et al. : 04 Civ. 4151 (AKH)
:
                              Defendants. :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On August 18, 2008, the parties appeared before me to discuss the remaining issues still pending in this case, including plaintiffs' pending motion for contempt and sanctions against defendant CIA, for the CIA's alleged failure to comply with my Order of September 15, 2004. Plaintiffs claim that Gen. Michael Hayden's statement on December 6, 2007, indicating that videotapes of 2002 CIA interrogations were destroyed in 2005, requires this Court to find the CIA in contempt. Plaintiffs argue that the destroyed videotapes were responsive to plaintiffs' FOIA requests yet were not produced or listed on the relevant Vaughn declarations provided to plaintiffs by the Government, thus plainly violating my Sept. 15, 2004 Order. Defendant CIA claims that the CIA's Office of Inspector General ("OIG") never took custody of the tapes, which were reviewed at an overseas National Clandestine Service ("NCS") facility in May 2003. As a result, the CIA argues that the destruction of the videotapes did not violate this Court's orders because they were never identified or produced to the CIA's Office of Inspector General.

        After hearing argument on plaintiff's contempt motion on January 16-17, 2008, and August 18, 2008, I defer any finding of contempt by defendant CIA at this time. I find that the facts before me are insufficient to justify a holding of civil contempt. Plaintiffs cite Paramedics

1

Electromedicina Comercial, LTDA v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004), in support of their argument that the willfulness of the violation need not be established for a finding of contempt, and that I can therefore hold the CIA in contempt even if it appears there was only an innocent destruction. That case, however, is distinguishable, because the trial court's finding of contempt arose from a party's refusal to act in a specific manner – that is, refrain from filing suit per the court's orders. Here, I find that there has yet to be any such "clear and convincing evidence" of noncompliance on the CIA's part. Accordingly, as stated at the conference, I order the Government to submit a supplemental declaration from Special Prosecutor John H. Durham, who is leading the criminal investigation into the destruction of the videotapes. The investigation began on January 2, 2008, and has been ongoing for the past eight months. The declaration should address, with as much specificity as possible, how and why the production of a catalog of the following information regarding the destroyed records would interfere with the criminal investigation:

1) A list identifying and describing each of the destroyed records;

2) A list of any summaries, transcripts, or memoranda regarding the records, and of any reconstruction of the records' contents; and

3) Identification of any witnesses who may have viewed the videotapes or retained custody of the videotapes before their destruction.

The declaration is to be submitted by September 10, 2008.

SO ORDERED.

New York, New York
August 20, 2008

ALVIN K. HELLERSTEIN
United States District Judge