UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, et al.,  :
:   **ORDER DEFERRING**
Plaintiffs,   :   **CONSIDERATION OF**
-against-   :   **PLAINTIFFS' MOTION TO CITE**
:   **CIA FOR CONTEMPT**
DEPARTMENT OF DEFENSE, et al.,   :
:   04 Civ. 4151 (AKH)
Defendants.   :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On December 12, 2007, plaintiffs filed a motion asking this Court to cite defendant Central Intelligence Agency ("CIA") for contempt and to impose sanctions, alleging that the CIA had failed to comply with my Order of September 15, 2004. Plaintiffs claim that this Court must find the CIA in contempt as a result of Gen. Michael Hayden's December 6, 2007 statement that videotapes of 2002 CIA interrogations were destroyed in 2005. They argue that the Government violated my September 15, 2004 Order because the destroyed videotapes were responsive to plaintiffs' FOIA requests but not produced or listed on the relevant <u>Vaughn</u> declarations. The CIA claims that its Office of Inspector General ("OIG") never took custody of the tapes, which were reviewed in May 2003 at an overseas National Clandestine Service ("NCS") facility. The CIA argues that destruction of the videotapes therefore did not violate my September 15, 2004 Order because they were never identified or produced to the OIG.

       The parties appeared before me on January 16-17, 2008 and August 18, 2008 to discuss plaintiffs' motion. In an Order dated August 20, 2008, I deferred consideration of plaintiffs' motion and ordered the Government to submit a supplemental declaration of Special Prosecutor John H. Durham, who is leading the criminal investigation into the destruction of the

1

videotapes. In response, on September 10, 2008, the Government submitted a Second Declaration of John H. Durham for my review, ex parte and in camera.

In his Second Declaration, Mr. Durham describes the continuing efforts and proceedings of his criminal investigation into the destruction of certain videotaped interrogations of detainees, and some of the problems that have been encountered. Mr. Durham describes his concerns that his investigation likely would be compromised if witnesses and persons that he wishes to interrogate might find out factual details, possibly influencing their recollections. He describes similar concerns about summaries, transcripts, and memoranda of the videotapes. His concerns cause him to ask that his obligation to comply with these aspects of my August 20 Order (that is, of categories one and two of the order) be deferred until after December 24, 2008, approximately three months from now. Mr. Durham's request is consistent with his original request of six months, made in his application of April 24, 2008. Mr. Durham excludes from his request a third category described in my August 20 Order, that the Government identify any witnesses who may have viewed the videotapes or retained custody of the videotapes before their destruction. As to this third category, Mr. Durham states his belief that production of the information would not interfere with his investigation, and he does not request a stay with respect to this category. However, it is likely that the Government would claim exemptions against disclosure for much, and perhaps all, of this information.

Mr. Durham's Second Declaration makes clear that the Department of Justice's criminal investigation is proceeding diligently. I am persuaded by Mr. Durham's arguments that compliance with my August 20 Order would make his investigation more difficult. I believe also that I would be better able to rule on the exemptions that the Government is likely to claim with respect to the third category of my Order if I were to postpone the Government's obligation to

satisfy the entire production, and not merely the first two categories of production.

Mr. Durham states that the Government might ask for a further postponement, beyond December 24, 2008, if the investigations that he supervises result in criminal prosecutions. I will deal with such issues as and when they arise.

Accordingly, compliance with my Order of August 20, 2008 is deferred until December 24, 2008. Plaintiffs' motion to cite the CIA for contempt will remain on my docket. As requested by the Government, the Second Declaration of John H. Durham will be filed under seal.

SO ORDERED.

Dated:  New York, New York
        September 16, 2008

ALVIN K. HELLERSTEIN
United States District Judge