UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

AMERICAN CIVIL LIBERTIES UNION, et al., :
: **ORDER DENYING MOTION**
Plaintiffs, : **FOR PARTIAL**
-against- : **RECONSIDERATION**
:
DEPARTMENT OF DEFENSE, et al., : 04 Civ. 4151 (AKH)
: 05 Civ. 9620 (AKH)
Defendants. :
-------------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

On September 12, 2008, Defendants filed a motion for partial reconsideration of my order of August 28, 2008, which granted Plaintiffs' motion for preliminary injunctive relief in part by directing Defendants either to produce three Office of Legal Counsel ("OLC") memoranda, two dated May 10, 2005 and one dated May 30, 2005, or to submit a Vaughn declaration describing and claiming exemptions for those documents. The motion for partial reconsideration is denied.

A party moving for reconsideration must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Local Civil Rule 6.3. Defendants have offered no new arguments or evidence not considered by my prior order.

First, Defendants argue that Plaintiffs failed to show that non-production of the three OLC memoranda would cause them irreparable injury, since pending summary judgment motions in another case under the Freedom of Information Act ("FOIA"), Amnesty Int'l USA, et al. v. CIA, et al., No. 07 Civ. 5435 (LAP), address whether the Government must produce those documents. In my August 28, 2008 order, I fully considered whether the forthcoming rulings in Amnesty Int'l

1

that, because FOIA requires "prompt disclosure," see ACLU v. Dep't of Defense I, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004), Plaintiffs would suffer irreparable injury if they were forced to wait even longer for the Government to satisfy their requests. Moreover, as Plaintiffs have presented issues for resolution, I am bound to decide them, not to defer the task and further delay the outcome.

Second, Defendants argue that the August 28, 2008 order overlooks well-established law that the Government need not search for and produce documents created after a reasonable cut-off date. In the order, I approved as reasonable the January 31, 2005 cut-off date used by OLC in conducting its search, but held that the Government must nonetheless produce or claim exemptions for the three memoranda issued in May 2005. I noted the general proposition, advanced by Defendants in this motion, that the Government has no responsibility to continue to search after a reasonable cut-off date. However, I held that the Court, in its discretion, may require the Government to produce responsive documents that postdate the cut-off date if they are known or made known to the Government and easily produced or described in a Vaughn declaration. The responsive OLC memoranda at issue are few in number and have already been identified to the Government. Further, my order of August 28, 2008 does not prejudice the Government because it is entitled to submit a Vaughn declaration to excuse non-production on the basis of exemption or privilege.

Because Defendants have presented no controlling decisions or facts overlooked by my order of August 28, 2008, and again on the merits, the motion for partial reconsideration is denied. The Clerk shall mark the motion (Doc. #18) as terminated.

SO ORDERED.

Dated: New York, New York
October __, 2008

ALVIN K. HELLERSTEIN
United States District Judge

2