USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION, et al.,      :
                                             :
                          Plaintiffs,        :
                                             :
          -against-                          :
                                             :
DEPARTMENT OF DEFENSE, et al.,               :
                                             :
                          Defendants.        :
------------------------------------------------------------- x

**ORDER REGULATING
PROPOSED WORK PLAN**

04 Civ. 4151 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On April 9, 2009, the Government submitted a work plan for producing to

Plaintiffs documents concerning certain videotapes destroyed by the CIA. On April 20, 2009, I

ordered the parties to make changes to the plan, and to submit a joint letter containing either a

new plan on which they agree, or a description of their differences. The parties submitted such a

letter on May 5, 2009.

The letter contains a joint proposal and schedule for producing the documents

contemplated by paragraph 3 of my April 20, 2009 order, that is, documents that relate to the

content of the videotapes. I approve, and hereby order, the parties' joint proposal and schedule

with respect to producing these documents.

However, the letter describes significant disagreement with respect to producing

the documents contemplated by paragraph 4 of my April 20, 2009 order, that is, documents that

relate to the destruction of the videotapes. The Government argues that producing these

documents would interfere with the "active and ongoing" criminal investigation by John H.

Durham into the destruction of the videotapes, but no declaration by Mr. Durham was supplied

to show why that may be so. Plaintiffs argue that the Government may not "use Mr. Durham's

investigation as a pretext for indefinitely postponing" its obligation to produce documents that I

1

ordered to be produced, and which may be needed to resolve Plaintiffs' pending motion for contempt and sanctions. Plaintiffs further argue that, if postponement is warranted, the Government should immediately disclose at least the number and general nature of documents relating to the destruction of the videotapes.

I decline to postpone the production required by paragraph 4 of my April 20, 2009 order, unless the Government makes a satisfactory justification for postponement. The circumstances in which the videotapes were destroyed are relevant to Plaintiffs' motion, as well as to the content of the videotapes themselves. Accordingly, by May 27, 2009, the Government shall submit papers and affidavits making the showing required by this order and prior orders. The showing may include also any reasons why the identity of persons involved in the destruction should not be disclosed, and proposals to substitute for any such non-disclosures.

The parties' joint letter of May 5, 2009 is being filed publicly with this order.

SO ORDERED.

Dated:     May ___, 2009
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 5, 2009

BY FACSIMILE
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re:    *ACLU, et al., v. Department of Defense, et al.,* No. 04 Civ. 4151 (AKH)

Dear Judge Hellerstein:

        Pursuant to the Court's April 20, 2009 Order, the Government and Plaintiffs submit this joint letter in connection with the proposed schedule for the production of the information contemplated by the Order. The parties have reached an agreement with respect to a schedule for the information addressed by paragraph 3 of the Order. The parties' joint proposal with regard to paragraph 3 follows below. The parties have been unable to reach an agreement with regard to the production of information addressed in paragraph 4 of the Order. The parties' respective positions with regard to paragraph 4 follow below.

## I.    Joint Proposal for Paragraph 3

        In response to earlier orders, the CIA originally identified approximately 3,000 documents potentially responsive to paragraph 3 of the Court's April 20, 2009 Order. Those 3,000 records included "contemporaneous records," which were created at the time of the interrogations or at the time the videotapes were viewed, "intelligence records," which do not describe the interrogations but contain raw intelligence collected from the interrogations, "derivative records," which summarize information contained within the contemporaneous records, and documents related to the location of the interrogations that, upon further review by the CIA, were determined not to relate to the interrogations or to the destroyed videotapes.

        With respect to paragraph 3 of the April 20, 2009 Order, the parties jointly propose that the Government address the contemporaneous and derivative records, but not the intelligence records or the other records that ultimately proved to be unrelated to the interrogations or the videotapes. With respect to the contemporaneous and derivative records, the parties jointly propose the following:

Hon. Alvin K. Hellerstein
May 5, 2009

- May 18, 2009: The Government will produce a list of all contemporaneous records and all derivative records. The list will, to the greatest extent permissible on the public record (i.e., the list will not include classified information or information otherwise protected by statute), identify the date, sender, recipient, type and subject matter for each record; and

- June 8, 2009: The Government will produce a Vaughn index identifying every tenth contemporaneous cable and all non-cable contemporaneous records. The Government will further produce a Vaughn declaration justifying the withholding of information from these records.

The parties further jointly propose treating the contemporaneous records addressed in the declaration to be produced on June 8, 2009 as a sample for purposes of motion practice to resolve disputes concerning information withheld from the contemporaneous and derivative records; i.e., the Government will apply judicial rulings with respect to the sample of contemporaneous records addressed in the June 8, 2009 declaration to the remaining contemporaneous and derivative records. The parties jointly propose the following briefing schedule with respect to that sample:

- June 19, 2009: Plaintiffs will move for summary judgment and serve and file their moving papers;

- July 2, 2009: The Government will cross-move for summary judgment and will serve and file its moving/opposition papers;

- July 17, 2009: Plaintiffs will file their opposition/reply papers, if any; and

- July 31, 2009: The Government will file its reply papers, if any.

## II.    The Parties' Respective Positions with Respect to Paragraph 4

### A.    Government Position

Based on discussions with the prosecutors investigating the destruction of the videotapes, the Government objects to the production of documents described in paragraph 4 of the April 20, 2009 Order. As the Court is aware, the scope of the tapes investigation includes the review of whether any person obstructed justice, knowingly made materially false statements, or acted in contempt of court or Congress in connection with the destruction of the videotapes. Although Mr. Durham has not renewed his request for the Court to stay its August 20, 2008 Order contemplating the production of certain information, we are informed, in answer to

-2-

Hon. Alvin K. Hellerstein
May 5, 2009

paragraph 6 of the Court's April 20, 2009 Order, that the tapes investigation remains active and ongoing. The production of the documents described in paragraph 4 of the April 20, 2009 Order — which are identical to the scope of the issues being reviewed by the tapes investigators and which go beyond what this Court required in its August 20, 2008 Order — would conflict and substantially interfere with that investigation. The Government thus respectfully requests that paragraph 4 of the Court's April 20, 2009 Order be withdrawn or otherwise stayed until the tapes investigation has been completed.

### B.    Plaintiffs' Position

Plaintiffs object to the Government's refusal to comply with the Court's order requiring the Government to produce or provide *Vaughn* declarations for "documents relating to the destruction of the tapes, which describe the persons and reasons behind their destruction" from April 1, 2002 through June 30, 2003. *See* Order Regulating Govt.'s Proposed Work Plan, ¶ 4, Apr. 20, 2009. Notwithstanding the fact that Plaintiffs' contempt motion has been pending in this Court since December 12, 2007, the Government still refuses to disclose, provide *Vaughn* declarations for, or even identify the *number* of documents relating to the destruction of the tapes on grounds of John Durham's criminal investigation. But, as previously noted by this Court, that investigation has been pending since January 2, 2008, and Mr. Durham's witness interviews were completed two months ago, *see* Third Decl. of John H. Durham, ¶ 9, Dec. 22, 2008 (stating that "we anticipate that by mid-February, 2009, and no later than February 28, 2009, we will have completed [witness] interviews"). The Government should not be permitted to continue to use Mr. Durham's investigation as a pretext for indefinitely postponing this Court's adjudication of Plaintiffs' contempt motion. Significantly, the Government makes no mention of an expected timeline for completion of the Durham investigation. Nor has Mr. Durham provided a declaration in support of the Government's position.

Even if this Court believes that the Government should be permitted to further delay the adjudication of a motion that has been pending for 17 months, it should at the very least require the Government immediately to disclose the number of records that relate to the destruction of videotapes and to describe the nature of those records in general terms. The Government should be required to disclose this information on the public record, and it should be required to do so immediately — even before the provision of *Vaughn* declarations. Even accepting the Government's unexplained and unfounded assertion that Mr. Durham's investigation would be compromised were this Court to adjudicate the pending contempt motion, the Government has no conceivable interest in suppressing this information. Indeed, as this Court recognized during the August 18, 2008 hearing, it would be inappropriate for this Court to "defer to the special investigation" before it "at least find[s] out what the universe is" with respect to the documents at issue. Tr.24:4-7. Moreover, as the Court also recognized, requiring the Government to provide a mere list or catalogue of information describing the scope and

-3-

Hon. Alvin K. Hellerstein
May 5, 2009

number of documents, but not their contents, would in no way "interfere with the investigation."
Tr.16:18-19.

        In light of the aforementioned deficiencies in the Government's proposal,
Plaintiffs propose a schedule for documents relating to the destruction of the videotapes that is
analogous to the aforementioned schedule for documents relating to the content of the
videotapes:

- May 18, 2009: The Government will provide a comprehensive index
  identifying the date, nature of document, author, sender and recipient
  (where applicable), and subject matter for all records from April 1, 2002
  through June 30, 2003 relating to the destruction of the videotapes.

- June 8, 2009: The Government will disclose or provide *Vaughn* indices
  and *Vaughn* declarations for all records from April 1, 2002- June 30, 2003
  relating to the destruction of the videotapes.

        Plaintiffs further propose that the briefing schedule for challenging withholdings
relating to the contents of the videotapes set forth above apply equally to documents relating to
the destruction of the videotapes.

        Given the urgency and import of the issues before the Court, Plaintiffs also
respectfully request that the Court schedule a status conference at its earliest convenience to
address any outstanding issues that might remain with respect to Plaintiffs' contempt motion.

                        Respectfully submitted,

                        LEV L. DASSIN
                        Acting United States Attorney

        By:

                        SEAN H. LANE
                        HEATHER K. McSHAIN
                        PETER M. SKINNER
                        Assistant United States Attorneys
                        Telephone: (212) 637-2601
                        Facsimile: (212) 637-2930

cc:     Amrit Singh, Esq.
        Jennifer B. Condon, Esq.

                        -4-



## FACSIMILE COVER SHEET

### U.S. ATTORNEY'S OFFICE- SDNY
ONE ST. ANDREW'S PLAZA
NEW YORK, NY 10007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| From: | Peter M. Skinner |
| Office Phone No.: | (212) 637-2601 |
| Fax Number: | (212) 637-2937 |
| No. pages (including cover sheet): | 5 |
| Date sent: | 5/5/2009 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.    (rev. 9/08)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To:    (following distribution list)

| Name | Phone Number | Fax Number |
|---|---|---|
| Hon. Alvin K. Hellerstein | (212) 805-0152 | (212) 805-7942 |
| Amrit Singh, Esq. | (212) 549-2609 | (212) 549-2654 |
| Jennifer B. Condon, Esq. | (973) 596-4500 | (973) 596-0545 |

Remarks: