UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, et al.,            :
                                                 : **MEMORANDUM ORDER**
                        Plaintiffs,   :
    -against-                                                            : 04 Civ. 4151 (AKH)
                                                 :
DEPARTMENT OF DEFENSE, et al.,                    :
                                                 :
                           Defendants.       :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This memorandum order describes the context and outcome of an ex parte, in camera hearing held on July 29, 2009 in the above-captioned litigation.

       On December 12, 2007, Plaintiffs filed a motion for contempt and sanctions, arguing that the Central Intelligence Agency ("CIA") violated my order of September 15, 2004 by destroying videotapes that were responsive to Plaintiffs' FOIA requests.

       Special Prosecutor John H. Durham is leading a criminal investigation which includes charges of destruction of the videotapes. On August 20, 2008, I ordered Mr. Durham to explain whether production of certain records relating to the destruction of the videotapes, in connection with Plaintiff's contempt motion, would interfere with his criminal investigation. In a series of declarations, he stated his belief that his investigation would be compromised if the Government were to produce the records described in my order of August 20, 2008. In light of these representations, I stayed the Government's obligation to comply with that order, and deferred consideration of Plaintiff's motion. This stay expired on February 28, 2009, after Mr. Durham did not renew his objection.

       On April 20, 2009, I ordered the Government, inter alia, to produce two sets of documents, which the parties have termed "paragraph 3 documents" and "paragraph 4

1

documents." Paragraph 3 documents are those relating to the content of the destroyed videotapes. The Government's withholding of these documents is the subject of the parties' fifth motion for partial summary judgment, on which I will hear argument on August 20, 2009.

Paragraph 4 documents are those "relating to the destruction of the tapes, which describe the persons and reasons behind their destruction," from the period of April 1, 2002 through June 30, 2003. The Government began to identify these documents pursuant to a schedule approved by my order of July 7, 2009, but represented that the most relevant documents were likely to be dated after the ordered date range. On July 20, 2009, I ordered the Government, inter alia, "to assemble relevant paragraph 4 documents created during the period of June 1, 2005 and January 31, 2006," and, if Mr. Durham objected to production of documents from this more recent range, to arrange for a hearing at which he might justify that objection. Mr. Durham did object, again citing the integrity of his criminal investigation.

Accordingly, I held an ex parte, in camera hearing in chambers on July 29, 2009. It was attended by Mr. Durham, Assistant United States Attorney Edward Kang, CIA Information Review Officer Wendy Hilton, and Federal Bureau of Investigation Inspector David Johnson. Mr. Durham described the scope of his criminal investigation into the destruction of the videotapes, reported that it is ongoing, and described the vast extent of his document reviews.

I accept Mr. Durham's representations, and find that the material issues of Plaintiffs' contempt motion are subsumed by his criminal investigation. I also accept his concern that hearings that I might conduct on the contempt motion would interfere with his investigation. However, identification and production of non-exempt documents from the more recent date range pursuant to my order of July 20, 2009, even if duplicating production to Mr. Durham under grand jury subpoenas, would not interfere. A <u>Vaughn</u> index with respect to

exempt documents, and, if necessary, redaction of compromising Vaughn declarations, would completely protect Mr. Durham's grand jury investigation. Mr. Durham agreed and withdrew that aspect of his objection.

At my invitation, Assistant United States Attorney Sean Lane appeared by telephone at the close of the hearing. I ordered the Government promptly to propose a schedule for identifying paragraph 4 documents, producing non-exempt documents, and submitting a Vaughn index for exempt documents, in compliance with my orders of April 20, 2009 and July 20, 2009, as amended by this current order.

A redacted version of the transcript of the July 29, 2009 hearing will be made available to the public. An unredacted version of the transcript will be filed under seal.

SO ORDERED.

Dated:   July 30, 2009
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge