UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION, et al.,  :
                                         :    **ORDER RESOLVING FOURTH**
                           Plaintiffs,   :    **AND FIFTH SUMMARY**
                                         :    **JUDGMENT MOTIONS**
     -against-                           :
                                         :    04 Civ. 4151 (AKH)
DEPARTMENT OF DEFENSE, et al.,           :
                                         :
                           Defendants.   :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On September 30, 2009, the parties argued two partial summary judgment

motions before this Court.  The Government presented its arguments first in an ex parte,

in camera session attended only by counsel for the Central Intelligence Agency ("CIA")

and the United States Attorney's Office.  Thereafter, both parties were heard in a public

session.  For the reasons stated on the records of both sessions and amplified by this

order, in all but three instances I deferred to the government's withholding of the

information contained in the documents at issue in these motions for summary judgment.

In the three instances where I did not defer to the government, I reserved judgment and

granted the government two weeks to offer more compelling grounds to withhold the

information.

Two categories of documents were at issue.  The first category, which was the

subject of Plaintiffs' fourth motion for partial summary judgment, concerned redactions

in two memoranda, dated May 10, 2005 (referred to as the "Second OLC Memorandum")

and May 20, 2005 (referred to as the "Fourth OLC Memorandum"), issued by the

Department of Justice Office of Legal Counsel ("OLC"), to counsel for the CIA.  The

second category concerned memoranda of various types prepared by CIA officers

regarding the destroyed videotapes of interrogations of persons who had been captured and detained by United States and allied personnel.

As to the first category of documents, Plaintiffs seek (1) the names of certain detainees and the dates of their capture; (2) the CIA's interrogation methods and policy; and (3) the names, titles, and other identifying information of CIA consultants.

I examined the OLC memoranda in full, and compared the redacted and unredacted texts. Since my law clerks are not cleared to the level of classification necessary to review the unredacted memoranda, I examined the unredacted portions alone and described them generically on the record. The redacted portions were declared exempt in a Vaughn index, Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973); Order Granting Preliminary Injunction in Part and Denying in Part, filed Aug. 28, 2008, under Exemptions 1 and 3.

My provisional rulings are expressed in the transcript of the in camera session, which, subject to redactions suggested by the CIA and approved by me, will be made part of the public record. The unredacted memoranda are to be sealed and retained by CIA counsel as part of the record of this case.

I ruled that the redacted portions "contain information concerning intelligence activities, sources and methods, as well as information that would reveal the identities of CIA consultants" and that they are "specifically exempted from disclosure by statute." See 5 U.S.C. § 552(b)(3); National Security Act of 1947, 50 U.S.C. § 403-1(i)(1) (Director of National Intelligence to "protect intelligence sources and methods from unauthorized disclosure"); Central Intelligence Agency Act of 1949, 50 U.S.C. § 403g

(CIA not "require[d] [to publish or disclose] organization, functions, names, official titles, salaries, or numbers of personnel employed by the agency").

I considered the fifth motion for summary judgment, pertaining to the destroyed videotapes, following the same procedure. I previously ordered the CIA to produce all such writings, subject to a <u>Vaughn</u> index, and to bring every tenth document to my chambers for inspection. <u>Vaughn</u>, 484 F.2d at 827; Order Regulating Proposed Work Plan, May 7, 2009. I then sampled the documents produced to me, examining documents of all types and categories in a random fashion. I considered the public declarations of the CIA Director, Leon Panetta, dated June 8, 2009 and September 22, 2009, and his classified declaration, dated June 8, 2009. My provisional rulings are expressed in the transcript of the <u>in camera</u> session. Except for one document my provisional rulings deferred to the classifications of the CIA Director.

The public session took place after the <u>in camera</u> session. My sampling methodology for both categories of documents was accepted by Plaintiffs. After hearing argument from Plaintiffs' counsel, I ruled that I was compelled to defer to the security classifications of the CIA Director. I determined that under Exemption 3, it is inappropriate to consider the legality of the underlying intelligence sources or methods.

FOIA "adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." <u>Halperin v. FBI</u>, 181 F.3d 279, 286 (2d Cir. 1999). FOIA balances "the public's right to know and the government's legitimate interest in keeping certain information confidential." <u>Center for Nat'l Sec. Studies v. DOJ</u>, 331 F.3d 918, 925 (D.C. Cir. 2003) (<u>citing</u> <u>Joe Doe Agency</u>, 493 U.S. at 152). Congress enumerated nine exemptions to FOIA's disclosure

requirements.  These exemptions "are intended to have meaningful reach and application," John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989), but are narrowly construed.  Dep't of the Interior v.  Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001).  Exemption 3 protects from disclosure documents "specifically exempted from disclosure by statute … provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."  5 U.S.C. § 552(b)(3).

Plaintiffs' main argument is that the current administration publicly acknowledged the methods used in CIA interrogations and their illegality under international law.  Plaintiffs argue that since the CIA interrogation procedures, in the abstract, have been released to the general public, there is no legitimate security interest in withholding interrogation procedures used in specific cases, particularly since illegality has been admitted.  Plaintiffs assert that specific names of detainees should also be disclosed.  The CIA asserts the national security interest in maintaining secrecy of the precise methods used in interrogations, the sequences and conditions of their use, and the identities and dates of interrogation of the persons who were interrogated.

Defendants have the burden to show that the "release of the requested information can reasonably be expected to lead to unauthorized disclosure of intelligence sources and methods."  Phillippi v. CIA, 546 F.2d 1009, 1015 n.14 (D.C. Cir. 1976).  The CIA has made such showing, and I ruled that district judges are not qualified to second-guess the security classifications and evaluations of the CIA Director.  The CIA's discretion is "very broad," for the "Director of Central Intelligence, not . . . the judiciary, [is] to weigh the . . . factors in determining whether disclosure . . . may lead to an unacceptable risk of

compromising the Agency's intelligence-gathering process."  CIA v. Sims, 471 U.S. 159, 180 (1985).

Plaintiffs rely on CIA v. Sims for the proposition that illegal activities fall outside the scope of Exemption 3, and are therefore subject to disclosure.  Sims holds, however, that "Congress vested in the Director of Central Intelligence very broad authority to protect all sources of information from disclosure," that § 102(d)(3) of the National Security Act "contains no . . . limiting language," and that the statute "simply and pointedly protects all sources of intelligence that provide . . . information the Agency needs to perform its statutory duties."  Id. at 168-70.

Under Exemption 3, the only issues issue for decision are if a relevant statute authorizing non-disclosure exists and if withheld material is within that statute's coverage.  Fitzgibbon v. CIA, 911 F.2d 755, 761-62 (D.C. Cir. 1990) (quoting Ass'n of Ret. R.R. Workers, Inc. v. U.S. R.R. Ret. Bd., 830 F.2d 331, 336 (D.C. Cir. 1987)).  Courts have previously rejected the ACLU's argument that because the information at issue relates to illegal activities, it lies beyond the reach of Exemption 3.  See, e.g., ACLU v. DOD, 389 F. Supp. 2d 547, 565 (S.D.N.Y. 2005) (noting that nondisclosure may be used to "conceal possible 'violations of law,'" but citing the "small scope for judicial evaluation" when considering Exemption 3); Navasky v. CIA, 499 F. Supp. 269, 273 (S.D.N.Y. 1980) (citing Weissman v. CIA, 565 F.2d 692 (D.C. Cir. 1977); Marks v. CIA, 590 F.2d 997 (D.C. Cir. 1978); Founding Church of Scientology v. NSA, 610 F.2d 824, 829 n.49 (D.C. Cir. 1979) (rejecting plaintiff's argument that activities ultra vires the CIA charter were not protected by Exemption 3, and explaining that "illegality is not a bar to an otherwise valid justification under [E]xemption 3")); Wilmer v. NSA, No. 07-

CV-3883 (DLC), 2008 U.S. Dist. LEXIS 48750, at *16-17 (S.D.N.Y. June 25, 2008)

(rejecting plaintiff's argument that the legality of the intelligence method at issue was

relevant to an Exemption 3 inquiry, and explaining that "Exemption 3 states without

exception that the disclosure requirements of FOIA do not apply to information

'specifically exempted from disclosure by statute'"). "[A]ll that is necessary for the

agency to meet its burden" is to "explain[ ] how disclosure . . . would reveal information"

that would "fall into the category of exemption." Hayden v. CIA, 608 F.2d 1381, 1390

(D.C. Cir. 1979). For the reasons I stated in camera and in the public session, the CIA

has satisfied this burden with respect to the documents described in the public record.

I ruled that the CIA failed to satisfy its burden in three instances. The Agency has

until October 14, 2009 to present a more persuasive justification to trigger an exemption

from FOIA's disclosure requirements. The Clerk shall mark the motions (Doc. Nos. 321,

347, 360, and 366) terminated.

SO ORDERED.

Dated:      New York, New York
            October 12 2009

ALVIN K. HELLERSTEIN
United States District Judge