UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION, et al.,

        Plaintiffs,

        v.                                             04 Civ. 4151 (AKH)

DEPARTMENT OF DEFENSE, et al.,

        Defendants.
------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION, et al.,

        Plaintiffs,

        v.                                             05 Civ. 9620 (AKH)

DEPARTMENT OF JUSTICE, AND ITS
COMPONENT OFFICE OF LEGAL COUNSEL,

        Defendants.
------------------------------------------------------------x

## DECLARATION OF JOHN H. DURHAM

I, John H. Durham, declare as follows:

1. I submit this *Vaughn* declaration in response to the Court's Order of November 17, 2009, and to invoke Freedom of Information Act ("FOIA") Exemption 7(A) to withhold from public disclosure those materials previously identified as documents 54, 56, 59a, and 60.

2. I am counsel to the United States attorney for the District of Connecticut. I have been employed as a federal prosecutor since December 20, 1982, when I became a Trial Attorney for the New Haven Field Office of the Boston Strike Force on Organized Crime. I served as the Strike Force Chief in the District of Connecticut until September 1989. In September 1989, I became Chief of the Criminal Division for the United States Attorney's Office for the District of Connecticut and served in that position until March 1994, when I

became the Deputy United States Attorney for the Office.[1] I became Counsel to the United States Attorney in March 2008. At various times, I have also served as the Interim United States Attorney for the District of Connecticut, Special Attorney in the District of Massachusetts investigating and prosecuting corruption involving law enforcement agencies in Massachusetts, and Special Attorney in the Southern District of New York investigating allegations of corruption within a federal law enforcement agency.

3. On January 2, 2008, Attorney General Michael Mukasey appointed me to serve as Acting United States Attorney for the Eastern District of Virginia in connection with a federal criminal investigation into the destruction of certain videotaped interrogations of detainees by the Central Intelligence Agency (the "CIA" or "the Agency"). In my capacity as Acting United States Attorney for the Eastern District of Virginia, I am responsible for supervising the investigative efforts of a team of lawyers and Special Agents of the Federal Bureau of Investigation conducting the investigation into the CIA tapes matter.

4. On August 24, 2009, Attorney General Eric H. Holder expanded my mandate to include a preliminary review into whether federal laws were violated in connection with the interrogation of certain detainees at overseas locations. In that capacity, I am to recommend to the Attorney General whether there is sufficient predication for a full investigation into whether the law was violated in connection with those interrogations.

5. This declaration is submitted in response to the Court's Order of November 17, 2009, relating to four so-called paragraph 3 documents numbered 54, 56, 59a, and 60 that are at

---

[1] In the District of Connecticut, the Deputy United States Attorney is the position commonly known in other districts as the First Assistant United States Attorney.

issue in the parties' fifth cross-motion for summary judgment.[2] I understand that the Court reviewed these four documents during *ex parte in camera* review sessions that occurred on September 30, October 27, and October 29, 2009, and that on October 29, the Assistant United States Attorneys assigned to this case communicated to the Court that I had invoked FOIA Exemption 7(A) to withhold these four documents.[3] I also understand that on October 29, the Court indicated its intent to defer to my judgment with respect to the withholding of these four documents but required that I provide the Court with periodic updates every six months as to whether FOIA Exemption 7(A) still applies to these documents.

6. By letter dated November 6, 2009, plaintiffs objected that they had not been provided an opportunity to response to my invocation of FOIA Exemption 7(A) as to documents 54, 56, 59a, and 60. On November 12, 2009, I submitted a letter to the Court in response to plaintiffs' objection which set forth the rationale that was previously shared with the Court during the October 29 *in camera* session for withholding these four documents pursuant to FOIA Exemption 7(A).

7. On November 17, 2009, the Court ordered the Government to "show why it is not required to submit a *Vaughn* index for [these four] documents at issue" by November 24, 2009.

8. FOIA Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes to the extent that production of such law enforcement

---

[2] As set forth in the Court's Order of April 20, 2009, paragraph 3 documents relate "to the contents of the tapes" and paragraph 4 documents relate "to the destruction of the tapes." *See* Order Regulating Government's Proposed Work Plan, dated April 20, 2009.

[3] I understand that descriptions of these four documents appear in the *Vaughn* index attached to the Declaration of Leon Panetta executed and filed on June 8, 2009, in support of the CIA's fifth motion for summary judgment.

3

records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). I have reviewed documents 54, 56, 59a, and 60, and determined that for the reasons explained to the Court during our conference on July 29, 2009, as outlined below, the release of any portion of these four documents would interfere with the ongoing criminal investigation into the destruction of the tapes.

9. The Court has previously upheld my invocation of FOIA Exemption 7(A) with respect to paragraph 4 documents. As background, on July 29, 2009, I met with the Court to address whether the Court's orders requiring the CIA to search and process records relating to its destruction of videotaped interrogations of certain detainees (the paragraph 4 documents) would interfere with the ongoing criminal investigation into the destruction of those same videotapes.[4] During that conference, the Court concluded that the contempt proceeding was subsumed by the criminal investigation. *See* Transcript of July 29, 2009 Conference ("Tr.") at 25 (noting that the criminal investigation "seemed to embrace everything that [the Court] was doing in this contempt proceeding"); *see also* Court Order, dated July 30, 2009, at 2 ("the material issues of Plaintiffs' contempt motion [in this case] are subsumed by his criminal investigation"). The Court also noted that it "would not want to interfere" with the criminal investigation by ordering "interviews and depositions and hearings and the like." Tr. at 25.

10. On the issue of the paragraph 4 documents, during the July 29 conference the Court concluded that there "would be virtue in conducting and creating a Vaughn index with

---

[4] I understand that a redacted transcript of our July 29, 2009, conference has been made available for the parties' review. As the Court is aware, that transcript, which is referred to herein, omitted those portions of the conference which discussed classified information and/or sensitive information relating to an ongoing investigation.

4

respect to the documents that would be responsive to [the Court's] orders."[5] Tr. at 26. However, the Court made clear that it would not require the production of the paragraph 4 documents to the extent that such production would interfere with the ongoing criminal investigation. *See* Tr. at 26 ("there would not be actual production, that is giving over of documents that were alive in terms of [the criminal investigation]"); *see also* Tr. at 22 ("What I envision is an identification of the documents. . . . So far [the paragraph 4 documents] have not been given over. And they won't be given over."). To highlight this understanding, the Court noted that the Government would be free to assert FOIA Exemption 7 with respect to those paragraph 4 documents that would interfere with the ongoing criminal investigation but were not covered by an otherwise applicable exemption. *See* Tr. at 23 ("That's exemption 7. So it seems to me that the exemption would be claimed and that anything that in your good faith judgment would potentially adversely affect your investigation would not be given over to the applicant.").

11. In a letter dated October 20, 2009, I informed the Court that I had reviewed a subset of paragraph 4 documents that the CIA had identified as containing releasable information, and that I had invoked Exemption 7(A) to withhold these documents because, for the reasons stated during the July 29 conference, the release of those documents would interfere

---

[5] The *Vaughn* index or indices contemplated in this discussion was an index to be submitted by the CIA. I understand that on November 20, 2009, the CIA submitted a *Vaughn* index and declaration with respect to the paragraph 4 Office of Inspector General documents. I also understand that the CIA is currently processing approximately 150 electronic paragraph 4 documents, and that a December 23 processing deadline is contemplated and that a *Vaughn* index and declaration are to be submitted on January 8, 2010. As stated in the Government's letter to the Court of October 30, 2009, I intend to review any proposed releases from this subset of paragraph 4 documents to determine if it could interfere with the ongoing criminal investigations and thus be appropriately exempt under FOIA Exemption 7(A).

5

with the ongoing criminal investigation.[6] I explained that each of the paragraph 4 documents related directly to the issues that the criminal investigators are actively examining, namely who destroyed the tapes, who made the decision to destroy, and whether there was the requisite criminal intent in connection with the destruction to warrant federal charges being brought against anyone. Therefore, as contemplated during the July 29 conference, I respectfully requested that those 13 paragraph 4 documents be withheld from public disclosure pursuant to FOIA Exemption 7(A).

12. For these same reasons, I have invoked FOIA Exemption 7(A) with respect to 54, 56, 59a, and 60. Specifically, each of these documents relates directly to the issues that the criminal investigators are actively examining, namely who destroyed the tapes, who made the decision to destroy, and whether there was the requisite criminal intent in connection with the destruction to warrant federal charges being brought against anyone. In other words, while these four documents were categorized as paragraph 3 documents reflecting the contents of the videotapes, they also qualify as paragraph 4 documents because they contain information that relates to the destruction of the videotapes. Therefore, as contemplated during our conference on July 29 and by the Court's holdings with respect to paragraph 4 documents, I hereby invoke, and respectfully request that the Court uphold my invocation of, Exemption 7(A) with respect to

---

[6] While my letter did not identify the total number of paragraph 4 documents that I reviewed, I can confirm that to date I have invoked FOIA Exemption 7(A) to a total of 13 paragraph 4 documents.

documents 54, 56, 59a, and 60.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 24, 2009.

_____
JOHN H. DURHAM