UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION, et al., :
: **ORDER RESOLVING FOURTH**
Plaintiffs, : **AND FIFTH SUMMARY**
: **JUDGMENT MOTIONS**
-against- :
: 04 Civ. 4151 (AKH)
DEPARTMENT OF DEFENSE, et al., :
:
Defendants. :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The parties in the above-captioned case appeared before me on September 30, 2009 for oral argument on their fourth and fifth motions for partial summary judgment. On the same date, the Government also attended an *in camera* session to present its arguments regarding the specific documents at issue.

    I ordered the Government to review the transcript of the *in camera* session and to propose for the Court's review redactions to that transcript to allow as complete as possible a public record of that *in camera* session. I subsequently issued an order memorializing my decision to defer to the Government's withholding of information contained in the documents at issue in both motions, with the exception of certain instances in which I ordered the Government to provide further support to justify the withholding of information.

    During subsequent *in camera* sessions held on October 27 and October 29, 2009, I reviewed the additional justification provided by the Government in the form of classified declarations, filed with the Court Security Officer, from James L. Jones, Assistant to the President for National Security and National Security Advisor and Wendy M. Hilton, Associate Information Review Officer at the CIA. Both of these declarations were submitted in further support of CIA's withholding from the Second and Fourth OLC Memoranda of what the CIA

1

refers to as an intelligence method but what I consider to be more appropriately characterized as a source of authority. Transcript of Proceedings, dated Sept. 30, 2008, at 5-6 (the "Withheld Information").

During the October 27 and October 29 *in camera* sessions, I also reviewed documents 54, 56, 59a,[1] and 60 of the sample set of documents at issue in the fifth motion for partial summary judgment and the Government's proposed redactions to the transcript of the *in camera* proceedings of September 30, 2009. During those sessions, Government counsel communicated to the Court that, in light of his pending criminal investigation, Special Prosecutor John H. Durham invoked FOIA Exemption 7(A) to withhold information that the CIA proposed for release in Documents 54, 56, 59a, and 60. Mr. Durham filed a declaration, dated November 24, 2009, to support his invocation of Exemption 7(A) for documents 54, 56, 59a and 60. By letter dated December 4, 2009, Plaintiffs stated that they did not challenge Mr. Durham's invocation of Exemption 7(A) with respect to documents 54, 56, 59a and 60 but did not waive their right to challenge any future invocation by Mr. Durham of Exemption 7(A) with respect to so-called paragraph four documents, which relate to the destruction of the CIA videotapes.

Consistent with my rulings at the October 29, 2009 *in camera* session, I hereby order the following:

    1.    With respect to the Withheld Information in the Second and Fourth OLC Memoranda, the Court does not defer to the Government's determination that this information

---

[1] Document 59 is handwritten notes of a CIA employee discussing the CIA interrogation videotapes with a CIA attorney. *See* Entry 59 of *Vaughn* Index attached to the unclassified Declaration of Leon E. Panetta, Director of the CIA, dated June 8, 2009. Following the Court's review of Document 59 on September 30, 2009, the CIA located the final version of Document 59, a typed report containing the same information as the handwritten, earlier version. Accordingly, at the *in camera* sessions on October 27 and 29, the Court reviewed the CIA's line-by-line justifications and proposed releases of this final, typed version of the document, which the CIA and the Court referred to as Document 59a.

2

should be withheld under Exemptions 1 and 3, and finds that the Withheld Information should be released for the reasons set forth. The Withheld Information should be released as follows: on page 5 (redaction on line 10 of first paragraph) and page 29 (redaction on line 8 of first full paragraph) of the Second OLC Memoranda and on page 4 (first full paragraph), page 5 (first sentence of the bottom paragraph) and page 7 (redaction made to lines 4-5 of second paragraph under the heading "2.") of the Fourth OLC Memoranda. In order to address the Government's national security concerns, however, the Court orders that specific words be inserted in brackets to replace the actual text of the documents in certain limited instances, with the inserted words used to preserve the meaning of the text. The Court's complete ruling on the Withheld Information is reflected in the transcripts of the *in camera* session that occurred on October 29, 2009, including the sealed exhibits to the transcript that consist of the two relevant OLC memoranda that were annotated during the session to reflect the Court's ruling. If the Government does not wish to insert in brackets the text set forth by the Court, the Government in the alternative must release the corresponding actual text in those specific parts of the documents.

  2.  With respect to documents 54, 56, 59a, and 60, to the extent the CIA has identified releasable information within these four documents, the Court defers to Special Prosecutor Durham's invocation of FOIA Exemption 7(A) to withhold the release of any information contained within the four documents while his investigation is pending. As to Ms. Durham's invocation of Exemption 7(A), and any other such 7(A) invocations, the Court further orders that Mr. Durham must renew his assertion, as appropriate, of Exemption 7(A) every six months and that, in any event, Mr. Durham should promptly advise the Court of any events that subsequently render his assertion of Exemption 7(A) inapplicable to the documents in question.

3. With respect to the Government's proposed redactions to the transcript of the *in camera* session that occurred on September 30, 2009, the Court defers to the Government's redactions except orders the release of additional information relating to the Withheld Information, that is the subject of the Court's ruling in paragraph 1 above, as follows: page 7, lines 1, 4-7, 18-21; page 10, lines 6-12; page 11, lines 7-9, 15-16; page 12, lines 7-10, 19-20; page 18, line 9; page 20, lines 21-25; page 21, lines 1-5, 16-21; page 22, line 1; and, page 26, lines 24-25.

4. The Government is granted a stay for 30 days to permit it time to determine whether it will appeal the Court's disclosure rulings set forth in numbered paragraphs 1 and 3 above.

SO ORDERED.

Dated:   December 29, 2009
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge