UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                              :
AMERICAN CIVIL LIBERTIES UNION, et al.,       :   **ORDER GRANTING MOTION**
                                              :   **FOR RECONSIDERATION**
                          Plaintiffs,         :
                                              :   04 Civ. 4151 (AKH)
     -against-                                :
                                              :
DEPARTMENT OF DEFENSE, et al.,                :
                                              :
                          Defendants.         :
                                              :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs, the American Civil Liberties Union and allied parties, move for reconsideration of my Order of December 29, 2009. That Order granted in part, and denied in part, Plaintiffs' fourth and fifth motions for summary judgment. Plaintiffs' motions for summary judgment sought disclosure, under the Freedom of Information Act, 5 U.S.C. § 552 et seq., and the striking down of the Government's claims of exemption, regarding various documents which the Government had identified pursuant to my previous orders.

       Plaintiffs' motion for reconsideration is granted. The issues, of extraordinary public moment, demand full adversarial treatment. The *in camera* procedures that I developed for review of the documents did not permit such adversarial treatment. See Proposed Protocol for Examining CIA Documents Where Exemption 1 is Claimed, ACLU v. Department of Defense (Feb. 6, 2008) (copy appended hereto).

       Vitally important questions need to be briefed and argued. For example, are documents describing the techniques and procedures allegedly used by the CIA in questioning persons detained by the armed forces of the United States and its allies

1

exempt from disclosure under FOIA if those techniques and procedures allegedly violate applicable law? Plaintiffs are challenging the government's right to redact, under FOIA Exemptions 1 and 3,[1] documents "related to the identity and dates of capture of detainees; intelligence methods and CIA standard interrogation policy; and the names, titles, and other identifying information of individuals consulted by the CIA," Plaintiffs' Motion for Reconsideration at 5; descriptions of "Enhanced Interrogation Techniques" relating to specific individuals that "differed from descriptions in the abstract contained in the previously-released OLC memoranda," Id. at 7 (internal quotations omitted); whether disclosure would "lead to an unacceptable risk of compromising the Agency's intelligence-gathering process," Id. at 9 (internal quotations omitted); whether judicial deference to the CIA director is owed if the intelligence methods, albeit not legal, are considered necessary to extract information considered vital from detainees unwilling to provide information, and the like.

In most, but not all, instances, I gave deference to the decisions of the Director of the CIA, and upheld the redactions. Plaintiffs challenge my decision. Because of the process necessarily used, their motion for reconsideration is the only

---

[1] Exemptions 1 and 3 exclude from FOIA's disclosure requirements matters that are:

(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;
. . .
(3) specifically exempted from disclosure by statute (other than section 552b of this title) provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]

5 U.S.C. § 552(b)(1) & (b)(3).

feasible means by which they could brief the issues in relation to specific redactions. Accordingly, I grant plaintiffs' motion for reconsideration.

The Government's opposition will be due February 18, 2010; Plaintiffs' reply, by March 1, 2010. I will hear argument in courtroom 14D, on the public record, on March 11, 2010 at 2:30 p.m.

SO ORDERED.

Dated: New York, New York
January 26, 2010

ALVIN K. HELLERSTEIN
United States District Judge

# MEMORANDUM

## Chambers of Alvin K. Hellerstein
## 500 Pearl Street, Room 1050
## New York, NY 10007
## Tel. No. (212) 805-0152

Date: February 6, 2008

To: Parties in <u>ACLU v. DOD</u>, 04 Civ. 4151

From: Hon. Alvin K. Hellerstein

Re: Proposed Protocol for Examining CIA documents where Exemption 1 is Claimed

The following is a tentative procedure for the <u>in camera</u> review of the remaining disputed CIA documents that both parties should review before the conference call scheduled for early this evening. There are also a few additional questions I would like feedback on from you, in light of recent testimony by senior government officials before Congress.

1. Plaintiff will identify the documents, by sequence number taken from the Dorn Declaration, that are to be sampled.

2. Defendants will bring all documents (not only those to be sampled) to chambers.

3. Persons to be present: Judge, Law Clerk, Court Reporter, Gov't counsel, CIA representatives.
    a. Only the Judge will conduct document reviews where Exemption 1 (national security) is claimed.
    b. Only non-classified information, as determined by Gov't counsel or CIA, will be related and transcribed onto the record.
    c. Hence, law clerk can be present, and court reporter does not have to be cleared; neither will have access to documents claimed as exempt for purposes of national security.

4. Judge will review sampled documents sequentially.

5. Judge will identify document being reviewed:
    a. By sequence number in Dorn Declaration, date, and number of paragraphs and pages;
    b. By authors and recipients;
    c. By general description, non classifiable, of each sentence in each paragraph.

1

6. Judge will express rulings regarding availability of exemption, and presence of any segregable matters, immediately following each reviewed document, again without disclosing anything classifiable.

7. Depending on rulings, court reserves right to expand the field of samples.

8. Since the record will not contain any classifiable matter, transcript will be filed on the docket and available publicly. The CIA will be permitted to review the transcript before it is placed on the public record.

9. Questions the Judge would like comments on:

    a. If an interrogation practice that was formerly used is no longer in use, do the relevant exemptions still apply? For example, if the subject of a document to be exempted is the practice of waterboarding, and in light of recent testimony by the Director of the CIA indicating that the practice is no longer in effect, should the exemption still be considered?

    b. Should interrogation practices that continue to be practiced be subjects of exemption, and should it be assumed that our enemies are aware of these practices, so that secrecy should be limited only to practices that may not be used?