USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, CENTER FOR CONSTITUTIONAL RIGHTS, PHYSICIANS FOR HUMAN RIGHTS, VETERANS FOR COMMON SENSE, and VETERANS FOR PEACE,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE and its components DEPARTMENT OF ARMY, DEPARTMENT OF NAVY, DEPARTMENT OF AIR FORCE, DEFENSE INTELLIGENCE AGENCY; DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF JUSTICE and its components CIVIL RIGHTS DIVISION, CRIMINAL DIVISION, OFFICE OF INFORMATION AND PRIVACY, OFFICE OF INTELLIGENCE POLICY AND REVIEW, FEDERAL BUREAU OF INVESTIGATION; DEPARTMENT OF STATE; and CENTRAL INTELLIGENCE AGENCY,<br><br>Defendants. | DOCKET NO.: 1:04-CV-4151 (AKH) |
| AMERICAN CIVIL LIBERTIES UNION, CENTER FOR CONSTITUTIONAL RIGHTS, PHYSICIANS FOR HUMAN RIGHTS, VETERANS FOR COMMON SENSE, and VETERANS FOR PEACE,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE and its component OFFICE OF LEGAL COUNSEL,<br><br>Defendants. | DOCKET NO.: 1:05-CV-9620 (AKH) |

~~[PROPOSED]~~ e
ORDER OF FINAL JUDGMENT ON FOURTH AND FIFTH
MOTIONS FOR PARTIAL SUMMARY JUDGMENT

WHEREAS, Plaintiffs' complaints in the above-captioned cases seek the release of records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from, among others, the Central Intelligence Agency ("CIA") and the Department of Justice's Office of Legal Counsel ("OLC");

WHEREAS, the parties filed their fourth and fifth cross-motions for partial summary judgment relating to records withheld in full or in part as exempt from release under FOIA by the CIA and the OLC, *see* docket entries 321–25, 347–49, 353–55, 360–62, 364, 366–67, 384–86, 395, 414, 418;

WHEREAS, the Court conducted *in camera* review of the documents at issue in the motions and heard oral argument on the motions on September 30, 2009;

WHEREAS, the Court ruled at the oral argument that, with several exceptions, the government's withholdings of the documents at issue were proper under exemptions to FOIA;

WHEREAS, the Court ordered the government to review the transcript of the *in camera* session on September 30, 2009 and to propose for the Court's review redactions to that transcript to allow as complete as possible a public record of that *in camera* session;

WHEREAS, the Court allowed the government to submit additional authority to attempt to justify the redactions for which the Court held that the government had failed to satisfy its burden of withholding under FOIA;

WHEREAS, the Court memorialized its rulings in an order dated October 13, 2009, *see* docket entry 389;

WHEREAS, the Court conducted additional *in camera* sessions on October 27, 2009 and October 29, 2009 to review: (1) the classified declarations provided by the government as additional support for the withholding of the redactions preliminarily held to be unjustified at

oral argument and in the October 13, 2009 order, and (2) the government's proposed redactions to the transcript of the *in camera* proceedings of September 30, 2009;

WHEREAS, after the additional *in camera* sessions, the Court held that the government failed to justify the withholding of five redactions in the OLC memos at issue in the parties' fourth cross-motions for partial summary judgment;

WHEREAS, the Court memorialized its rulings following the additional *in camera* sessions in an order dated December 29, 2009, *see* docket entry 398;

WHEREAS, the Court's December 29, 2009 order ordered the government to release fourteen of the government's proposed redactions to the transcript of the *in camera* proceedings of September 30, 2009 that contain information that is the subject of the Court's ruling with respect to the five redactions in the OLC memos at issue in the parties' fourth cross-motions for partial summary judgment (the "Transcript Redactions"), *see* docket entry 398 at p. 4, ¶ 3;

WHEREAS, the Court stayed the government's obligation to disclose five redactions in the OLC memos at issue in the parties' fourth cross-motions for summary judgment and the Transcript Redactions, *see* docket entries 398, 404, 407, 421–22.

WHEREAS, Plaintiffs filed a motion seeking partial reconsideration of the Court's disposition of the fourth and fifth cross-motions for partial summary judgment, *see* docket entries 399–400, 411–12, 415;

WHEREAS, the Court granted the motion for reconsideration and held oral argument on March 24, 2010 to discuss the issues raised in the motion, *see* docket entry 403;

WHEREAS, the Court adhered to its original disposition of the parties' fourth and fifth cross-motions for partial summary judgment, in an order issued on July 15, 2010, *see* docket entry 420;

2

IT IS HEREBY ORDERED, consistently with the Court's rulings referenced above that,

1. The parties' fourth cross-motions for partial summary judgment are granted in part and denied in part as set forth in the Court's previous rulings, referenced above.
2. Plaintiffs' fifth motion for partial summary judgment is denied, and the government's fifth motion for partial summary judgment is granted, as set forth in the Court's previous rulings, referenced above.
3. The Court enters final judgment with respect to the parties' fourth and fifth cross-motions for partial summary judgment because there is no just reason for delay of any appeal of these rulings. See Fed. R. Civ. P. 54(b). Prompt appeal of the segregable issues presented by the motions is in the interests of the public and judicial administration.
4. The order of December 29, 2009, requiring the government to disclose portions of the OLC memoranda at issue in the parties' fourth motions for partial summary judgment and the Transcript Redactions is stayed until the latest of: (i) 60 days from the date of entry of this Order of Final Judgment, (ii) if the government appeals this Order of Final Judgment, 60 days after the issuance of the mandate by the United States Court of Appeals for the Second Circuit affirming any part of this Order of Final Judgment requiring the government to disclose information, (iii) 30 days after the Supreme Court denies any petition for a writ of *certiorari* from a judgment of the Second Circuit affirming any part of this Order of Final Judgment requiring the government to disclose information, or (iv) 30 days after the Supreme Court enters judgment affirming any part of this Order of Final Judgment requiring the government to disclose information.

5. The Clerk shall enter judgment accordingly.

SO ORDERED.

Dated: Oct. 1, 2010

_____
ALVIN K. HELLERSTEIN
United States District Judge