UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES UNION,
et al.,

      Plaintiffs,

   v.

DEPARTMENT OF DEFENSE, et al.,

      Defendants.

04 Civ. 4151 (AKH)

## DECLARATION OF STEPHEN W. PRESTON, GENERAL COUNSEL, CENTRAL INTELLIGENCE AGENCY

I, STEPHEN W. PRESTON, hereby declare and state:

1.  I am General Counsel of the Central Intelligence Agency (CIA).  Prior to taking office on 1 July 2009, I was in the private practice of law.  I also previously served as the Principal Deputy General Counsel of the Department of Defense from 1993 to 1995; as Deputy Assistant Attorney General in the Civil Division of the Department of Justice from 1995 to 1998; and as General Counsel of the Department of the Navy from 1998 to 2000.

2.  Section 20 of the Central Intelligence Agency Act of 1949, as amended, 50 U.S.C. § 403t, establishes the position of General Counsel of the CIA.  The General Counsel serves as the chief legal officer of the CIA and performs such functions as the Director of the CIA may prescribe.

3.   Through the exercise of my official duties, I am familiar with this civil action.   I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

4.   In March 2011, representatives of the Department of Justice (DOJ) briefed the Director and other senior CIA managers, including me, on the DOJ criminal investigation into the November 2005 videotape destruction that is also the subject of Plaintiff's Motion for Contempt and Sanctions.   Our particular focus was on process or systemic issues that are associated with the destruction incident and are amenable to remedial action.   The purpose of this declaration is to describe for the Court the remedial measures that the Agency, specifically the Office of General Counsel (OGC), has adopted or will soon be implementing.

5.   As a current and former agency general counsel, as well as a litigator both at DOJ and in private practice, I understand and appreciate the importance of the responsibilities of government lawyers as agency counsel and officers of the court. In addition, in the present context and otherwise, I have discussed with the Director and OGC colleagues the imperative of strict compliance with applicable law in all CIA activities and the role of OGC in ensuring legal compliance.   At the Director's insistence, and with his full support, I will do my utmost to

see to it that the attorneys in this office fulfill their responsibilities as agency counsel to the best of their ability, including with respect to obligations to the courts relating to document preservation.

6. OGC takes very seriously the obligation to preserve documents for use in criminal proceedings and civil litigation. Accordingly the remedial action being taken is focused first on specifically ensuring that any Agency-internal proposal to destroy documents is given a thorough and well-documented legal review. OGC is promulgating a new policy that establishes a formal procedure for handling client proposals to destroy documents (outside the existing process for routine management of Agency materials under the terms of the Federal Records Act and its implementing Records Control Schedules). Pursuant to this policy, such proposals will be forwarded to an OGC senior manager, who will facilitate consideration of relevant circumstances and coordination with the appropriate internal and external entities. Once coordination is complete and the Agency's legal obligations are determined, the OGC senior manager will recommend to the General Counsel whether or not to approve the proposal as a legal matter. Compliance with this procedure, as well as the legal analysis supporting the decision, will be documented. In addition, OGC is promulgating a new policy that covers document preservation instructions

("preservation orders" in Agency parlance), providing practical guidance to attorneys for when and how such instructions should be issued and implemented in connection with, among other things, criminal proceedings and civil litigation.

7.   Beyond matters of document preservation and destruction, OGC also takes very seriously the professionalism of its members and the quality of the legal services they provide generally.  Per my direction, as soon as practicable, we will have a one-day, office-wide "Professional Practice Stand-down" during which everyone will be expected to set aside their usual workloads (to the extent possible) and reflect on their practice as lawyers.  Centered on an all-hands conference, we will use this as an opportunity to provide training on the new OGC policies described above and otherwise discuss document issues.  The Stand-down will serve to enhance awareness of broader issues of professional practice such as the proper role of agency counsel, assisting clients in achieving their objectives and in complying with the law at the same time, informal advice versus written opinions, etc.  To that end, the conference is to include one or more outside speakers (e.g., senior federal judge, former DOJ official, former agency general counsel) to address professional responsibilities of CIA attorneys and the challenging operational environment in which they work.  While the Stand-down should have its intended

effect, we do not see this as a one-day undertaking.  To the contrary, our intention is to revisit these document- and practice-related issues from time to time and, especially, with new hires as they join our office.

8.  OGC is keenly aware of the need to provide Agency clients with clear, sound and objective legal guidance in the area of document preservation, and generally.  That said, without commenting on the destruction incident here, no policy or training can guarantee that an Agency officer will not take it upon himself to act as he sees fit, perhaps contrary to policy or express instructions.  Such events are situation-specific and may be largely a matter of leadership.  The Director and I have spoken about this at some length.  He has no tolerance for insubordination, and he has personally emphasized to his leadership team the role of the chain of command and his expectation that he will be consulted and his direction will be followed in all matters significantly affecting the mission of the Agency, to include any similar to the destruction incident here.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this _15th_ day of April, 2011

_____
Stephen W. Preston
General Counsel
Central Intelligence Agency