*Hellenstein, J*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES
UNION, CENTER FOR
CONSTITUTIONAL RIGHTS,
PHYSICIANS FOR HUMAN RIGHTS,
VETERANS FOR COMMON SENSE,
and VETERANS FOR PEACE,

    Plaintiffs,

v.

DEPARTMENT OF DEFENSE et al.,

    Defendants.

---

No. 1:04-CV-4151 (AKH)

ECF Case

**STIPULATION AND ORDER**

WHEREAS, plaintiffs the American Civil Liberties Union, Center for Constitutional Rights, Physicians for Human Rights, Veterans for Common Sense, and Veterans for Peace (collectively, "Plaintiffs") filed this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of certain information by, among others, the Central Intelligence Agency ("CIA" or the "Government"), in connection with an earlier administrative request for the same information; and

WHEREAS, on December 12, 2007, Plaintiffs filed a motion seeking contempt and sanctions against the CIA, alleging that the CIA should be held in contempt and was liable for sanctions due to the destruction by its personnel, in November 2005, of certain videotapes of interrogations of detainees conducted, which, Plaintiffs alleged, were responsive to their FOIA requests in this action, and should have been processed by the CIA in connection with this action (the "Motion for Contempt and Sanctions") (Dkt. No. 255); and

WHEREAS, on January 2, 2008, then Attorney General Michael Mukasey announced the appointment of John H. Durham, then First Assistant United States Attorney for the District of Connecticut ("Prosecutor Durham"), to launch a full criminal investigation into the destruction by CIA personnel of the videotapes; and

WHEREAS, following an initial round of briefing on Plaintiffs' Motion for Contempt and Sanctions, in the third numbered paragraph of an order dated April 20, 2009 (the "April 20, 2009 Order"), the District Court ordered the Government to "produce records relating to the content of the tapes . . . from the entire period of the tapes that were destroyed[,] . . .[from] April through December 2002." (Dkt. No. 339). (Documents described in that paragraph became known in this action as the "paragraph 3 documents."); and

WHEREAS, in the fourth numbered paragraph of the April 20, 2009 Order, the Court ordered the Government to "produce documents relating to the destruction of the tapes, which describe the persons and reasons behind their destruction," for the period from "April 1, 2002 through June 30, 2003." (Documents described in that paragraph became known in this action as the "paragraph 4 documents.") After the CIA informed the Court that the most relevant documents concerning the persons and reasons behind the destruction of the videotapes were likely dated after that time period (see Dkt. No. 369), and pursuant to Plaintiffs' request that the Court accordingly expand the date range for documents relating to the CIA's destruction of the tapes, the Court ordered the CIA to gather and process paragraph 4 documents created during the period of June 1, 2005 to January 31, 2006. See. Order dated July 20, 2009 (Dkt. No. 365); and

WHEREAS, the Government withheld certain of the paragraph 3 and paragraph 4 documents under 5 U.S.C. § 552(b)(7)(A), based on an assertion by Prosecutor Durham that

2

those documents were compiled for law enforcement purposes and contained information that could reasonably be expected to interfere with enforcement proceedings ("Prosecutor Durham's Withholdings"); and

WHEREAS, in an Opinion and Order dated October 5, 2011, the Court denied Plaintiffs' motion to hold the CIA in civil contempt (the "October 5, 2011 Order"), but ordered the CIA to pay Plaintiffs the "costs [Plaintiffs] incurred in prosecuting the contempt motion . . . [as well as] reasonable attorneys' fees and costs associated with litigation over the paragraph 3 and paragraph 4 documents." October 5, 2011 Order at 26. (Dkt. No. 472); and

WHEREAS, pursuant to the October 5, 2011 Order, Plaintiffs seek attorneys' fees and costs associated with the following written submissions made to the Court in connection with the prosecution of their Motion for Contempt and Sanctions: (1) Plaintiffs' December 12, 2007 Motion for Contempt and Sanctions and accompanying submissions (Dkt. Nos. 254-256); (2) Plaintiffs' December 19, 2007 supplemental brief in support of their Motion for Contempt and Sanctions (Dkt. No. 266); (3) Plaintiffs' January 14, 2008 reply brief in support of their Motion for Contempt and Sanctions (Dkt. No. 272); (4) Plaintiffs' January 15, 2008 supplemental submission in support of their Motion for Contempt and Sanctions (Dkt. Nos. 274-76); (5) Plaintiffs' February 15, 2011 supplemental memorandum of law in support of their Motion for Contempt and Sanctions (Dkt. Nos. 449-50); (6) Plaintiffs' April 29, 2011 supplemental reply brief in support of their Motion for Contempt and Sanctions; (7) Plaintiffs' supplemental letter to the court dated September 28, 2011 (Dkt. No. 470); and (8) all other written submissions to the Court made by Plaintiffs in connection with their Motion for Contempt and Sanctions (collectively, "Plaintiffs' Contempt Written Submissions"); and

WHEREAS, pursuant to the October 5, 2011 Order, Plaintiffs seek attorneys' fees and costs associated with the following court appearances in connection with their Motion for Contempt and Sanctions: (1) the oral argument held on January 17, 2008; (2) the status conference held on August 18, 2008; (3) the status conference held on July 15, 2009; (4) the status conference held on January 14, 2011; and (5) the oral argument held on August 1, 2011 (collectively, "Plaintiffs' Contempt Court Appearances"); and

WHEREAS, pursuant to the October 5, 2011 Order, Plaintiffs seek attorneys' fees and costs associated with the following other work in connection with the paragraph 3 and paragraph 4 documents: (1) Plaintiffs' efforts at negotiating a disclosure schedule for the paragraph 3 and paragraph 4 documents; (2) reviewing and responding to Prosecutor Durham's Withholdings; (3) Plaintiffs' July 24, 2009 Fifth Cross-Motion for Summary Judgment and opposition to the Government's Fifth Motion for Summary Judgment, which addressed Plaintiffs' challenges to the Government's withholdings of the paragraph 3 documents (Dkt. Nos. 366-67); (4) the September 30, 2009 oral argument on the parties Fifth Cross-Motion for Summary Judgment; (5) fifty percent (50%) of the work done in connection with Plaintiffs' January 15, 2010 Motion for Reconsideration of the district court's order resolving the parties Fourth and Fifth Cross-Motions for Summary Judgment (the "Motion for Reconsideration") (Dkt. Nos. 399-400); (6) fifty percent (50%) of the work done in connection with Plaintiffs' March 12, 2010 reply brief in support of Plaintiffs' Motion for Reconsideration (Dkt. No. 415); (7) fifty percent (50%) of the work done in connection with the March 24, 2010 oral argument on Plaintiffs' Motion for Reconsideration (Dkt. No. 416); (8) all other written submissions to the Court made by Plaintiffs in connection with the parties Fifth Cross-Motion for Summary Judgment; (9) fifty percent (50%) of the work done in connection with all other written submissions to the Court in

connection with the Motion for Reconsideration; and (10) Plaintiffs' cross-appeal to the United States Court of Appeals for the Second Circuit from the final judgment entered by the Court on October 1, 2010 (Dkt. No. 427), which entered final judgment on the Court's orders denying Plaintiffs' Fifth Cross-Motion for Summary Judgment (2d Circuit Dkt. Nos. 10-4647 and 10-4668) (collectively, the "Paragraph 3 and Paragraph 4 Work");

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1. The CIA shall pay to the Plaintiffs the sum of $400,000 in attorneys' fees and litigation costs, pursuant to the October 5, 2011 Order, which sum Plaintiffs agree to accept as full payment of any attorneys' fees and costs Plaintiffs have incurred or will incur in this action for services performed in connection with: (1) Plaintiffs' Contempt Written Submissions; (2) Plaintiffs' Contempt Court Appearances; and (3) the Paragraph 3 and Paragraph 4 Work. No other attorneys' fees and costs are addressed by this stipulation and it is entirely without prejudice to Plaintiffs' forthcoming application for fees and costs with regard to other aspects of this litigation, as to which all parties reserve all rights other than that Plaintiffs are not entitled to any further recovery in connection with: (1) Plaintiffs' Contempt Written Submissions; (2) Plaintiffs' Contempt Court Appearances; and (3) the Paragraph 3 and Paragraph 4 Work.

2. The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not include herein shall be of any force or effect.

3. Counsel will appear before me on Friday, Nov. 2, 2012, 10:00 am, to discuss procedures and briefing schedules for the issues of fees and allowances which pls seek to recover, and to identify any other issues not resolved in this case.

10/19/12

[signature]

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
TARA M. La MORTE
AMY A. BARCELO
Assistant United States Attorneys
86 Chambers Street, 3rd floor
New York, NY 10007
Tel.: (212) 637-2746/6559
Fax: (212) 637-2730
Email: tara.lamorte2@usdoj.gov
amy.barcelo@usdoj.gov
*Counsel for the Government*

GIBBONS P.C.

By: _____
Lawrence S. Lustberg
Jonathan Manes
GIBBONS, P.C.
One Gateway Center
Newark, NJ 07102-5310
Tel: (973) 596-4731
Fax: (973) 407-4765
Email: LLustberg@gibbonslaw.com

Alexander A. Abdo
Jameel Jaffer
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2517
Fax: (212) 549-2654
aabdo@aclu.org

Michael Ratner
Gitanjali Gutierrez
Emilou MacClean
Shayana Kadidal
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Beth Haroules
Arthur Eisenberg
NEW YORK CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street
New York, NY 10004

*Counsel for Plaintiffs*

SO ORDERED, as amended
10/19/12
_____
ALVIN K. HELLERSTEIN
United States District Judge

Judge wrote on pg. 5:

"3. Counsel will appear before me on Friday, November 2, 2012, 10:00 a.m., to discuss procedures and briefing schedules for the issues of fees and allowances which plaintiffs seek to recover, and to identify any other issues not resolved in this case.

10-19-12
Alvin K. Hellerstein"