

JOHN J. GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

PORTIA D. PEDRO *
BENJAMIN YASTER

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

* Admitted to NY Bar Only

December 6, 2013

Honorable Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007-1312

>   Re: **American Civil Liberties Union, et al. v. Department of Defense, et al,
>   04-cv-4151**

Dear Judge Hellerstein:

Pursuant to the conversation between the parties and Your Honor's law clerk in November, the parties agreed to provide the Court with a report as to the status of this matter by today, December 6, 2013. We here jointly do so.

First, with regard to the processing and release of the final, remaining CIA records, on September 25, 2013, the Government requested, and Plaintiffs agreed to, a deadline of November 22, 2013 for the processing and release of these records. The Government then requested an extension of this deadline, as a result of the Government shutdown in October, until today, Friday, December 6, 2013, and notified Plaintiffs that not all of the records would be released by that date because of the CIA's outstanding referrals to another federal agency. We understand that the CIA has completed processing of all remaining records, and today will release to, or withhold from, Plaintiffs all of those documents that it has not referred to another agency. The Government expects to release or withhold all currently outstanding referrals by early February 2014, and Plaintiffs consent to that timeframe.

Second, with regard to attorneys' fees, Plaintiffs provided a proposal to the Government on July 24, 2013. This week, the parties agreed to a schedule regarding the resolution of that proposal, which provides that no later than Friday, March 7, 2014, the parties will submit to the Court either a stipulation of settlement or a briefing proposal for any disputed issues that remain; to that end, the Government will make its best efforts to provide a response to Plaintiffs' proposal by the end of January, 2014.

GIBBONS P.C.

Honorable Alvin K. Hellerstein
December 6, 2013
Page 2

      Third, during our last status conference with the Court, we indicated that the parties would discuss a briefing schedule regarding the Government's continued withholding of photographs depicting the abuse of detainees; the Plaintiffs contend, as the Court will recall, that given the passage of time, and the resulting changed circumstances, the new Certification of the Secretary of Defense filed November 9, 2012, is no longer sufficiently detailed to justify precluding release of the photos. Specifically, Plaintiffs contend that when, over three years ago, the Court allowed the government to withhold those photographs based upon the Certification then in effect, it did so based in significant part on the context of the passage of the Protected National Security Documents Act of 2009 ("PNSDA"). The Court understood that statute's enactment to reflect the view of the President and Congress that releasing the photographs at that time would endanger the national security. *See* Transcript of Argument held July 20, 2011, p. 15 (Court noting the relevance of then-existing conditions). Plaintiffs seek the usual Vaughn index including sufficient detail to satisfy the requirements of FOIA. The Government contends that the Court's order of July 21, 2011 conclusively determined that the photographs are exempt from disclosure under FOIA, that the Department of Defense is not required to provide Vaughn indexes due to the categorical nature of its withholdings of the photographs, and that no consideration of any change in circumstances due to the passage of time is necessary or appropriate under the plain language of Section 565 of the Department of Homeland Security Appropriations Act of 2009, Pub. L. No. 111-83, 123 Stat. 2142. *See* Order dated July 21, 2011 (Dkt. N. 469); *see also* Transcript of Argument held July 20, 2011 p. 38 (holding that the photographs are properly withheld and noting that "[m]y job as a judge is to follow and not arrogate my own thinking and policy considerations and derogations of the Legislative and Executive branches, which, after all, have the job of making laws that I have to implement and that pertain to the national defense"). Accordingly, it is the Government's position that while Plaintiffs may wish to appeal with regard to this issue, no further briefing is necessary in the District Court because, among other things, Plaintiffs' argument fails under the law of the case. The parties do not, therefore, agree, but have arrived at a joint proposal for briefing the issue, as follows, if the Court desires further briefing (as Plaintiffs believe is appropriate): Plaintiffs will file their brief regarding the withheld photographs by January 14, 2014; the Government will file any opposition and any cross-motion by February 11, 2014; Plaintiffs will file their reply and opposition to the Government's cross-motion by March 4, 2014; and the Government will reply no later than March 18, 2014, after which the Court can schedule oral argument if it wishes.

      We hope that the schedules listed above are satisfactory to the Court and thank Your Honor, as always, for your kind consideration of this matter. Of course, if the Court has any questions regarding this matter, please do not hesitate to contact any of us.

GIBBONS P.C.

Honorable Alvin K. Hellerstein
December 6, 2013
Page 3

      We hope that the schedules listed above are satisfactory to the Court and thank Your Honor, as always, for your kind consideration of this matter. Of course, if the Court has any questions regarding this matter, please do not hesitate to contact any of us.

                                                Respectfully submitted,

                                                Lawrence S. Lustberg

cc:      Amy A. Barcelo, Assistant U.S. Attorney (via email)
           Tara LaMorte, Assistant U.S. Attorney (via email)
           Alexander A. Abdo, Esq. (via email)
           Jameel Jaffer, Esq. (via email)