UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
:
AMERICAN CIVIL LIBERTIES UNION et al,   :   **ORDER CLARIFYING**
:   **INSTRUCTIONS FOR**
:   **DEFENDANTS'**
Plaintiffs,                              :   **SUBMISSIONS**
:
-against-                                :   04 Civ. 4151 (AKH)
:
DEPARTMENT OF DEFENSE et al,            :
:
Defendants.                              :
:
------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On February 4, 2015, I heard argument regarding the sufficiency of the Government's most recent submissions in support of Secretary Panetta's November 9, 2012 Certification under the Protected National Security Documents Act ("PNSDA"). I found that the Certification remained deficient, and I instructed the Government on what was required to bring the Certification into compliance. On February 11, 2015, counsel for the Government submitted a letter requesting clarification of my instructions.

        In my August 27, 2014 Order denying the Government's motion for summary judgment, I explained that, although the PNSDA does not prevent the Secretary "from issuing one certification to cover more than one photograph[]," it "requires that the Secretary of Defense consider each photograph individually, not collectively." Doc. No. 513, at 18-19. Subsequently, at the October 21, 2014 status conference, I ordered that "the Government must prove [its burden], item by item . . . [and] document by document." Doc. No. 526, at 12-13. I also said, "[y]our burden is to be specific, photograph by photograph." *Id.*

1

The Government's subsequent submissions did not satisfy these criteria. It submitted a declaration by an Associate Deputy General Counsel in the Department of the Army, who purportedly reviewed all of the photographs and compiled three "samples," totaling 15-30 photographs, for senior commanders to review. According to the declaration, the commanders each recommended renewing the certification based on these samples.

The declaration did not indicate the criteria used to categorize the pictures or to select the samples from each category. It did not indicate how many pictures fell into each category, so there was no way to determine what proportion of the pictures the commanders had reviewed. It also did not indicate whether the Secretary himself had reviewed any of the pictures, let alone all of them. For those reasons and others stated on the record at the February 4, 2015 hearing, I held that the *en grosse* certification was not sufficient and I reiterated that "the certification has to be individual; if not on the type required by [a Vaughn] index, something resembling it." Tr. of Feb. 4, 2015 Oral Argument, at 7-10.

Congress provided that a "photograph" (using the singular) could be excused from production if the Secretary of Defense certifies that disclosure "of the photograph" (again, the singular) "would endanger citizens of the United States, members of the United States Armed Forces, or employees of the United States Government deployed outside the United States." PNSDA § (d). While I did not hold that there could be no delegation, the Secretary is required, at a minimum, to explain the terms of his delegation so it is the Secretary, and not any subordinate, who takes responsibility for his knowing and good faith Certification that release of a particular photograph would result in the harm envisioned. In order to make such a Certification, the Secretary must demonstrate knowledge of the contents of the individual photographs rather than mere knowledge of his commanders' conclusions. He may obtain such knowledge either by

2

reviewing the photographs personally or having others describe their contents to him, but he may not rely on general descriptions of the "set" or "representative samples," as such aggregation is antithetical to individualized review without precise criteria for sampling.

Further, the Certification must make the Secretary's factual basis for concluding that disclosure would endanger U.S. citizens, Armed Forces, or government employees clear to the Court. Without such a record, judicial review is impossible, and judicial review is fundamental to FOIA and the APA. *See Bowen v. Mich. Academy of Family Physicians*, 476 U.S. 667 (1986). A Vaughn index would satisfy this requirement, but there may be other ways for the Government to meet its burden as well. At minimum, the submission must describe the categories of objectionable content contained in the photographs, identify how many photographs fit into each category, and specify the type of harm that would result from disclosing such content. As before, these submissions may be filed under seal or exhibited to the Court *in camera.*

The Government will have one more opportunity to satisfy these criteria. If, by March 17, 2015, proper certifications are not filed, judgment against the Government will be filed.

SO ORDERED.

Dated: New York, New York
February 17, 2015

ALVIN K. HELLERSTEIN
United States District Judge

3