UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
AMERICAN CIVIL LIBERTIES UNION et al, : **ORDER GRANTING**
: **JUDGMENT FOR PLAINTIFF**
:
Plaintiffs, : 04 Civ. 4151 (AKH)
:
-against- :
:
DEPARTMENT OF DEFENSE et al, :
:
Defendants. :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 4, 2015, I heard argument regarding the sufficiency of the Government's most recent submissions in support of Secretary Panetta's November 9, 2012 Certification under the Protected National Security Documents Act ("PNSDA"). I found that the Certification remained deficient because it was not sufficiently individualized and it did not establish the Secretary's own basis for concluding that disclosure would endanger Americans. I instructed the Government on what was required to bring the Certification into compliance at the February 4th hearing. In my February 18, 2015 order, I clarified those instructions and warned that judgment would be entered against the Government if it did not bring the Certification into compliance by March 17, 2015.

In a March 17, 2015 letter to the Court, the Government declined to file any further submissions in response to the February 18th Order. The Government's refusal to issue individual certifications means that the 2012 Certification remains invalid and therefore cannot exempt the Government from responding to Plaintiff's FOIA requests. Accordingly, judgment is hereby entered in favor of Plaintiff. The Government is required to disclose each and all the

1

photographs responsive to Plaintiff's FOIA request, unless it moves promptly to cure its failure to submit an individualized certification. *See Am. Civil Liberties Union v. Dep't of Defense*, No. 40 F.Supp.3d 377, 388 (S.D.N.Y. Aug. 27, 2014) ("The statute provides that the Secretary of Defense shall issue a certification '[f]or any photograph' if the 'disclosure of that photograph' would meet certain criteria. . . . This plain language refers to the photographs individually—"*that photograph*"—and therefore requires that the Secretary of Defense consider each photograph individually, not collectively.") (citing PNSDA § (d) (1)) (emphasis added).

In its letter, the Government requests that this order be stayed on two grounds. First, it proposes that staying the order until the conclusion of the 2015 recertification process would promote judicial economy, as it could render the appeal of the 2012 Certification moot. However, I have already found that the 2012 Certification is inadequate and, having declined to follow my instructions for bringing the 2012 Certification into compliance, the Government gives the Court no reason to believe that the 2015 Certification would fare better. Second, the Government proposes a 60-day stay so that the Solicitor General may make a determination regarding appeal. *See* Fed. R. App. P. 4(a)(1)(B). The order is hereby stayed for 60 days, even though the Government has had ample time to evaluate its legal position and the desirability of an appeal. The Government has known since August 27, 2014 that I considered a general, *en grosse* certification inadequate. Certainly, that has been clear since the hearing on February 4, 2015. I commented on February 4th that it appeared the Government's conduct reflected a "sophisticated ability to obtain a very substantial delay," tending to defeat FOIA's purpose of prompt disclosure. Tr. of Feb. 4, 2015 Hearing at 23:2-4. Accordingly, any subsequent stays must be issued by the Court of Appeals.

2

The parties shall settle the terms of judgment. Plaintiff shall serve its proposal on the Government by March 25, 2014, and then a composite form can be submitted to me by noon on March 27, 2015, showing whatever differences there may be in a single document.

SO ORDERED.

Dated: New York, New York
March 20, 2015

ALVIN K. HELLERSTEIN
United States District Judge