JACOBS, *Circuit Judge*, concurring:

I subscribe without reservation to the opinion of the Court. But one thought may usefully be emphasized.

The Pentagon undertook ramified labors to satisfy the district judge that, given the PNSDA, the relevant photographs could properly be withheld from disclosure under FOIA Exemption 3. Our holding is that those labors were sufficient as a matter of law to justify the nondisclosure; our holding is not that all (or most, or any) of those labors were required.

The PNSDA reads as categorical: "Notwithstanding any other provision of the law to the contrary, no protected document . . . shall be subject to disclosure under [FOIA] or any proceeding under [FOIA]." PNSDA § 565(b). The statute defines "protected document" as any photograph (1) taken between September 11, 2001 and January 22, 2009; (2) related to the treatment of individuals engaged, captured, or detained by the U.S. military abroad; and (3) certified by the Secretary of Defense to be dangerous to our overseas military and civilian personnel if viewed by our enemies. Id. § 565(c). It is undisputed that the time-period and subject-matter requirements have been satisfied here. So, it may possibly be that

1

all the statute requires to protect American lives is for the Secretary of Defense to issue a certification, and that judicial review may be limited to whether the certification was authentic. In any event, there may have been no need for the U.S. military apparatus to mobilize as it did, and for the Secretary of Defense to be preoccupied as he was.

This is not an idle point. Another triennial recertification is soon due, and the Department of Defense may have other priorities at least equally as compelling.